**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (State Bar No. 295032)
Brittany S. Scott (State Bar No. 327132)
166 Geary Street, Ste. 1500-1507
Telephone: (415) 839-7000
Facsimile: (888) 410-0415
Email: yeremey@skclassactions.com
        brittany@skclassactions.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAIR AWAD and KEVIN SMITH, on behalf of themselves and all others similarly situated, | CASE NO.: 3:24-cv-06834-JD |
| Plaintiffs, | **FIRST AMENDED CLASS ACTION COMPLAINT** |
| v. | 1. Violation of California False Advertising Law |
| TRADER JOE'S COMPANY, | 2. Violation of California Unfair Competition Law |
| Defendant. | 3. Violation of California Consumers Legal Remedies Act |
| | 4. Breach of Express Warranty (Cal. Com. Code § 2313) |
| | 5. Breach of Implied Warranty (Cal. Com. Code § 2314) |
| | 6. Intentional Misrepresentation |
| | 7. Violation of New York General Business Law § 349 |
| | 8. Violation of New York General Business Law § 350 |
| | **DEMAND FOR JURY TRIAL** |

Plaintiffs Clair Awad and Plaintiff Kevin Smith ("Plaintiffs"), on behalf of themselves and all others similarly situated, bring this class action against Defendant Trader Joe's Company ("Trader Joe's" or "Defendant"), based on Trader Joe's' false and deceptive advertising and labeling of its Avocado Oil Products. Plaintiffs make the following allegations based on the investigation of their counsel, and on information and belief, except as to allegations pertaining to Plaintiffs individually, which are based on personal knowledge.

## INTRODUCTION

1.    During the statute of limitations period, Trader Joe's has marketed, labeled, advertised, and sold its Avocado Oil (the "Class Products") to consumers with packaging that has prominently represented that it is avocado oil.

2.    The packaging of the Class Products unequivocally states that the oil is "Avocado Oil" (the "*Avocado Oil Representation*").

3.    Reasonable consumers believe, based on the *Avocado Oil Representation*, that the Class Products are only avocado oil and do not contain any other oils. However, unbeknownst to consumers, the Class Products are adulterated with other oils.

4.    Plaintiffs seek relief in this action individually, and on behalf of all other similarly situated individuals who purchased the falsely and deceptively labeled Class Products during the statute of limitations period, for violations of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*, California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*, New York's Consumer Protection Act (N.Y. Gen. Bus. Law §3490, and New York's False Advertising Law (N.Y. Gen. Bus. Law § 350), breach of express and implied warranty (Cal. Com. Code §§ 2313-2314), and intentional misrepresentation (*i.e.*, common law fraud).

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000, and there is diversity of citizenship between some members of the proposed Classes and Trader Joe's.

6.      This Court has personal jurisdiction over Trader Joe's because its principal place of business is in Monrovia, California, and it conducts substantial business within California, including the promotion, marketing, and sale of the Class Products in this State (including in this District) to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Specifically, Plaintiff Smith purchased the Class Product in this District.

### **PLAINTIFFS**

8.      Plaintiff Kevin Smith is a citizen and resident of the United States and the State of California. He currently resides in Oakland, California.

9.      In September 2024, Plaintiff Smith purchased a bottle of Trader Joe's' Avocado Oil at Trader Joe's in Oakland, California. Plaintiff Smith saw and relied on the *Avocado Oil Representation* in making his purchase. Plaintiff Smith reasonably believed, based on the *Avocado Oil Representation*, that he was purchasing a product containing only avocado oil, and this belief was a fundamental part of his decision to purchase the Class Product. Had Plaintiff Smith known that the Class Product was adulterated avocado oil, he would not have purchased it, or he would have paid less for it. Thus, Plaintiff Smith has suffered injury in fact and lost money as a result of Trader Joe's' misleading, false, unfair, and deceptive practices, as alleged herein.

10.      Plaintiff Smith will be unable to rely on the Class Products' *Avocado Oil Representation* in the future as he will be unable to determine the true contents absent scientific testing, and so will be unable to purchase the Class Products in the future, although he would like to. However, Plaintiff Smith remains interested in purchasing avocado oil products that contain only avocado oil, intends on purchasing them in the future, and would consider purchasing Defendant's Class Products in the future if Defendant ensured that the *Avocado Oil Representation* was accurate and truthful.

11.      Plaintiff Clair Awad is a citizen and resident of the United States and the State of New York. She currently resides in Bellmore, New York.

12.    In late summer of 2024, Plaintiff Awad purchased a bottle of Trader Joe's' Avocado Oil at Trader Joe's near her home in New York. Plaintiff Awad saw and relied on the *Avocado Oil Representation* in making her purchase. Plaintiff Awad reasonably believed, based on the *Avocado Oil Representation*, that she was purchasing a product containing only avocado oil, and this belief was a fundamental part of her decision to purchase the Class Product. Had Plaintiff Awad known that the Class Product was adulterated avocado oil, she would not have purchased it, or she would have paid less for it. Thus, Plaintiff Awad has suffered injury in fact and lost money as a result of Trader Joe's' misleading, false, unfair, and deceptive practices, as alleged herein.

13.    Plaintiff Awad will be unable to rely on the Class Products' *Avocado Oil Representation* in the future as she will be unable to determine the true contents absent scientific testing, and so will be unable to purchase the Class Products in the future, although she would like to. However, Plaintiff Awad remains interested in purchasing avocado oil products that contain only avocado oil, intends on purchasing them in the future, and would consider purchasing Defendant's Class Products in the future if Defendant ensured that the *Avocado Oil Representation* was accurate and truthful.

