Jacob M. Harper (SBN 259463)
Heather F. Canner (SBN 292837)
Joseph Elie-Meyers (SBN 325183)
DAVIS WRIGHT TREMAINE LLP
350 S. Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone:      (213) 633-6800
Facsimile:      (213) 633-6899
Email:          jacobharper@dwt.com
                heathercanner@dwt.com
                josepheliemeyers@dwt.com

Caleah N. Whitten (*pro hac vice pending*)
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone:      (206) 622-3150
Facsimile:      (206) 757-7700
Email:          caleahwhitten@dwt.com

Attorneys for Defendant
TRADER JOE'S COMPANY

DAVIS WRIGHT TREMAINE LLP

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN SMITH and CLAIR AWAD, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRADER JOE'S COMPANY,<br><br>Defendant. | Case No. 3:24-cv-06834-JD<br><br>Assigned to the Honorable James Donato<br><br>**DEFENDANT TRADER JOE'S COMPANY'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:        June 26, 2025<br>Time:        10:00 a.m.<br>Location:    Courtroom 11, 19th Floor<br><br>Action Filed: September 27, 2024 |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   ARGUMENT ...................................................................................................... 2

    A.    Plaintiffs' Claims Fail the Reasonable Consumer Test............................. 2

        1.    *McConnon* and *Hawkins* Militate in Favor of Dismissal. ............................ 2

        2.    Plaintiffs Fail to Allege *How* or *Why* the Label is False. .............................. 3

            a.    The "Testing" Allegations Fail Plausibility Standards...................... 3

            b.    The Allegations Fail to Provide Sufficient Notice. .......................... 8

            c.    The Allegations Preclude a Showing of Materiality. ........................ 9

    B.    Plaintiffs' Claims Fail for Additional, Claim-Specific Reasons. .............................. 9

        1.    Plaintiffs' Implied Warranty Claim Fails....................................................... 9

        2.    Plaintiffs' Misrepresentation Claim Fails for Lack of Fraudulent Intent................................................................................................................ 10

        3.    The Court Should Dismiss Plaintiffs' Request for Punitive Damages........ 10

DAVIS WRIGHT TREMAINE LLP

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 3:24-cv-06834-JD

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Andrews v. Procter & Gamble Co.*,
   2019 WL 6520045 (C.D. Cal. 2019)................................................................................ 4, 5, 6

*Barton v. Procter & Gamble Co.*,
   766 F. Supp. 3d 1045 (S.D. Cal. 2025) ............................................................................ 7, 8, 9

*Bounthon v. Procter & Gamble Co.*,
   2024 WL 4495501 (N.D. Cal. 2024)................................................................................. 3, 5, 6

*Engalla v. Permanente Med. Grp., Inc.*,
   15 Cal. 4th 951 (1997)............................................................................................................. 9

*Evancho v. Fisher*,
   423 F.3d 347 (3d Cir. 2005) .................................................................................................... 4

*Figy v. Frito-Lay N. Am., Inc.*,
   67 F. Supp. 3d 1075 (N.D. Cal. 2014) ..................................................................................... 8

*Garland v. Kroger Co.*,
   2025 WL 474914 (S.D. Cal. 2025) ...................................................................................... 7, 8

*Great Am. All. Ins. Co. v. Vill. Gardens HOA*,
   2023 WL 2626969 (C.D. Cal. 2023)....................................................................................... 10

*Gudgel v. Clorox Co.*,
   514 F. Supp. 3d 1177 (N.D. Cal. 2021) ................................................................................... 2

*Hauck v. Advanced Micro Devices, Inc.*,
   2018 WL 5729234 (N.D. Cal. 2018)....................................................................................... 10

*Hawkins. Golikov v. Walmart Inc.*,
   2025 WL 648532 (C.D. Cal. 2025).................................................................................. *passim*

*Hawkins v. Walmart, Inc.*,
   766 F. Supp. 3d 1036 (E.D. Cal. 2025)............................................................................ 1, 2, 8

*In re Finjan Holdings, Inc.*,
   58 F.4th 1048 (9th Cir. 2023).................................................................................................. 5

*Koller v. Med Foods, Inc.*,
   2015 WL 13653887 (N.D. Cal. 2015)...................................................................................... 5