14.    As a result of Trader Joe's' unlawful business practices, and the harm caused to Plaintiffs and Class members, Trader Joe's should be required to pay for all damages and/or restitution. Monetary compensation alone is insufficient to remedy the ongoing harm that is being caused to Plaintiffs, and Class members, who are unaware of Trader Joe's' deceptive conduct and will continue purchasing the Class Products, reasonably but incorrectly believing that they are purchasing only avocado oil. As such, injunctive relief requiring Trader Joe's to cease its false and deceptive labeling practices with respect to the Class Products is necessary and appropriate.

## **DEFENDANT**

15.    Trader Joe's is a California corporation with its headquarters and principal place of business in Monrovia, California. Trader Joe's is a privately held "national chain of neighborhood grocery stores" in the United States.[1] Trader Joe's is well-known for selling products under its own

---

[1] https://www.traderjoes.com/home/about-us

private labels, prioritizing "buy[ing] direct from suppliers" and selling the products "in the Trader Joe's label."[2] Indeed, Trader Joe's maintains that they "buy products [they] think are winners[,]" and that "[e]ach product passes certain criteria in order to earn its way onto our shelves – including a rigorous tasting panel."[3] Trader Joe's knows that consumers care about, and rely on, the claims that it makes about the ingredients in its products. Specifically, Trader Joe's has addressed customer concerns about adulteration of olive oils in its online FAQ:

> "**How do you know your olive oil is really olive oil (and not adulterated with other vegetable oils)?** Our olive oils are just that: olive oils. In addition to the various tests and certificates our suppliers provide, we also have our olive oils tested by independent third-party labs. Please be assured, what it says on the label is what's in the bottle."[4]

16.    As of August 20, 2024, Trader Joe's operates 202 stores in California.[5]

17.    Trader Joe's has labeled, advertised, distributed, and sold the Class Products for sale at its locations in California during the statute of limitations period under its private label brand.

18.    On information and belief, Trader Joe's maintains no corporate offices outside of California. Thus, all of the unlawful conduct alleged herein—including, *inter alia*, the marketing, packaging, and advertising of the Class Products, and the decision making as to sourcing for the Class Products—emanated from California.

19.    Based on these facts, extraterritorial application of California laws to the Class is appropriate. *See*, *e.g.*, *Wershba v. Apple Computer, Inc.*, 110 Cal. Rptr. 2d 145, 159 (2001) (certifying nationwide class based on violation of Cal. Bus. & Prof. Code § 17500 because the defendant was a "California corporation" and the brochures containing the purported misrepresentations "were prepared in and distributed from California."); *In re iPhone 4S Consumer Litig.*, No. 12-cv-1127-CW, 2013 WL 3829653, *7 (N.D. Cal. July 23, 2013) (holding California consumer protection law applied to non-residents where wrongful conduct originated from

---

[2] *Id*.

[3] https://www.traderjoes.com/home/FAQ/general-faqs

[4] https://www.traderjoes.com/home/FAQ/product-faqs

[5] https://www.scrapehero.com/location-reports/Trader%20Joes-USA/

California); *Wang v. OCZ Tech. Grp., Inc.*, 276 F.R.D. 618, 630 (N.D. Cal. 2011) (holding that California law could apply to a nationwide class because "[t]he facts alleged are that the misleading marketing, advertising, and product information are 'conceived, reviewed, approved, or otherwise controlled from [the defendant's] headquarters in California.'").

20.    Alternatively, the Court can and should address choice-of-law issues at the class certification stage. *See, e.g.*, *Donohue v. Apple, Inc.*, 871 F.Supp.2d 913, 922 (N.D. Cal. 2012) (issues regarding the assertion of nationwide class claims "boil down to questions of whether common issues predominate and whether plaintiff can adequately represent absent class members, issues that are better resolved at the class certification stage.").

## FACTUAL ALLEGATIONS

**A.    The *Avocado Oil Representation* is False and Deceptive**

21.    The Class Products consist of Trader Joe's brand Avocado Oil.  The Class Products are generally sold in 16.9 fluid ounce bottles.  The *Avocado Oil Representation* is prominently displayed on the front label in the same manner on all Class Products, as depicted in the following representative images:



FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:24-cv-06834-JD

22.     As can be seen from the above images, the *Avocado Oil Representation* conveys the unequivocal message that the Class Products are "Avocado Oil," meaning that the bottle contains only avocado oil.

23.     Moreover, the front label depicts an avocado cut open, adding to the effect of the representation.

24.     This message is further reinforced by the ingredient list on the Class Products' back label, which lists "avocado oil" as the only ingredient.

INGREDIENTS: AVOCADO OIL.
DIST. & SOLD EXCLUSIVELY BY:
TRADER JOE'S
MONROVIA, CA 91016

25.     Trader Joe's does not disclose anywhere that the Class Products are adulterated with other oils. Thus, consumers reasonably believe the Class Products, as represented in the *Avocado Oil Representation*, contain only avocado oil.

**B.     The *Avocado Oil Representation* is Material**

26.     The *Avocado Oil Representation* is material—i.e., it is important to consumers with respect to their decision to purchase the Class Products.