*Kwikset Corp. v. Superior Ct.*,
   51 Cal. 4th 310 (2011).............................................................................................................. 9

DAVIS WRIGHT TREMAINE LLP

ii

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 3:24-cv-06834-JD

DAVIS WRIGHT TREMAINE LLP

*Lazo v. Bank of Am., N.A.*,
    2012 WL 1831577 (N.D. Cal. 2012).................................................................................. 10

*Lowe v. Edgewell Personal Care Co.*,
    711 F. Supp. 3d 1097 (N.D. Cal. 2024) ......................................................................... 4, 8

*Martin v. Omnit Labs Inc.*,
    2023 WL 8190712 (C.D. Cal. 2023)................................................................................... 7

*Martinez v. Metabolife Int'l, Inc.*,
    113 Cal. App. 4th 181 (2003)....................................................................................... 9, 10

*McConnon v. The Kroger Co.*,
    2024 WL 3941340 (C.D. Cal. 2024) ...................................................................... 1, 2, 3, 8

*Meyer v. Colavita USA Inc.*,
    2011 WL 13216980 (M.D. Fla. 2011) ............................................................................ 6, 7

*Mocek v. Alfa Leisure, Inc.*,
    114 Cal. App. 4th 402 (2003)........................................................................................... 10

*Moore v. Trader Joe's Co.*,
    4 F.4th 874 (9th Cir. 2021)................................................................................................. 3

*Morris v. Mott's LLP*,
    2019 WL 948750 (C.D. Cal. 2019).................................................................................... 10

*Myers-Taylor v. Ornua Foods N. Am., Inc.*,
    2019 WL 424703 (S.D. Cal. 2019) ...................................................................................... 2

*Naimi v. Starbucks Corp.*,
    798 F. App'x 67 (9th Cir. 2019)...................................................................................... 3, 4

*Phan v. Sargento Foods, Inc.*,
    2021 WL 2224260 (N.D. Cal. 2021).................................................................................... 9

*Robinson v. J.M. Smucker Co.*,
    2019 WL 2029069 (N.D. Cal. 2019)................................................................................. 5, 8

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011)............................................................................................. 6

*Steiner v. Vi-Jon Inc.*,
    723 F. Supp. 3d 784 (N.D. Cal. 2024) ............................................................................ 7, 9

*Tye v. Wal-Mart Stores, Inc.*,
    2016 WL 6138424 (C.D. Cal. 2016).................................................................................... 5

*Weekly v. United States*,
    2023 WL 6796428 (E.D. Cal. 2023).................................................................................... 6

iii

*Weiss v. Trader Joe's Co.*,
2018 WL 6340758 (C.D. Cal. 2018) ...................................................................................... 2

**Statutes**

Cal. Com. Code § 2315 ............................................................................................................ 10

**Rules**

Rule 9(b) ................................................................................................................ *passim*

DAVIS WRIGHT TREMAINE LLP

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 3:24-cv-06834-JD

DAVIS WRIGHT TREMAINE LLP

**I.    INTRODUCTION**

Plaintiffs' Opposition confirms their FAC failed to cure their implausible claims. Plaintiffs have not (and cannot) allege that Trader Joe's "Avocado Oil—All-Purpose High Heat Cooking Oil" contains any other oil, or the label is misleading, even with their attempt to wordsmith their pleading to avoid *McConnon v. The Kroger Co.*, 2024 WL 3941340 (C.D. Cal. 2024) (Blumenfeld, J.) and *Hawkins v. Walmart, Inc.*, 766 F. Supp. 3d 1036 (E.D. Cal. 2025) (Sherriff, J.). This Court should apply the same reasoning as *McConnon* and *Hawkins*—which properly apply Ninth Circuit law to complaints drafted by the same counsel—to dismiss Plaintiffs' FAC with prejudice.

First, *McConnon* and *Hawkins*—which rejected plaintiffs' attempts to read "avocado oil" labels to promise they are "pure," "100%," or "only" avocado oil—persuasively urge dismissal here, as Trader Joe's Avocado Oil also likewise contains no such statements. Instead of distinguishing these cases, Plaintiffs ask the Court to follow *Golikov v. Walmart Inc.*, 2025 WL 648532 (C.D. Cal. 2025), which is not persuasive:  it diverges from and overlooks on-point authority in this Circuit, departs from *Hawkins* and *McConnon* without a reasoned basis, and does not address the many pleading problems here. *Golikov* fails to save Plaintiffs' claims.