27.     Avocado oil is well-known to be one of the healthiest cooking oils. For example, studies have indicated that compounds in avocado oil may help protect the liver, lower blood pressure, LDL cholesterol, as well as reduce osteoarthritis-related joint pain, post-meal blood sugar, and total cholesterol levels.[6] It is also high in monounsaturated fat, which is considered more heart healthy than saturated fat while being slightly more stable than the polyunsaturated fats typically found in vegetable oils.[7] Avocado oil is also a high demand cooking oil because it has the highest smoke point of all plant-based cooking oils.[8] Each of these qualities, among others, motivate

---

[6] https://www.healthline.com/nutrition/9-avocado-oil-benefits#TOC_TITLE_HDR_4 (last visited on February 20, 2024).

[7] https://www.masterclass.com/articles/what-is-avocado-oil-a-guide-to-cooking-with-avocado-oil (last visited on February 20, 2024).

[8] *Id.*

consumers to pay a premium price for avocado oil as compared to other cooking oils like canola, peanut, safflower, soybean, sunflower, and others.

28.     Regardless of whether consumers believe avocado oil is superior to other oils or possesses the aforementioned qualities, the issue of whether the Avocado oil is adulterated with other oils is material to reasonable consumers. Consumers of the Class Products reasonably expect to know what type of oil they are consuming.

29.     Consumers purchased, and continue to purchase, the Class Products in part because the *Avocado Oil Representation* conveys the unequivocal message that it contains only avocado oil. Plaintiffs and Class members would have paid less for the Class Products, or would not have purchased them at all, if not for the *Avocado Oil Representation*. Therefore, Plaintiffs and Class members have suffered a financial injury in the form of paying a price premium that the Class Products command in the market as a result of Trader Joe's' representations that the Class Products are only avocado oil.

**C.     Background on Fatty Acids and Standards of Identity**

30.     Fatty acids are lipids that are present in oils and fats, including cooking oils like avocado, canola, safflower, and sunflower oils.

31.     Fatty acids are the chemical building blocks of fats. Each type of cooking oil contains certain proportions of the various fatty acids. These proportions are expressed in the form of ranges, effectively creating a "fingerprint" identity of reference ranges unique to the oil.

32.     While samples of the same type of oil may have different precise proportions of a given fatty acid, and samples of different types of oils may have the same proportion of a given fatty acid, the "fingerprint" contains reference ranges for all fatty acids and provides a standard within which ***all authentic samples of a specific oil*** will fit.

33.     This unique "fingerprint" is codified by the Food and Agriculture Organization of the United Nations ("FAO") in the Codex Alimentarius[9] ("Codex"), which is a collection of internationally recognized standards, codes, and guidelines related to food production, labeling, and

---

[9] Literally, "Food Code" in Latin.

safety. In addition to providing standards and guidelines for industry, Codex codifies the "fingerprints" of various fatty acid profiles which is used as the standard of identity for the corresponding oil.

34.    From the FAO webpage: "The Codex Alimentarius is a collection of internationally adopted food standards and related texts presented in a uniform manner. These food standards and related texts aim at protecting consumers' health and ensuring fair practices in the food trade. The publication of the Codex Alimentarius is intended to guide and promote the elaboration and establishment of definitions and requirements for foods to assist in their harmonization and in doing so to facilitate international trade."[10]

35.    Standards for foods are proposed, evaluated, and adopted at meetings of the Codex Alimentarius Commission ("CAC"). The CAC is made up of 189 members representing 188 countries and the European Union. The working committee of the CAC tasked with developing the standards for Avocado Oil was chaired by Mexico and co-chaired by the United States of America.[11]

36.    The working committee's purpose was to "define a 100% authentic and or pure avocado oil, while promoting an inclusive proposal that considers the characteristics of avocado oil produced in the various regions of the world." The working group aimed to address "the problem of adulteration that is intended to be avoided as much as possible."[12]

37.    The standards developed by the CAC are used to ensure that consumers receive "a safe, wholesome food product free from adulteration, correctly labelled and presented."[13]

38.    The 47th Session of the Codex Alimentarius Commission ("CAC47") was held in Geneva, Switzerland from November 25 through November 30, 2024. During CAC47, the CAC

---

[10] Codex Alimentarius, *About Codex Alimentarius*, FAO/WHO, https://www.fao.org/fao-who-codexalimentarius/about-codex/en/ (last visited on Feb. 26, 2025).

[11] https://www.fao.org/fao-who-codexalimentarius/sh-proxy/en/?lnk=1&url=https%253A%252F%252Fworkspace.fao.org%252Fsites%252Fcodex%252FMeetings%252FCX-709-28%252FWorking%2BDocuments%252Ffo28_04e.pdf

[12] *Id*.

[13] *Id*.

1  evaluated and voted to adopt a standard of identity for avocado oil. This standard was unanimously

2  adopted at the close of CAC47, on November 30, 2024.

3      39.    CAC47 specifically undertook the task of establishing and adopting a standard for

4  avocado oil because "recent growth in demand for healthier food products globally has seen a high

5  value market develop for avocado oil. International agreement on the criteria included in the

6  standard will help protect consumer health, facilitate trade, and provide a basis for determining the

7  authenticity of the product."[14]

8  **D.    The Class Products are Not Only Avocado Oil**

9      40.    Plaintiff's counsel commissioned independent laboratory testing of multiple samples

10 of the Class Products.

11     41.    The third-party laboratory analyzed the fatty acid profiles of multiple samples of the

12 Class Products.  The fatty acid profiles were then compared to fatty acid "fingerprints" of avocado

13 oil.

14     42.    This laboratory testing revealed that the fatty acid profile of the Class Products does

15 not match the "fingerprint" corresponding to avocado oil. Accordingly, the laboratory testing

16 revealed that the Class Products are not only avocado oil, contrary to the *Avocado Oil*

17 *Representation*.