Second, Plaintiffs' vague testing allegations do not plausibly show the Avocado Oil contained any other oil, as required to state their claims. Plaintiffs fail to explain how the fatty acid "fingerprint" they rely upon, which was designed to measure purity, and which the UC Davis studies explain is not sufficiently understood and could be explained by many factors aside from adulteration, can plausibly show the Avocado Oil contains another oil. Plaintiffs still fail to explain how their inconclusive "testing" of a meager number of "samples" can be extrapolated to any other bottle of Avocado Oil, including their own. Nor do they identify the missing details of their testing, for example, by simply attaching results. These flaws preclude plausibility and warrant dismissal.

Third, Plaintiffs' claims fail for additional claim-specific reasons. Plaintiffs fail to allege a breach of an implied warranty; improperly attempt to plead a new claim in opposition; fail to identify allegations to support the intent required to state their fraud claim; and do not allege requisite factual allegations for punitive damages.

Dismissal with prejudice is appropriate.

1

DAVIS WRIGHT TREMAINE LLP

## II.   ARGUMENT

### A.   Plaintiffs' Claims Fail the Reasonable Consumer Test.

#### 1.   *McConnon* and *Hawkins* Militate in Favor of Dismissal.

*Hawkins* and *McConnon*, which dismissed materially identical "avocado oil" claims, apply here and justify dismissal. Mot. 5–8. Deflecting, Plaintiffs instead argue this Court should follow *Golikov*. *Golikov* makes no difference here.

First, Plaintiffs' theory reads in a term not found on the label, a tactic both *McConnon* and *Hawkins* rejected. Mot. 5–8. *Hawkins* specifically rejected the plaintiff's claim that an "avocado oil" label represents it is "only avocado oil" or "pure avocado oil" because the label contains no assertion "that the avocado oil is 'pure' or '100%' avocado oil." *Hawkins*, 766 F. Supp. 3d at 1043; *see McConnon*, 2024 WL 3941340, at *3 ("Plaintiff imports the term 'pure'—which is nowhere to be found on the bottle") (citing *Gudgel v. Clorox Co.*, 514 F. Supp. 3d 1177, 1186 (N.D. Cal. 2021); *Myers-Taylor v. Ornua Foods N. Am., Inc.*, 2019 WL 424703, at *4 (S.D. Cal. 2019)). This analysis comports with Ninth Circuit authority dismissing consumer mislabeling claims that try to read into the label a statement it does not make. *E.g.*, *Weiss v. Trader Joe's Co.*, 2018 WL 6340758, at *5 (C.D. Cal. 2018), *aff'd*, 838 F. App'x 302 (9th Cir. 2021) (a "reasonable consumer would not assume things about a product other than what the statement actually says") (cleaned up); *Gudgel*, 514 F. Supp. 3d at 1186 (rejecting claim that label was misleading where the "phrase does not appear on the product's label"). By contrast, *Golikov* did not engage with this authority (nor cite *any* authority), straining to distinguish *McConnon* and *Hawkins* by concluding the plaintiff's "only avocado oil" theory does "not rely on any implied terms." 2025 WL 648532, at *3 & n.1. But this is no distinction as all, as *Hawkins* also recognized the "only avocado oil" claim writes something into the label that does not exist—a statement that the product is "100% avocado oil." Such a claim fails in this Circuit.

Second, Plaintiffs, as in *McConnon* and *Hawkins*, do not allege plausibly how the fatty acid testing relied upon could show "the Avocado Oil is anything other than what it claims to be: … avocado oil." *McConnon*, 2024 WL 3941340, at *3 & n. 3; *see Hawkins*, 766 F. Supp. 3d at 1043–44. Both courts held plaintiffs there (as here) failed to sufficiently allege the "detail[s]" of the

2

testing and alleged adulteration. *McConnon*, 2024 WL 3941340, at *3 (citing, *e.g.*, *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021)); *Hawkins*, 766 F. Supp. 3d at 1043–44. In contrast, *Golikov* departed from the great weight of Ninth Circuit authority (including the very authority it cites) in failing to examine the testing allegations under Rule 8(a) and 9(b), and only addressed two of the five testing allegation defects raised here, while ignoring on point authority demonstrating these flaws warrant dismissal (cases Plaintiffs likewise fail to address). 2025 WL 648532, at *3–4; *see infra* at 4; Mot. 8 n.5. Indeed, in the *Naimi v. Starbucks Corp.*, 798 F. App'x 67, 69 (9th Cir. 2019) decision *Golikov* relied on in declining to examine testing allegations, the Ninth Circuit actually closely examined the detailed testing allegations there to conclude that the testing was sufficient to state the claim, as discussed further *infra* at 4. 2025 WL 648532, at *3.