18 **E.    Recent Reporting Further Confirms that the Class Products are Adulterated**

19     43.    A group of scientists at the University of California at Davis ("UC Davis") recently

20 conducted a study testing the content of a variety of avocado oils sold in retail stores.

21     44.    On August 27, 2024, The Washington Post, relying on the UC Davis study, reported

22 that "adulteration is rampant in the avocado oil industry, and many people are being misled by some

23 of the nation's largest retail chains."[15]

24

25 [14] FAO, *FAO-WHO Codex Alimentarius Commission adopts new standards*, FAO Newsroom,

26 https://www.fao.org/newsroom/detail/fao-who-codex-alimentarius-commission-adopts-new-
   standards-47session/en (last visited on Feb. 26, 2025).

27 [15] Anahad O'Connor and Aaron Steckleberg, *Why your avocado oil may be fake and contain other*

28 *cheap oils*, The Washington Post,

45.     The article discussed, in detail, the findings of the UC Davis study. The UC Davis study was published in *Food Control*, an official peer reviewed scientific journal of the European Federation of Food Science and Technology and the Internation Union of Food Science and Technology.[16, 17]

46.     The UC Davis researchers found that nearly two-thirds of the 36 bottles they tested were adulterated.[18]

47.     The UC Davis testing reported in the *Washington Post* article revealed that many oils labeled and sold as avocado oil actually contained low value oils such as sunflower, safflower, canola, and soybean oils, among "other oils that could not be identified[,]" since "[t]hese oils look similar to refined avocado oil but are cheaper to make."[19]

48.     The authors of the article requested comment from the U.S. Food and Drug Administration ("FDA") in response to their findings. The FDA responded that "high value oils" such as avocado oil "are potential targets for economically motivated adulteration." "Economically motivated adulteration" (also known as "food fraud") occurs when someone "adds a substance to a food to make it appear better or of greater value," like "when manufacturers add a cheaper [oil] to an expensive [oil]" but sell the product as only the expensive oil.[20]

49.     While the UC Davis study (as originally published) did not reveal the brands and companies associated with the problematic oils, the researchers ***did*** provide this information to The Washington Post for inclusion in the August 27, 2024 article discussing the study. Among other

---

https://www.washingtonpost.com/wellness/2024/08/27/avocado-oil-adulteration-tests/ (last visited Aug. 30, 2024).

[16] Hilary S. Green and Selina C. Wang, *First report on quality and purity evaluations of avocado oil sold in the US*, 116 Food Control 107328 (Oct. 2020).

[17] Hilary S. Green and Selina C. Wang, *Purity and quality of private labelled avocado oil*, 152 Food Control 109837 (Oct. 2023).

[18] *Id.*

[19] *Id.*

[20] https://www.fda.gov/food/compliance-enforcement-food/economically-motivated-adulteration-food-fraud

tainted products from various brands, the study found that the Trader Joe's Class Products are adulterated with "high oleic sunflower or safflower oil[.]"[21]

## CLASS ACTION ALLEGATIONS

50.    Plaintiffs bring this class action pursuant to Fed. R. Civ. P. 23, and all other applicable laws and rules, individually, and on behalf of all members of the following Classes:

**Nationwide Class**

All natural persons who purchased at least one of the Class Products in the United States within the applicable statute of limitations period.

**California Subclass**

All natural persons who purchased at least one of the Class Products in the State of California within the applicable statute of limitations period.

**New York Subclass**

All natural persons who purchased at least one of the Class Products in the State of New York within the applicable statute of limitations period.

51.    Excluded from the Classes are the following individuals and/or entities: Trader Joe's and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Trader Joe's has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

52.    Plaintiffs reserve the right to modify or amend the definition of the proposed Classes and/or add subclasses before the Court determines whether class certification is appropriate.

53.    Plaintiffs are members of the nationwide class. Plaintiff Smith is a member of the California Subclass and Plaintiff Award is a member of the New York Subclass

54.    <u>Numerosity</u>: The proposed Classes are so numerous that joinder of all members would be impractical. The Class Products are sold throughout the United States and the State of California. The number of individuals who purchased Class Product during the relevant time period is at least in the hundreds. Accordingly, Class members are so numerous that their individual joinder

---

[21] O'Connor and Steckleberg, *Why your avocado oil may be fake*, *supra.*

herein is impractical. While the precise number of Class members and their identities are unknown to Plaintiffs at this time, these Class members are identifiable and ascertainable.

55.     <u>Common Questions Predominate:</u> There are questions of law and fact common to the proposed Classes that will drive the resolution of this action and will predominate over questions affecting only individual Class members. These questions include, but are not limited to, the following:

a.   Whether Trader Joe's misrepresented material facts and/or failed to disclose material facts in connection with the packaging, marketing, distribution, and sale of the Class Products;

b.   Whether Trader Joe's' use of the challenged packaging, i.e., the *Avocado Oil Representation*, constituted false or deceptive advertising;

c.   Whether Trader Joe's engaged in unfair, unlawful and/or fraudulent business practices;

d.   Whether Trader Joe's' unlawful conduct, as alleged herein, was intentional and knowing;

e.   Whether Plaintiffs and the Classes are entitled to damages and/or restitution, and if so, in what amount;

f.   Whether Plaintiffs and the Classes are entitled to an injunctive relief;

g.   Whether Plaintiffs and the Classes are entitled to punitive damages, and if so, in what amount; and

h.   Whether Plaintiffs and the Classes are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

56.     Trader Joe's has engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by Plaintiffs on behalf of the proposed Classes. Similar or identical statutory and common law violations, business practices, and injuries are involved. The injuries sustained by members of the proposed Classes flow, in each instance, from a common nucleus of operative fact, namely, Trader Joe's' deceptive packaging and advertising of the Class Products. Each instance of harm suffered by Plaintiffs and Class members has directly

resulted from a single course of unlawful conduct. Each Class member has been exposed to the same deceptive practice, as the packaging of Class Products: (a) bears the same material *Avocado Oil Representation*, and (b) the Class Products do not meet this representation of fact. Therefore, individual questions, if any, pale in comparison to the numerous common questions presented in this action.