In sum, *McConnon* and *Hawkins* more persuasively apply Ninth Circuit authority, and the Court should follow them and dismiss the FAC.

**2.     Plaintiffs Fail to Allege *How* or *Why* the Label is False.**

The FAC fails because (a) the testing allegations do not plausibly establish falsity, (b) its vague allegations fail under Rule 9(b), and (c) it forecloses materiality. Mot. 8–14.

**a.     The "Testing" Allegations Fail Plausibility Standards.**

Trader Joe's explained Plaintiffs' testing allegations fail to establish plausible claims, for many independent reasons. Mot. 9–12. Plaintiffs first argue the Court need not evaluate the plausibility of the testing allegations at this stage, which is false. Opp. 4–7. Plaintiffs then attempt, but fail, to address the five fatal flaws with their testing precluding plausibility. *Id.* at 7.

**(1)     Plaintiffs Must Plausibly Allege Their Testing Allegations.**

Perhaps recognizing their testing allegations fall short, Plaintiffs initially attempt to write off their failure to sufficiently allege testing as a "merits-based" deficiency not appropriate for evaluation at the pleadings, which is incorrect. Opp. 4–7. Trader Joe's cited ample authority in which courts dismissed at the pleadings based on the very testing allegation flaws Plaintiffs' pleadings exhibit here, rejecting their argument. Mot. 9–12 (citing, *e.g.*, *Bounthon v. Procter & Gamble Co.*, 2024 WL 4495501, at *8–9 (N.D. Cal. 2024) (dismissing claims premised on testing results allegedly showing presence of harmful chemical PFAS, as articles cited in complaint

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 3:24-cv-06834-JD

DAVIS WRIGHT TREMAINE LLP

indicated testing standards were not a definitive indicator of PFAS); *Andrews v. Procter & Gamble Co.*, 2019 WL 6520045, at *2–3 (C.D. Cal. 2019) (rejecting plaintiff's argument that evaluation of testing is only appropriate at "summary judgment" and dismissing, as plaintiff's allegations "overstate[d]" study's findings, which only concluded that product testing indicated harmful "PFASs *might* be present"); *Lowe v. Edgewell Personal Care Co.*, 711 F. Supp. 3d 1097, 1105 (N.D. Cal. 2024) (dismissing for failure to sufficiently allege testing results, and for failure to allege testing results sufficiently established product contained harmful PFAS)). ***Plaintiffs do not mention, let alone distinguish, these cases.***

Plaintiffs' own cited Ninth Circuit case demonstrates, moreover, that courts *do* examine the sufficiency of testing at the pleadings to determine whether a claim is plausible. In *Naimi* (cited at Opp. 5), the Ninth Circuit, when evaluating whether a beverage contained the promised amount of caffeine, analyzed in detail the plaintiff's alleged "laboratory testing" of the beverage's caffeine content to determine if the plaintiff "plausibly" alleged falsity—including the "20 samples" tested, the specific results, plaintiff's explanation for why the testing method was appropriate, and the alleged "independent[] statistical analysis" showing the difference in caffeine content was "statistically significant." 798 F. App'x at 69. The Ninth Circuit did not accept conclusory assertions that testing of some unspecified number of samples, with unspecified results, based on an uncertain and changing standard, somehow shows vague adulteration, as Plaintiffs ask the Court to do here. Rather, the Ninth Circuit closely examined the testing allegations to determine whether they plausibly supported falsity.[1] For this reason, *Golikov*'s apparent holding that a plaintiff need not allege facts to plausibly link a purchased product to testing (especially questionable testing), for which it cited to *Naimi*, is inconsistent with the authority in this Circuit requiring such plausible allegations. 2025 WL 648532, at *3 (cited at Opp. 4). Undertaking this requisite analysis here leads to only one conclusion: the testing allegations do not plausibly support falsity.