57.     Superiority: Because of the relatively small damages at issue for each individual Class member, no Class member could afford to seek legal redress on an individual basis. Furthermore, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. A class action is superior to any alternative means of prosecution.

58.     Typicality: The representative Plaintiffs' claims are typical of those of the proposed Classes, as all members of the proposed Classes are similarly affected by Trader Joe's' uniform unlawful conduct as alleged herein.

59.     Adequacy: Plaintiffs will fairly and adequately protect the interests of the proposed Classes as their interests do not conflict with the interests of the members of the proposed Classes they seek to represent, and they have retained counsel competent and experienced in similar class action litigation. The interests of the members of the Classes will be fairly and adequately protected by the Plaintiffs and their counsel.

60.     Trader Joe's has also acted, or failed to act, on grounds generally applicable to Plaintiffs and the proposed Classes, supporting the imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

**FIRST CLAIM FOR RELIEF**
**Violation of California's False Advertising Law**
**California Business & Professions Code § 17500, *et seq***
**(*For the Nationwide Class and California Subclass*)**

61.     Plaintiff Smith hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

62.     Plaintiff Smith brings this claim individually and on behalf of the members of the

-13-

Nationwide Class and California Subclass against Trader Joe's pursuant to California's False Adverting Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*

63.    The FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

64.    Trader Joe's has represented and continues to represent to the public, including Plaintiff Smith and members of the Nationwide Class and California Subclass, through its deceptive packaging, that the Class Products are only avocado oil. Because Trader Joe's has disseminated misleading information regarding the Class Products, and Trader Joe's knows, knew, or should have known, through the exercise of reasonable care, that the *Avocado Oil Representation* is false and misleading, Trader Joe's has violated the FAL.

65.    As a result of Trader Joe's' false advertising, Trader Joe's has and continues to unlawfully obtain money from Plaintiff Smith and members of the Nationwide Class and California Subclass. Plaintiff Smith therefore requests that the Court cause Trader Joe's to restore this fraudulently obtained money to him and members of the Nationwide Class and California Subclass, to disgorge the profits Trader Joe's made on these transactions, and to enjoin Trader Joe's from violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff Smith and members of the Nationwide Class and California Subclass may be irreparably harmed and/or denied an effective and complete remedy.

66.    Plaintiff Smith and members of the Nationwide Class and California Subclass have no adequate remedy at law and are therefore entitled to restitution, disgorgement, and/or the imposition of a constructive trust to recover the amount of Defendant's ill-gotten gains, and/or other sums as may be just and equitable.

**SECOND CLAIM FOR RELIEF**
**Violation of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code § 17200, *et seq.***
(***For the Nationwide Class and California Subclass***)

67.     Plaintiff Smith hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

68.     Plaintiff Smith brings this claim individually and on behalf of the members of the Nationwide Class and California Subclass against Trader Joe's.

69.     The UCL, Cal. Bus. & Prof Code § 17200, provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ".

70.     Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law. Trader Joe's' false and misleading advertising of Class Products was and continues to be "unlawful" because it violates, *inter alia*, the CLRA and the FAL, as alleged herein. As a result of Trader Joe's' unlawful business acts and practices, Trader Joe's has unlawfully obtained money from Plaintiff Smith and members of the Nationwide Class and California Subclass.

71.     Under the UCL, a business act or practice is "unfair" if the Trader Joe's' conduct offends an established public policy, or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims. Trader Joe's' conduct was and continues to be of no benefit to purchasers of the Class Products, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the packaging. Deceiving consumers into believing the Class Products are only avocado oil, when they are not, is of no benefit to consumers. Therefore, Trader Joe's' conduct was and continues to be "unfair." As a result of Trader Joe's' unfair business acts and practices, Trader Joe's has and continues to unfairly obtain money from Plaintiff Smith and members of the Nationwide Class and California Subclass.

72.     Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public. Trader Joe's' conduct was and continues to be fraudulent because it has the effect of deceiving consumers into believing Class Products are only

avocado oil. Because Trader Joe's misled Plaintiff Smith and members of the Nationwide Class and California Subclass, Trader Joe's' conduct was "fraudulent." As a result of Trader Joe's' fraudulent business acts and practices, Trader Joe's has and continues to fraudulently obtain money from Plaintiff Smith and members of the Nationwide Class and California Subclass.

73.     Plaintiff Smith requests that the Court cause Trader Joe's to restore this unlawfully, unfairly, and fraudulently obtained money to him, and members of the Nationwide Class and California Subclass, to disgorge the profits Trader Joe's made on these transactions, and to enjoin Trader Joe's from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff Smith and members of the Nationwide Class and California Subclass may be irreparably harmed and/or denied an effective and complete remedy.

74.     Plaintiff Smith and members of the Nationwide Class and California Subclass have no adequate remedy at law and are therefore entitled to restitution, disgorgement, and/or the imposition of a constructive trust to recover the amount of Defendant's ill-gotten gains, and/or other sums as may be just and equitable.