Plaintiffs' other cited cases are inapposite and do not eliminate this pleadings threshold.

---

[1] Plaintiffs cite cases in accord. Opp. 4 (citing, *e.g.*, *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005) (affirming dismissal; "While we appreciate that the discovery process is designed to enable a plaintiff like Evancho to undercover evidence that may support the allegations set forth in a complaint, a court is not required to assume that a plaintiff can prove facts not alleged.")).

4

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 3:24-cv-06834-JD

Opp. 5–6. In *Tye v. Wal-Mart Stores, Inc.*, 2016 WL 6138424, at \*1–2 & n.1 (C.D. Cal. 2016), the plaintiff sufficiently alleged that a product promising "pork" contained "no pork whatsoever" based on "rigorous scientific testing, including microscopic and chemical analysis"; and the plaintiff there—unlike here—had not relied upon and incorporated materials *precluding* plausibility.[2] And in *Koller v. Med Foods, Inc.*, 2015 WL 13653887, at \*3 (N.D. Cal. 2015), the court refused to consider materials incorporated into the complaint based on its mistaken assumption such materials "are not controlling as to whether the complaint states a claim"; but the Ninth Circuit treats such materials as part of the complaint and "controlling" where they "contradict[]" more "general conclusion[s]" in the complaint, *In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1052 n.1 (9th Cir. 2023). Plaintiffs' other cases address Rule 9(b) and are inapposite as discussed in Section II.A.2.b. Plaintiffs cannot avoid this pleading requirement, which they fail to meet.

### (2)    Plaintiffs' Allegations Fall Short.

Next, Trader Joe's established five independent flaws in Plaintiffs' testing allegations, each of which shows why the allegations cannot plausibly support their claims. Mot. 9–12. Plaintiffs' Opposition fails to demonstrate otherwise, merely relying on a changing standard for purity untethered to their claims of adulteration.

*First*, the UC Davis studies incorporated into the FAC admit deviations in the fatty acid testing may be caused by many factors, only one of which is adulteration, and that the testing is "still not completely understood." Mot. 10; Harper Decl. Ex. 3 at 3, Ex. 2 at 3, 6, 7. Indeed, the studies did not directly test for adulteration, but rather compared products' chemical profiles against a proposed purity profile for avocado oil. Mot. 4; Harper Decl. Ex. 3 at 3. Plaintiffs do not dispute this. Nor do they address Trader Joe's cited authority that testing based on such uncertain standards cannot support a plausible claim. Mot. 10 (citing *Bounthon*, 2024 WL 4495501, at \*8; *Andrews*, 2019 WL 6520045, at \*3). Plaintiffs instead claim that generally "an alternative explanation is unpersuasive at the pleadings stage." Opp. 4 (citing *Golikov*, 2025 WL 648532, at

---

[2] *Robinson v. J.M. Smucker Co.*, 2019 WL 2029069, at \*3 (N.D. Cal. 2019) (cited Opp. 6) is likewise inapposite for this reason. *Robinson* is also distinguishable, as the product label there, unlike here, actually promised "100% Extra Virgin Olive Oil" but did not meet established extra virgin olive oil standards. *Id.* Its Rule 9(b) holding is also non-persuasive, as discussed *infra* at 8.

5

DAVIS WRIGHT TREMAINE LLP

*1.) But these cases apply only if *Plaintiffs'* explanation is plausible to begin with—it is not. *Id.* (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (addressing circumstance where "there are two alternative explanations … both of which are plausible")). Plaintiffs' claims thus fall within Trader Joe's cited authority, cases that neither *Golikov* nor Plaintiffs address, which find this defect fatal to the claims. *Bounthon*, 2024 WL 4495501, at *8; *Andrews*, 2019 WL 6520045, at *3.