## THIRD CLAIM FOR RELIEF
### Violation of California's Consumers Legal Remedies Act
### California Civil Code § 1750, *et seq.*
### (*For the Nationwide Class and California Subclass*)

75.     Plaintiff Smith hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

76.     Plaintiff Smith brings this claim individually and on behalf of the members of the Nationwide Class and California Subclass against Trader Joe's pursuant to California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*

77.     The Class Products are a "good" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of the Class Product by Plaintiff Smith and members of the Nationwide Class and California Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

78.     Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have…" By marketing the Class Products with its current packaging, Trader Joe's has represented and

continues to represent that the Class Products have characteristics (i.e., they are only avocado oil) that they do not have. Therefore, Trader Joe's has violated section 1770(a)(5) of the CLRA.

79.    Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By marketing the Class Products with their current packaging, Trader Joe's has represented and continues to represent that the Class Products are of a particular standard, quality, or grade (i.e., they are only avocado oil) which they do not possess. Therefore, Trader Joe's has violated section 1770(a)(7) of the CLRA.

80.    Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By marketing the Class Products as only avocado oil, but not intending to sell Class Products as such (i.e., selling them with the knowledge that they are adulterated), Trader Joe's has violated section 1770(a)(9) of the CLRA.

81.    At all relevant times, Trader Joe's has known or reasonably should have known that its *Avocado Oil Representation* on the Class Product's packaging is false and deceptive, and that Plaintiff Smith and other members of the Nationwide Class and California Subclass would reasonably and justifiably rely on it when purchasing the Class Products. Nonetheless, Trader Joe's persisted in making the *Avocado Oil Representation* on the Class Products' labels to deceive consumers into believing they are buying and consuming only avocado oil.

82.    Plaintiff Smith and members of the Nationwide Class and California Subclass have justifiably relied on Trader Joe's' misleading *Avocado Oil Representation* when purchasing the Class Products. Moreover, based on the materiality of Trader Joe's' misleading and deceptive conduct, reliance may be presumed or inferred for Plaintiff Smith and members of the Nationwide Class and California Subclass.

83.    Plaintiff Smith and members of the Nationwide Class and California Subclass have suffered and continue to suffer injuries caused by Trader Joe's because they would have paid less for the Class Products, or would not have purchased them at all, had they known that the *Avocado Oil Representation* was false.

84.     Accordingly, Plaintiff Smith, on behalf of himself and all other members of the Classes, seeks damages and to enjoin the unlawful acts and practices described herein.

85.     On September 16, 2024, a CLRA demand letter was sent to Trader Joe's headquarters and registered agent. This letter provided notice of Trader Joe's violation of the CLRA, for Plaintiff Smith and the Classes, and demanded that Defendant correct the unlawful, unfair, false and/or deceptive practices alleged here.

**FOURTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**California Commercial Code § 2313**
**(*For all Classes*)**

86.     Plaintiffs hereby incorporate by reference and re-allege herein the allegations contained in all preceding paragraphs of this complaint.

87.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Classes against Trader Joe's.

88.     Trader Joe's has expressly warranted on the Class Products' packaging that they are only avocado oil through the *Avocado Oil Representation*.

89.     This representation about the Class Products is: (a) an affirmation of fact or promise made by Trader Joe's to consumers that Class Products are only avocado oil; (b) became part of the basis of the bargain to purchase the Class Products when Plaintiffs and other consumers relied on the representation; and (c) created an express warranty that the Class Products would conform to the affirmation of fact or promise. In the alternative, the representation about the Class Products is a description of goods which were made as part of the basis of the bargain to purchase the Class Products, and which created an express warranty that the Class Products would conform to the Class Products' description.

90.     Plaintiffs and members of the Classes reasonably and justifiably relied on the foregoing express warranties, believing that the Class Products did in fact conform to those warranties.

91.     Trader Joe's has breached the express warranties made to Plaintiffs and members of the proposed Classes by failing to produce the Class Products in accordance with the *Avocado Oil*

*Representation*, as expressly warranted on the packaging.

92.     Plaintiffs and members of the proposed Classes paid a premium price for the Class Products but did not obtain the full value of the Class Products as represented. If Plaintiffs and members of the proposed Classes had known of the true nature of the Class Products, they would not have been willing to pay the premium price charged in the market or would not have purchased them at all. As a result, Plaintiffs and members of the Classes suffered injury and deserve to recover all damages afforded under the law.

93.     On October 3, 2024, after Plaintiffs discovered that Trader Joe's did in fact breach the express warranty, Plaintiffs notified Trader Joe's of the breach.

**FIFTH CLAIM FOR RELIEF**
**Breach of Implied Warranty**
**California Commercial Code § 2314 (2)(f)**
**(*For all Classes*)**

94.     Plaintiffs hereby incorporate by reference and re-allege herein the allegations contained in all preceding paragraphs of this complaint.

95.     Plaintiff Smith brings this claim individually and on behalf of the members of the proposed Classes against Trader Joe's.

96.     California's implied warranty of merchantability statute provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Com. Code § 2314(1).

97.     California's implied warranty of merchantability statute also provides that "[g]oods to be merchantable must be at least such as . . . (f) [c]onform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2)(f).

98.     Trader Joe's is a merchant with respect to the sale of the Class Products. Therefore, a warranty of merchantability is implied in every contract for sale of the Class Products to California consumers.

99.     By advertising the Class Products with its current packaging, Trader Joe's made an implied promise that the Class Products are only avocado oil. The Class Products do not, however, "conform to the promises…made on the container or label" because they are not only avocado oil.