*Second*, Plaintiffs allege no plausible basis to extrapolate testing for a few samples to any other bottle of Avocado Oil, particularly as the UC Davis studies confirm results may vary even for a single product. Mot. 10–11. Plaintiffs admit they must "sufficiently tie testing to the covered product," but fail to address this fatal flaw and so concede it. Opp. 7; *Weekly v. United States*, 2023 WL 6796428, at *5 (E.D. Cal. 2023) ("[A] plaintiff's failure to respond to a defendant's argument set forth in a dispositive motion constitutes waiver of that argument."). They fail to distinguish *Meyer v. Colavita USA Inc.*, 2011 WL 13216980 (M.D. Fla. 2011)—which affirms these fatal flaws. Opp. 7; Mot. 9–10. Plaintiffs instead argue *Meyer* is distinguishable because half of the two-part test for extra virgin olive oil was subjective, but that is beside the point. *Meyer*'s holding is still applicable: "speculation and unwarranted extrapolation from the UC Davis Study's findings," based on "very small" "sample sizes" and "somewhat inconclusive" results "paints a very incomplete" picture that falls short of plausibly alleging the extra virgin olive oil is not extra virgin olive oil. 2011 WL 13216980, at *5 ("unwarranted deductions of fact and conclusory allegations" not saved by "hope that discovery will … validate the foundation for their claims.").

*Third*, Plaintiffs rely on an only-recently finalized purity standard, not adopted in the U.S., and for these additional reasons, the test results can only *possibly* indicate adulteration, but do not *plausibly* allege the Avocado Oil contains other oils. Mot. 11. Plaintiffs do not dispute the Codex standard has changed since the UC Davis studies or that they fail to confirm the standard used in their own testing. Instead, they merely parrot their vague and conclusory allegations. Opp. 8. But these make no difference, as they still fail to explain how the Codex standard or any other "fingerprint" confirms the oil is actually adulterated with other oil. Indeed, the Codex standard is intended to "define a 100% authentic and or pure avocado oil," not to confirm adulteration with a particular type of other oil. FAC ¶ 36. Nor does the Avocado Oil label promise compliance with

6

DAVIS WRIGHT TREMAINE LLP

this standard—which changed during the alleged class period. Mot. 7; *Martin v. Omnit Labs Inc.*, 2023 WL 8190712, at *5 (C.D. Cal. 2023) (dismissing mislabeling claims; "The significance of Plaintiff's scientific studies 'depends upon a comparison of the match between the representations at issue and the evidence that allegedly debunks them.'"). Plaintiffs themselves cite authority dismissing claims where the alleged testing does not actually show the label is false, as here, yet Plaintiffs fail to address this fundamental problem, conceding it. *Steiner v. Vi-Jon Inc.*, 723 F. Supp. 3d 784, 793 (N.D. Cal. 2024) (alleged testing regarding alcohol levels failed to show front label statement that product "kills 99.99% of germs" is plausibly false) (cited Opp. 5).

*Fourth*, Plaintiffs failed to allege any nexus between the testing relied on and their purchased bottles, and the UC Davis studies preclude such a showing. Mot. 12 (citing *Meyer*, 2011 WL 13216980, at *1–3). Plaintiffs baldly claim these studies "showed widespread adulteration in the avocado oil industry from a single or several sources," but cite nothing in support. Opp. 5. These studies did not so conclude and even cautioned that testing results differed among bottles of the same product. *Supra* at 6; Mot. 10–12. Plaintiffs provide no basis to extrapolate the samples tested to any other bottle, failing to overcome this additional defect.[3]

*Fifth*, the Court need not consider Plaintiffs' "independent" testing because they failed to allege the requisite, basic testing details. Mot. 12 (citing *Garland v. Kroger Co.*, 2025 WL 474914, at *7 (S.D. Cal. 2025)); *Barton v. Procter & Gamble Co.*, 766 F. Supp. 3d 1045, 1061–62 (S.D. Cal. 2025) (dismissing where FAC provided the testing results but "no further information as to the laboratory that performed the testing or the form and date of testing"). Plaintiffs make the bare assertion their "FAC contains extensive [testing] details" without discussing any such allegations—there are none, FAC ¶¶ 40–42—and rely on distinguishable cases. Opp. 5–6; *supra* at 5 (distinguishing). They fail to specify the form of the testing, any testing results, what non-avocado oil the testing revealed was present in his samples (if any), the amount of that oil, or the details or number of bottles tested. *See Hawkins*, 2025 WL 490063, at *4; *see also Barton*, 766 F. Supp. 3d at

---

[3] Nor do the UC Davis studies provide specific results for any bottle tested, Mot. 10–11; rather the *Washington Post* article purports to include a vague, few-word summary of the results, which are insufficient to allege plausibly the Avocado Oil widely contains any specific amount of any particular oil as required to state a claim. Plaintiffs fail to address this, too.