1    Plaintiffs, as well as consumers, did not receive the goods as impliedly warranted by Trader Joe's

2    to be merchantable.

3         100.    Therefore, the Class Products are not merchantable under California law and Trader

4    Joe's has breached its implied warranty of merchantability with respect to the Class Products.

5         101.    If Plaintiff Smith and members of the Classes had known that the Class Products

6    were not only avocado oil, they would not have been willing to pay the premium price associated

7    with them, or would not have purchased them at all. Therefore, as a direct and/or indirect result of

8    Trader Joe's' breach, Plaintiff and members of the Classes have suffered injury and deserve to

9    recover all damages afforded under the law.

10        102.    On October 3, 2024, after Plaintiff Smith discovered that Trader Joe's did in fact

11   breach the implied warranty, Plaintiff Smith notified Trader Joe's of the breach.

12                              **SIXTH CLAIM FOR RELIEF**
                               **Intentional Misrepresentation**
13                                    (***For all Classes***)

14        103.    Plaintiffs hereby incorporate by reference and re-allege herein the allegations

15   contained in all preceding paragraphs of this complaint.

16        104.    Plaintiffs bring this claim individually and on behalf of the members of the proposed

17   Classes against Trader Joe's.

18        105.    Trader Joe's marketed the Class Products in a manner indicating that they are only

19   avocado oil when they are not. Therefore, Trader Joe's has made misrepresentations about the Class

20   Products.

21        106.    The *Avocado Oil Representation* is material to a reasonable consumer because it

22   relates to the quality, safety, utility, and healthfulness of the Class Products. A reasonable consumer

23   attaches importance to such representations and is induced to act thereon in making purchasing

24   decisions with respect to oil that is consumed—i.e., oil that is used for cooking or consumed raw.

25        107.    At all relevant times, Trader Joe's knew that the *Avocado Oil Representation* was

26   misleading. Trader Joe's intends for Plaintiffs and other consumers to rely on the *Avocado Oil*

27   *Representation*, as evidenced by Trader Joe's intentionally and conspicuously placing it on the

28   packaging of the Class Products. In the alternative, Trader Joe's acted recklessly in making the

*Avocado Oil Representation* without regard to the truth.

108.    Plaintiffs and members of the proposed Classes have reasonably and justifiably relied on Trader Joe's' intentional misrepresentations (i.e., the *Avocado Oil Representation*) when purchasing the Class Products, and had the correct facts been known, would not have purchased them at the prices at which they were sold in the market, or would not have purchased them at all.

109.    Therefore, as a direct and proximate result of Trader Joe's' intentional misrepresentations, Plaintiffs and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Class Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

### SEVENTH CLAIM FOR RELIEF
### Violation of New York's Consumer Protection Act
### New York General Business Code § 349
### (*For the New York Subclass*)

110.    Plaintiff Awad hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

111.    This cause of action is brought pursuant to New York's Gen. Bus. Law § 349, *et seq*., on behalf of Plaintiff Awad and the New York Subclass who purchased the Class Products within the applicable statute of limitations.

112.    New York Gen. Bus. Law, § 349, *et seq.* prohibits the "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in th[e] state."

113.    Trader Joe's, in its advertising and packaging of the Class Products, made false, misleading, and deceptive representations and/or omissions about the content of the Class Products to mislead consumers into believing the Class Products were only avocado oil, when they are not.

114.    Trader Joe's' labeling and advertising of the Class Products led to, and continues to lead to, reasonable consumers, including Plaintiff Awad, believing that the Class Products contain only avocado oil.

115.    Trader Joe's used the *Avocado Oil Representation* with the intent to sell the Class Products to consumers, including Plaintiff Awad and the New York Subclass. The *Avocado Oil Representation* is false, and Trader Joe's knew or should have known of its falsity. The *Avocado*

*Oil Representation* is likely to deceive consumers into purchasing the Class Products because they are material to the average, ordinary, and reasonable consumer. Trader Joe's  knew consumers would purchase the Class Products and/or pay more for them under the false – but reasonable – belief that the Class Products were only avocado oil, when they are not. By advertising so prominently that the Class Products were only avocado oil, Trader Joe's proves that information about the contents of the Class Products is material to consumers. As a result of its deceptive acts and practices, Trader Joe's has sold thousands, if not millions, of Class Products to unsuspecting consumers across New York. If Trader Joe's had advertised its Class Products truthfully and in a non-misleading fashion, Plaintiff Awad and other New York Subclass Members would not have purchased it or would not have paid as much as they did for them.

116.    Plaintiff Awad and the New York Subclass reasonably and detrimentally relied on the material and false *Avocado Oil Representation* in that they purchased the Class Products.

117.    Plaintiff Awad has standing to pursue this claim because she has suffered an injury-in-fact and has lost money or property as a result of Trader Joe's' deceptive acts and practices. Specifically, Plaintiff Awad purchased the Class Product for her own personal use. In doing so, Plaintiff Awad relied upon Trader Joe's' false, misleading, and deceptive representations that the Class Product was only avocado oil, when it was not. Plaintiff Awad spent money in the transaction that she otherwise would not have spent had she known the truth about Trader Joe's' advertising claims.

118.    Plaintiff Awad and the New York Subclass have suffered injury in fact and have lost money or property as a result of and in reliance upon Trader Joe's' deceptive advertising—namely Plaintiff Awad and the New York Subclass lost the price premium associated with the Class Products they bought from Trader Joe's.