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 3:24-cv-06834-JD

DAVIS WRIGHT TREMAINE LLP

1061 ("To plausibly allege a presence of harmful substance claim, Plaintiffs are required to allege facts that testing disclosed presence of such substances in the accused product purchased.").

Plaintiffs thus fail to allege plausibly the Avocado Oil contains any other oil.

### b.     The Allegations Fail to Provide Sufficient Notice.

Plaintiffs also fail to allege with particularity how or why the Avocado Oil is not avocado oil, as required under Rule 9(b). Mot. 12–13. Plaintiffs fail to demonstrate otherwise. Opp. 7–9.

Trader Joe's cited authority makes clear Plaintiffs must allege what precisely is in the Avocado Oil that makes it not avocado oil, why, and the other circumstances of the alleged fraud. Mot. 12–13. Plaintiffs allege only that their "laboratory testing revealed" the products "are not only avocado oil" and that the UC Davis testing's single sample test showed adulteration with "high oleic sunflower *or* safflower oil" (although they do not know which one, or in what amount, or why it renders the label false)—this falls short under Rule 9(b). Opp. 8 (citing FAC ¶¶ 42, 49); *Figy v. Frito-Lay N. Am., Inc.*, 67 F. Supp. 3d 1075, 1089–90 (N.D. Cal. 2014) (dismissing claims where plaintiff failed to allege which specific product ingredients rendered "All Natural" label false and why). Nor does the statutory definition of "adulteration" they recite substitute for these missing factual allegations. Opp. 9. Plaintiffs' reliance on *Golikov* is not persuasive, as it merely stated "Defendant provides no authority" that such details are necessary, but overlooked ample authority dismissing where such facts are lacking. Mot. 13 (citing, e.g., *Hawkins*, 766 F. Supp. 3d at 1044); *Lowe*, 711 F. Supp. 3d at 1104–5 ("cursory" "testing allegations" that plaintiff conducted multiple types of testing, including fluorine testing, that detected PFAS, were insufficient to state claims); *Garland*, 2025 WL 474914, at *7 (dismissing on this basis); *Barton*, 766 F. Supp. 3d at 1061–62 (same); *McConnon*, 2024 WL 3941340, at *3. Plaintiffs' few cited cases fail to change this requirement. Trader Joe's respectfully posits that *Robinson* was incorrectly decided as to the plaintiff's claim that "100% Extra Virgin Olive Oil" was misleading, because the court held the allegations were sufficient under Rule 9(b), despite plaintiff not alleging testing results and even though the court apparently acknowledged the defendant could not prepare its defense without that information. 2019 WL 2029069, at *4 (noting plaintiff would "soon be required to disclose the testing results upon which her allegations are based so that Defendant can prepare its defense").

8

DAVIS WRIGHT TREMAINE LLP

DAVIS WRIGHT TREMAINE LLP

Indeed, in the circumstances here, Rule 9(b)'s requirement that Plaintiffs allege "'why' and 'how' the statement is false … does implicate the testing performed because the misrepresentations can only be false if there are facts supporting the presence of [another oil] in the Products purchased by the Plaintiffs." *Barton*, 766 F. Supp. 3d at 1061.[4] Plaintiffs fail to provide these requisite particularized allegations.

### c.   The Allegations Preclude a Showing of Materiality.

Plaintiffs' claims fail on the independent basis that they do not allege materiality. Mot. 13–14. In Opposition, Plaintiffs invoke the unpersuasive *Golikov* decision and an irrelevant state court opinion (and another citing it) evaluating materiality evidence under a "summary judgment-like" standard. Opp. 10–11 (citing *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 977 (1997); *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 332 (2011)). As an initial matter, *Golikov* undermines Plaintiffs' claim that materiality should not be decided on a motion to dismiss, because the court addressed the argument. 2025 WL 648532, at *4. And on that point *Golikov* is at odds with Ninth Circuit authority showing plaintiffs must identify "how, and to what extent the Product was adulterated." *Id.*; *see supra* at 3–4. As made clear, Mot. 13–14, Plaintiffs require these details to allege plausible materiality, but fail to distinguish this authority or explain how they make this showing.