119.    As a direct and proximate result of Trader Joe's' false, misleading, and deceptive representations, Plaintiff Awad and members of the New York Subclass were harmed in that they: (1) paid money for the Class Products that were not what Trader Joe's represented; (2) were deprived of the benefit of the bargain because the Class Products they purchased were different than Trader Joe's advertised; and (3) were deprived of the benefit of the bargain because the Class Products they

purchased had less value than if the *Avocado Oil Representation* were truthful. Accordingly, Plaintiff Awad seeks to recover her actual damages or fifty (50) dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

**EIGHT CLAIM FOR RELIEF**
**Violation of New York's False Advertising Law**
**New York General Business Code § 350**
**(*For the New York Subclass*)**

120.    Plaintiff Awad hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

121.    Plaintiff Awad brings this claim individually and on behalf of the New York Subclass who purchased the Class Products within the applicable statute of limitations.

122.    The New York False Advertising Law, codified at Gen. Bus. Law § 350, *et seq.*, prohibits advertising, including labeling, that "is misleading in a material respect."

123.    Trader Joe's violated § 350 when it advertised and marketed the Class Products through the unfair, deceptive, untrue, and misleading *Avocado Oil Representation* disseminated to the public through the Class Products' labeling, packaging and advertising. These representations were false because the Class Products do not conform to them. The representations were material because they are likely to mislead a reasonable consumer into purchasing the Class Products.

124.    In making and disseminating the representations alleged herein, Defendant knew or should have known that the representations were untrue or misleading.

125.    Trader Joe's *Avocado Oil Representation* was specifically designed to induce reasonable consumers, like Plaintiff Awad and the New York Subclass, to purchase the Class Products.

126.    Plaintiff Awad has standing to pursue this claim because she has suffered an injury-in-fact and has lost money or property as a result of Trader Joe's deceptive acts and practices. Specifically, Plaintiff Awad purchased the Class Product for her own personal use. In doing so, Plaintiff Awad relied upon Trader Joe's false, misleading, and deceptive representations that her Class Product was only avocado oil, when it was not. Plaintiff Awad spent money in the transaction that she otherwise would not have spent had she known the truth about Trader Joe's advertising

1   claims.

2   127.    As a direct and proximate result of Trader Joe's' misconduct, Plaintiff Awad and

3   members of the New York Subclass were harmed in that they: (1) paid money for Class Products

4   that were not what Trader Joe's represented; (2) were deprived of the benefit of the bargain because

5   the Class Products they purchased were different than Trader Joe's advertised; and (3) were deprived

6   of the benefit of the bargain because the Class Products they purchased had less value than if Trader

7   Joe's' *Avocado Oil Representation* were truthful. Accordingly, on behalf of herself and members of

8   the New York Subclass, Plaintiff Awad seeks to recover her actual damages or five hundred (500)

9   dollars per violation, whichever is greater, three times actual damages, and reasonable attorneys'

10  fees.

11  <u>**PRAYER FOR RELIEF**</u>

12      **WHEREFORE**, Plaintiffs, individually and on behalf of the proposed Classes, respectfully

13  prays for following relief:

14      A.    Certification of this case as a class action on behalf of the Classes defined above,

15  appointment of Plaintiffs as Class representatives, and appointment of their counsel as Class

16  counsel;

17      B.    A declaration that Trader Joe's' actions, as described herein, violate the laws

18  described herein;

19      C.    An award to Plaintiffs and the proposed Classes of restitution and/or other equitable

20  relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment

21  that Trader Joe's obtained from Plaintiffs and the proposed Classes as a result of its unlawful, unfair

22  and fraudulent business practices described herein;

23      D.    An award of injunctive and other equitable relief as is necessary to protect the

24  interests of Plaintiffs and the Class members, including, *inter alia*, an order prohibiting Trader Joe's

25  from engaging in the unlawful acts described above;

26      E.    An award of all economic, monetary, actual, consequential, and compensatory

27  damages caused by Trader Joe's' conduct;

28      F.    An award of punitive damages;

G.    An award of nominal damages;

H    An award to Plaintiffs and their counsel of reasonable expenses and attorneys' fees;

I.    An award to Plaintiffs and the proposed Classes of pre- and post-judgment interest, to the extent allowable; and

J.    For such further relief that the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and the proposed Classes, hereby demand a jury trial with respect to all issues triable of right by jury.

DATED: March 13, 2025                    Respectfully submitted,

**SMITH KRIVOSHEY, PC**

By:____*/s/ Brittany S. Scott*_____
            Brittany S. Scott

Yeremey O. Krivoshey (State Bar No. 295032)
Brittany S. Scott (State Bar No. 327132)
166 Geary Street, Ste. 1500-1507
Telephone: (415) 839-7000
Facsimile: (888) 410-0415
Email: yeremey@skclassactions.com
            brittany@skclassactions.com

**SMITH KRIVOSHEY, PLLC**
Joel D. Smith (State Bar No. 244902)
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
E-Mail:  joel@skclassactions.com

**BURSOR & FISHER, P.A.**
Neal J. Deckant
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone:  (925) 300-4455
Facsimile:  (925) 407-2700
Email:  ndeckant@bursor.com

**FARUQI & FARUQI, LLP**
Lisa T. Omoto (SBN: 303830)

-25-

1901 Avenue of the Stars, Suite 1060
Los Angeles, CA 90067
Telephone: (424) 256-2884
E-Mail:  lomoto@faruqilaw.com

*Attorneys for Plaintiffs and the Putative Classes*

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:24-cv-06834-JD