### B.   Plaintiffs' Claims Fail for Additional, Claim-Specific Reasons.

### 1.   Plaintiffs' Implied Warranty Claim Fails.

Plaintiffs' implied warranty claim also fails because they do not (and cannot) allege the Avocado Oil was not fit for consumption. Mot. 14–15. Plaintiffs concede they fail to so allege, instead arguing the implied warranty statute allows a claim where "goods do not conform to the promises or affirmations" on the label. Opp. 11 (quoting *Martinez v. Metabolife Int'l, Inc.*, 113 Cal.

---

[4] Plaintiffs' other cited cases are inapposite for this reason as well, and because they include additional details absent in Plaintiffs' FAC. Opp. 5, 8 (citing *Phan v. Sargento Foods, Inc.*, 2021 WL 2224260, at *1, *3 (N.D. Cal. 2021) (cheese label stating "No Antibiotics*" false because laboratory testing "in July 2020" found "detectable amounts of antibiotic sulfamethazine" and court judicially noticed testing details); *Steiner*, 723 F. Supp. 3d at 791 ("Plaintiffs specifically state Product's alcohol concentration falls below its advertised level of '62% ethyl alcohol'" which was determined using two specific "quantitative techniques" "used by scientists in the industry").

9

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 3:24-cv-06834-JD

DAVIS WRIGHT TREMAINE LLP

App. 4th 181, 189 (2003)). Notwithstanding the statute's other provisions, even Plaintiffs' caselaw recognizes that implied warranty is meant to set a bare minimum for products: that they "are not fit for the ordinary purposes for which the goods are used." *Martinez*, 113 Cal. App. 4th at 189; *see also Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402, 406 (2003). Federal courts dismiss on this basis. *E.g.*, *Hauck v. Advanced Micro Devices, Inc.*, 2018 WL 5729234, at *8 (N.D. Cal. 2018) (citing *Mocek*). Plaintiffs' other cited case is inapposite, as the defendant did not make this argument. Opp. 12 (citing *Morris v. Mott's LLP*, 2019 WL 948750, *5–6 (C.D. Cal. 2019)). Even under Plaintiffs' theory, they fail to allege the breach of any "promise[] or affirmation[] of fact," as explained *supra*. The Court should dismiss this claim.[5]

### 2.    Plaintiffs' Misrepresentation Claim Fails for Lack of Fraudulent Intent.

Plaintiffs also fail to allege the requisite intent for their intentional misrepresentation claim. Mot. 15. Plaintiffs respond with the unremarkable principle that Rule 9(b) does not apply to a defendant's intent and point to irrelevant statements allegedly made on Trader Joe's website. Opp. 12–13. Their one cited case asserting factual allegations of intent are unnecessary is not persuasive, as it does not address how such allegations meet the *Iqbol* standard. *See Great Am. All. Ins. Co. v. Vill. Gardens HOA*, 2023 WL 2626969, at *5 (C.D. Cal. 2023). As Trader Joe's cited cases establish (which Plaintiffs do not address), Plaintiffs' conclusory and circular allegations are insufficient. Mot. 15. With no "specific facts to suggest" Trader Joe's had fraudulent intent, their claim fails. *See Lazo v. Bank of Am., N.A.*, 2012 WL 1831577, at *9 (N.D. Cal. 2012).

### 3.    The Court Should Dismiss Plaintiffs' Request for Punitive Damages.

Plaintiffs also fail to state the facts required for their punitive damages. Mot. 15. They contend courts cannot dismiss claims for punitive damages but ignore and fail to distinguish Trader Joe's cases where courts do just that when, as here, the allegations are insufficient to support such a request. *Id.* (citing cases). Plaintiffs again point to irrelevant and non-specific statements allegedly made on Trader Joe's website, Opp. 14–15, that still fail to meet the pleading standard.

---

[5] Plaintiffs also assert they plead enough to bring a claim under Cal. Com. Code § 2315, Opp. 12, but state no such claim in their FAC. *See generally* FAC.

10

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 3:24-cv-06834-JD

DATED: June 6, 2025

DAVIS WRIGHT TREMAINE LLP

By: */s/ Jacob M. Harper*
      Jacob M. Harper

Attorneys for Defendant
TRADER JOE'S COMPANY

DAVIS WRIGHT TREMAINE LLP

11

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. 3:24-cv-06834-JD