JACOB M. HARPER (SBN 259463)
HEATHER F. CANNER (SBN 292837)
JOSEPH ELIE-MEYERS (SBN 325183)
DAVIS WRIGHT TREMAINE LLP
350 S. Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone:     (213) 633-6800
Facsimile:      (213) 633-6899
Email:          jacobharper@dwt.com
                heathercanner@dwt.com
                josepheliemeyers@dwt.com

CALEAH N. WHITTEN (*pro hac vice pending*)
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone:     (206) 622-3150
Facsimile:      (206) 757-7700
Email:          caleahwhitten@dwt.com

Attorneys for Defendant
TRADER JOE'S COMPANY

# IN THE UNITED STATES DISTRICT COURT

## THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN SMITH and CLAIR AWAD, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>TRADER JOE'S COMPANY,<br><br>    Defendant. | Case No. 3:24-cv-06834-JD<br><br>Assigned to the Honorable James Donato<br><br>**TRADER JOE'S COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:          December 4, 2025<br>Time:          10:00 a.m.<br>Location:      Courtroom 11, 19th Floor<br><br>Action Filed: September 27, 2024 |

*DAVIS WRIGHT TREMAINE LLP*

DAVIS WRIGHT TREMAINE LLP

1    <u>**NOTICE OF MOTION AND MOTION TO DISMISS**</u>

2    **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

3        **PLEASE TAKE NOTICE** that on December 4, 2025, at 10:00 a.m., or as soon thereafter

4    as the matter may be heard, before the Honorable James Donato of the above-titled Court, located

5    at 450 Golden Gate Avenue, Courtroom 11, 19th Floor, San Francisco, California 94102,

6    Defendant Trader Joe's Company will and hereby does move this Court for an order dismissing

7    with prejudice the Second Amended Complaint filed by Plaintiffs Kevin Smith and Clair Awad,

8    pursuant to Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6).

9        Plaintiffs attempt, for the third time, to assert eight causes of action, purportedly on behalf

10   of three putative classes comprised of individuals who purchased Trader Joe's Avocado Oil, for

11   (1) violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq*;

12   (2) violation of California's Unfair Competition Law, Cal. Bus. & Pro. Code § 17200, *et seq*;

13   (3) violation of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq*;

14   (4) Breach of Express Warranty, pursuant to Cal. Comm. Code § 2313; (5) Breach of Implied

15   Warranty, pursuant to Cal. Comm. Code § 2314(2)(f); (6) Intentional Misrepresentation;

16   (7) violation of New York's Consumer Protection Act, N.Y. Gen. Bus. Code § 349; and

17   (8) violation of New York's False Advertising Law, N.Y. Gen. Bus. Code § 350.  This Motion is

18   made on the grounds that Plaintiffs fail to state a claim upon which relief can be granted for any of

19   their claims, and the Complaint should be dismissed in its entirety with prejudice.  In particular:

20       (1) Plaintiffs' claims fail because they still have not plausibly alleged that reasonable

21           consumers would be misled by Trader Joe's Avocado Oil label, under either Federal

22           Rules of Civil Procedure 8(a) or 9(b);

23       (2) Plaintiffs fail to allege a breach of the implied warranty of merchantability;

24       (3) Plaintiffs fail to state a claim for intentional misrepresentation; and

25       (4) Plaintiffs do not allege facts sufficient to support their request for punitive damages.

26   //

27   //

28

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No. 3:24-cv-06834-JD

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Jacob M. Harper and exhibits thereto, and any other evidence or argument which the Court may consider.

DATED: October 1, 2025

DAVIS WRIGHT TREMAINE LLP

By:  /s/ Jacob M. Harper
     Jacob M. Harper

Attorneys for Defendant
TRADER JOE'S COMPANY

DAVIS WRIGHT TREMAINE LLP

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION .................................................................................................... 1

II. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY ...................................... 2

    A.  Trader Joe's Sells Avocado Oil—All-Purpose High Heat Cooking Oil .................. 2

    B.  Plaintiffs' First Amended Complaint ......................................................... 2

    C.  The Court Dismisses Plaintiffs' First Amended Complaint ........................... 3

    D.  Plaintiffs File a Still-Defective Second Amended Complaint ....................... 4

III. THE COURT SHOULD DISMISS THE SAC WITH PREJUDICE ................................ 4

    A.  Plaintiffs' Claims Fail the Reasonable Consumer Test. ................................ 5

        1.  Legal Standards: Plausibility, Reasonable Consumer, and Rule 9(b) ........... 5

        2.  This Court's Order and Others Still Militate in Favor of Dismissal ............. 6

        3.  Plaintiffs Still Fail to Allege *How* or *Why* the Label is False. .................... 8

            a.  The "Testing" Allegations Still Fail Plausibility Standards. ............. 8

            b.  The Allegations Fail to Provide Sufficient Notice. ......................... 12

            c.  The Allegations Preclude a Showing of Materiality. ...................... 13

    B.  Plaintiffs' Claims Fail for Additional, Claim-Specific Reasons. ........................... 14

        1.  Plaintiffs' Implied Warranty Claim Fails. .................................................. 14

        2.  Plaintiffs' Misrepresentation Claim Fails for Lack of Fraudulent Intent. ................................................................................................... 14

        3.  Plaintiffs' Request for Punitive Damages Should Be Dismissed. ................ 15

DAVIS WRIGHT TREMAINE LLP

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No. 3:24-cv-06834-JD

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aloudi v. Intramedic Rsch. Grp.*,
　729 F. App'x 514 (9th Cir. 2017)..................................................................9

*Andrews v. Proctor & Gamble Co.*,
　2019 WL 6520045 (C.D. Cal. 2019) ....................................................10, 11

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ...............................................................................5, 14

*Beasley v. Conagra Brands, Inc.*,
　374 F. Supp. 3d 869 (N.D. Cal. 2019) ......................................................6

*Beasley v. Tootsie Roll Indus., Inc.*,
　85 Cal. App. 5th 901 (2022)....................................................................14

*Bounthon v. Proctor & Gamble Co.*,
　2024 WL 4495501 (N.D. Cal. 2024)...........................................9, 10, 13

*Brod v. Sioux Honey Ass'n Coop.*,
　927 F. Supp. 2d 811 (N.D. Cal. 2013) ....................................................13

*Cleveland v. Campbell Soup Co.*,
　647 F. Supp. 3d 772 (N.D. Cal. 2022) ...............................................5, 13

*Figy v. Frito-Lay N. Am., Inc.*,
　67 F. Supp. 3d 1075 (N.D. Cal. 2014) ....................................................13

*Fink v. Time Warner Cable*,
　714 F.3d 739 (2d Cir. 2013) .....................................................................5

*Garland v. Kroger Co.*,
　2025 WL 474914 (S.D. Cal. 2025) ...........................................................9

*Hadley v. Kellogg Sales Co.*,
　243 F. Supp. 3d 1074 (N.D. Cal. 2017) ..................................................13

*Harper Cosntr. Co. v. Nat'l Union Fire Ins. Co.*,
　2020 WL 1820124 (S.D. Cal. 2020) .......................................................15

*Hawkins v. Walmart, Inc.*,
　766 F. Supp. 3d 1036 (E.D. Cal. 2025).............................................*passim*

*IKB Int'l S.A. v. Bank of Am. Corp.*,
　584 F. App'x 26 (2d Cir. 2014)...............................................................15

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No. 3:24-cv-06834-JD

DAVIS WRIGHT TREMAINE LLP

DAVIS WRIGHT TREMAINE LLP

*In re Avocado Oil Mktg. & Sales Prac. Litig.*,
   766 F. Supp. 3d 1333 (J.P.M.L. 2025) ................................................................. 10

*In re Finjan Holdings, Inc.*,
   58 F.4th 1048 (9th Cir. 2023) ........................................................................... 11

*Lazo v. Bank of Am., N.A.*,
   2012 WL 1831577 (N.D. Cal. 2012) ..................................................................... 15

*Lowe v. Edgewell Pers. Care Co.*,
   711 F. Supp. 3d 1097 (N.D. Cal. 2024) ........................................................... 9, 11

*Martin v. Doctor's Best, Inc.*,
   2023 WL 6370230 (C.D. Cal. 2023) ...................................................................... 9

*Martin v. Onnit Labs Inc.*,
   2023 WL 8190712 (C.D. Cal. 2023) ................................................................. 9, 12

*McConnon v. Kroger Co.*,
   2024 WL 3941340 (C.D. Cal. 2024) ............................................................. *passim*

*Meyer v. Colavita, Inc.*,
   2011 WL 13216980 (S.D. Fla. 2011) ............................................................ *passim*

*Mocek v. Alfa Leisure, Inc.*,
   114 Cal. App. 4th 402 (2003) ............................................................................ 14

*Moore v. Trader Joe's Co.*,
   4 F.4th 874 (9th Cir. 2021) ................................................................................. 5

*Myers-Taylor v. Ornua Foods N. Am., Inc.*,
   2019 WL 424703 (S.D. Cal. 2019) ..................................................................... 13

*Nazemi v. Specialized Loan Serv'g, LLC*,
   637 F. Supp. 3d 856 (C.D. Cal. 2022) ................................................................ 15

*O'Brien v. Nat'l Prop. Analysts Partners*,
   936 F.2d 674 (2d Cir. 1991) .............................................................................. 15

*Onaka v. Shiseido Ams. Corp.*,
   2023 WL 2663877 (S.D.N.Y. 2023) ...................................................................... 9

*Pelayo v. Nestle USA, Inc.*,
   989 F. Supp. 2d 973 (C.D. Cal. 2013) .................................................................. 5

*Rausch v. Flatout, Inc.*,
   660 F. Supp. 3d 855 (N.D. Cal. 2023) ................................................................ 15

*Salameh v. Tarsadia Hotel*,
   726 F.3d 1124 (9th Cir. 2013) ............................................................................ 6

*Smith v. Safeway, Inc.*,
    2025 WL 2778327 (N.D. Cal. 2025).................................................................*passim*

*Svensrud v. Frito-Lay N. Am., Inc.*,
    2020 WL 8575056 (C.D. Cal. 2020)............................................................... 13

*Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.*,
    992 F. Supp. 2d 962 (C.D. Cal. 2014).............................................................. 14

*Tran v. Sioux Honey Ass'n Coop.*,
    471 F. Supp. 3d 1019 (C.D. Cal. 2020)............................................................. 14

**Rules**

Fed. R. Civ. P. 8(a)...................................................................................... 5, 6, 7, 14

Fed. R. Civ. P. 9(b)......................................................................................*passim*

**Regulations**

21 C.F.R. § 130.6(a)............................................................................................ 3

DAVIS WRIGHT TREMAINE LLP

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No. 3:24-cv-06834-JD

DAVIS WRIGHT TREMAINE LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs' Second Amended Complaint (SAC) fails to fix the plausibility and notice problems that resulted in the Court's prior dismissal. Like the prior complaint, the SAC still fails to state claims that Trader Joe's "Avocado Oil—All-Purpose High Heat Cooking Oil" label is misleading, because it "lacks 'sufficient factual matter'" to state a "plausible" claim "and also does not present enough facts to meet the heightened pleading standards of Rule 9(b)." Dkt. 35. Courts in the Ninth Circuit have dismissed near-identical complaints (also filed by plaintiffs' counsel) for the same reasons. *McConnon v. Kroger Co.*, 2024 WL 3941340 (C.D. Cal. 2024); *Hawkins v. Walmart, Inc.*, 766 F. Supp. 3d 1036 (E.D. Cal. 2025); *Smith v. Safeway, Inc.*, 2025 WL 2778327 (N.D. Cal. 2025). Plaintiffs' amendments, despite now including a short "expert" declaration and fatty acid profiles for two Avocado Oil samples, regurgitate the same conclusory and insufficient allegations—that the sample did not "conform" to proposed purity standards—which, as before, fail to allege plausibly or with particularity that the Avocado Oil bottles they purchased, or any other bottle, contain anything other than avocado oil.[1] The Court should dismiss with prejudice for the same reasons as in its prior order, namely:

***First***, as the Court found as to the FAC, the SAC's "main allegations about why Trader Joe's avocado oil representation is false and deceptive are too vague to plausibly state a claim or provide defendants with fair notice of the allegations they will be called upon to answer." Dkt. 35. They still do not, and cannot, plausibly plead the Avocado Oil label represents that it is "100%" or "only avocado oil" or that it complies with Codex Alimentarius Commission's (Codex) purity standards, which until recently were undergoing revision and have not been adopted in the U.S. Plaintiffs' new "expert" declaration simply states (like the FAC) that two Avocado Oil samples' fatty acid levels fail to "conform" to the Codex standards, based on only "subtle variations compared to the codex ranges," and then repeats Plaintiffs' previous, unexplained conclusion that the Avocado Oil "contains other oils" without any facts to show how such non-conformity to

---

[1] Although the Court must accept well-pleaded (and not conclusory) factual allegations for purposes of a motion to dismiss, Trader Joe's stands behind this product and believes it to be authentic and not adulterated.

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No. 3:24-cv-06834-JD

Codex standards can plausibly show the avocado oil contains another oil (it cannot). Indeed, the SAC still fails to address the UC Davis studies' fatal admissions (incorporated into the SAC) that *preclude* such plausibility, *i.e.*, that Codex standards are not designed to detect the presence of other oils, as fatty acid levels could be caused by many factors other than adulteration—which another court in this district recently held rendered such testing an implausible basis for demonstrating avocado oil is adulterated with another oil. *Smith*, 2025 WL 277832, at *2. And the SAC *still* omits other necessary facts: what "other oil" is in any sample, in what amount, how it got there, virtually anything about the tested samples, or how the two samples can be extrapolated to any other bottle. Plaintiffs' failure to cure these defects, after three chances, shows they cannot.

**Second**, Plaintiffs' amendments do not address the other, independent reasons warranting dismissal. They still fail to allege, as they must to state a claim for breach of the implied warranty of merchantability, that the Avocado Oil was not fit for ordinary use. They still fail to allege facts to plausibly plead the requisite fraudulent intent for their intentional misrepresentation claim. Finally, they still fail to allege any facts demonstrating Trader Joe's willful or malicious conduct as required to allege their claim for punitive damages.

Trader Joe's respectfully requests the Court dismiss again, this time with prejudice.

## II.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

### A.    Trader Joe's Sells Avocado Oil—All-Purpose High Heat Cooking Oil

Trader Joe's is a nationwide retailer that sells, among other products, Trader Joe's Avocado Oil (Avocado Oil). Dkt. 38 (SAC) ¶¶ 10, 13, 22. The front label states it is "Avocado Oil—All-Purpose High Heat Cooking Oil" and the back label includes an ingredient disclosure, which lists "avocado oil." *Id.* ¶¶ 22–26. The label does not contain the words "pure" or "only." *See id.*

### B.    Plaintiffs' First Amended Complaint

On March 13, 2025, Plaintiffs Kevin Smith and Clair Awad filed this action, claiming "Avocado Oil—All-Purpose High Heat Cooking Oil" is misleading. Plaintiffs' suit followed several near-identical avocado oil cases against other defendants, and was followed by Smith's near-identical lawsuit against Safeway. Three other courts, like this Court, have dismissed the complaints for failure to plausibly plead any avocado oil label is misleading. *McConnon*, 2024 WL

3941340, at *3–5; *Hawkins*, 766 F. Supp. 3d at 1042–44; *Smith*, 2025 WL 2778327, at *1–2.

Here, Plaintiffs each allege they purchased a bottle of the Avocado Oil: Smith from a store in California "[i]n September 2024" and Awad "[i]n late summer of 2024" "in New York." Dkt. 22 (FAC) ¶¶ 9, 12. Plaintiffs allege they read the label to promise it is "only" avocado oil, which they claim is false because it allegedly contains unidentified "other oils." *Id.* ¶ 3. They allege that had they known it was "adulterated," they "would not have purchased it, or would have paid less." *Id.* ¶¶ 9, 12. Plaintiffs do not explain how the bottles they purchased were "adulterated."

Plaintiffs referred to Codex's recent standard of identity for avocado oil (which is not adopted in the U.S.[2]), *id.* ¶ 38, but did not allege they used this standard, or that this standard can establish the presence of other oils. Instead, Plaintiffs claimed only that "testing" concluded "the fatty acid profile of the [Avocado Oil] does not match the 'fingerprint' corresponding to avocado oil." *Id.* ¶¶ 40–42. They did not allege the results of the "testing," when or how the testing was conducted, which products were tested, how it showed the Avocado Oil contains another oil, what other oil the product contains, or how other oil was introduced to the bottle. The FAC also referenced an August 2024 Washington Post article discussing avocado oil studies conducted by UC Davis. *Id.* ¶ 45; Harper Decl. Ex. 1. But these studies did not directly test for adulteration; instead, they tested fatty acid profiles for a handful of avocado oils (including a single sample from Trader Joe's) against the then-Codex-proposed standard, while detailing the standard's faults, including that natural variables other than adulteration affects fatty acids. Harper Decl. Exs. 2 & 3.

**C.     The Court Dismisses Plaintiffs' First Amended Complaint**

On April 17, 2025, Trader Joe's moved to dismiss Plaintiffs' FAC on the same bases it makes the instant motion—including that it failed to allege plausibly or with the particularity required under Rule 9(b) that the Avocado Oil contained anything other than avocado oil or that the label was deceptive. Dkt. 26. Trader Joe's explained the purported testing could not plausibly show the Avocado Oil contained anything other than avocado oil and the allegations failed provide sufficient notice of the claims and precluded materiality, among other grounds for dismissal.

---

[2] The FDA evaluates and considers whether to adopt Codex standards. 21 C.F.R. § 130.6(a). The FDA has not adopted or formally reviewed any standard to define avocado oil in the U.S.

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No. 3:24-cv-06834-JD

DAVIS WRIGHT TREMAINE LLP

This Court granted the motion and dismissed the FAC. Dkt. 35. The Court held the FAC "lacks 'sufficient factual matter' to cross th[e] bar" "to state a claim to relief that is plausible on its face," "and also does not present enough facts to meet the heightened pleading standards of Rule 9(b)." *Id.* It further explained, "Plaintiffs' main allegations about why Trader Joe's avocado oil representation is false and deceptive are too vague to plausibly state a claim or provide defendants with fair notice of the allegations they will be called upon to answer." Dkt. 35. Although the Court allowed Plaintiffs to amend, it explained it would "likely be the last time leave will be granted." *Id.*

### D. Plaintiffs File a Still-Defective Second Amended Complaint

Plaintiffs' SAC suffers from the same defects. Harper Decl. Ex. 4. They add a few allegations describing fatty acids and fatty acid testing. SAC ¶¶ 31–34, 44–45. They also attach a declaration of a purported expert who "reviewed" the fatty acid testing for two Avocado Oil samples, Dkt. 38-1 ¶ 15 & Exs. A & B, and add allegations reciting the expert's conclusions. SAC ¶¶ 46–55. But the expert's conclusions repeat the same conclusory facts from the FAC: the two samples "do not conform to the Codex [] standard," Dkt. 38-1 ¶ 2, because the fatty acid levels "show[ed] subtle variations compared to the codex ranges," *Id.* ¶¶ 18–19. He then makes the leap (as Plaintiffs did in the FAC) with no facts or explanation, that this variation means "the Products contain significant quantities of other oil or oils that render the Products adulterated." *Id.* at p.5. Neither the declaration, nor anything in the SAC, provides facts supporting this conclusion, nor addresses the UC Davis studies' admissions that avocado oils' fatty acid composition may vary for many reasons other than adulteration. Harper Decl. Exs. 2 & 3.The SAC still fails to identify what is in the avocado oil that is not avocado oil, in what amount, how it got there, how they can extrapolate two samples to any other bottles, or how the test results show any statement on the label is false or misleading. Trader Joe's now files its third motion to dismiss.

### III. THE COURT SHOULD DISMISS THE SAC WITH PREJUDICE

The Court should dismiss Plaintiffs' claims for the same reasons it dismissed in August 2025. Dkt. 35. Namely, (A) All their claims fail because they still fail to allege plausibly or with particularity that the Avocado Oil contains any oil other than avocado oil, the label contained any misrepresentation that would mislead reasonable consumers, or that any such misrepresentation is

DAVIS WRIGHT TREMAINE LLP

material. (B) Their claims fail for additional, claim-specific reasons, including they fail to allege (1) a breach of the implied warranty of merchantability; (2) intent necessary for intentional misrepresentation; and (3) facts supporting their claim for punitive damages. Because Plaintiffs have failed to cure the FAC's deficiencies, the Court should dismiss with prejudice. *See* Dkt. 35.

### A.    Plaintiffs' Claims Fail the Reasonable Consumer Test.

Plaintiffs' SAC still fails to allege plausibly the Avocado Oil label deceived reasonable consumers, as they must to state each of their claims. As detailed below, this Court and several others have already dismissed on this basis, under both Rule 8(a) and 9(b), warranting dismissal here because Plaintiffs' amendments fail to cure this problem. Even setting aside those cases, Plaintiffs' SAC still fails the reasonable consumer test. The Court should dismiss with prejudice.

### 1.    Legal Standards: Plausibility, Reasonable Consumer, and Rule 9(b)

Plaintiffs must satisfy three pleading requirements to state their claims.

*Plausibility.* Plaintiffs must "plead[] factual content that allows … the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court need not accept as true "bare assertions" or conclusions of law. *Id.* at 681. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility.'" *Id.* at 678.

*The Reasonable Consumer Test.* Under both California and New York law, Plaintiffs must plausibly allege facts showing the challenged label was "likely to mislead a reasonable consumer." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) (affirming dismissal of NY and CA consumer claims). "This is not a negligible burden." *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021). "[It] requires a probability 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" *Id.* "[W]here a Court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate." *Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973, 978 (C.D. Cal. 2013); *Cleveland v. Campbell Soup Co.*, 647 F. Supp. 3d 772, 776 (N.D. Cal. 2022) (Donato, J.) (dismissing NY and CA consumer deception claims as implausible).

*Rule 9(b).* Where the claims are "grounded in fraud," as here, the complaint must also

DAVIS WRIGHT TREMAINE LLP

satisfy "the heightened pleading requirements of Rule 9(b)." *Beasley v. Conagra Brands, Inc.*, 374 F. Supp. 3d 869, 881 (N.D. Cal. 2019). It "must 'identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false.'" *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).

### 2.    This Court's Order and Others Still Militate in Favor of Dismissal

As a threshold matter, the Court's prior dismissal order, and the dismissals of similar complaints in *Hawkins*, *McConnon*, and *Smith* remain applicable, despite Plaintiffs' amendments.

The Court previously held Plaintiffs' FAC failed to provide "sufficient factual matter" to cross the plausibility "bar" or to "meet … Rule 9(b)." Dkt. 35. The Court explained "Plaintiffs' allegations about why Trader Joe's avocado oil representation is false and deceptive are too vague to plausibly state a claim or provide defendants with fair notice of the allegations they will be called upon to answer." *Id.* Other California district courts have dismissed similar avocado oil claims—including Smith's claims against another defendant—for similar reasons. *Smith*, 2025 WL 2778327, at *1–2; *McConnon*, 2024 WL 3941340, at *3–5; *Hawkins*, 766 F. Supp. 3d at 1042–44.

In *McConnon*, the court held plaintiff's similar "allegations fail[ed] to plausibly state a claim for relief under Rule 8(a), much less … Rule 9(b)." 2024 WL 3941340, at *3. The court concluded the "Cold-Pressed Avocado Oil" label statement did not promise "pure" avocado oil, as the term "pure" "is nowhere to be found." *Id.* The court explained "even if" the label conveyed it was "pure," "Plaintiff fails to define that term" and thus "provides insufficient detail from which Defendant can discern how its label is allegedly misleading." *Id.* The plaintiff also "fail[ed] to explain the significance of the purportedly high level of fatty acids and sterols [in her testing], rendering the complaint subject to dismissal." *Id.* at *3 n.3. The court concluded "Plaintiff has not adequately alleged that the Avocado Oil is anything other than what it claims to be: cold-pressed avocado oil[,]" and dismissed the UCL, FAL, CLRA, warranty, and fraud claims. *Id.* at *3–5.

The *Hawkins* court agreed with the *McConnon* ruling and dismissed there too. *Hawkins*, 766 F. Supp. 3d at 1042–44. The court explained, despite plaintiff's assertion "that the Avocado Oil representation … claims that the product contains only avocado oil" or is "pure," the label does not assert "the avocado oil is 'pure' or '100%' avocado oil" and so plaintiff failed to show plausibly

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No. 3:24-cv-06834-JD

1    that any "reasonable consumer would be misled." *Id.* at 1043. The court also rejected the alleged

2    testing, noting "Hawkins provides no allegation as to why the 'fatty acid and sterol profiles' mean

3    that the avocado oil is not pure, no measure for purity, no allegation as to whether or how any such

4    'purity' was compromised during the manufacturing or processing process, and no specific facts as

5    to any other oils or ingredients allegedly present." *Id.* at 1044–45.

6         Judge Martínez-Olguín of the Northern District dismissed Plaintiff Smith's similar claims

7    against Safeway. *Smith*, 2025 WL 2778327, at *1–2. The court held the complaint "lacks well-

8    pleaded factual allegations plausibly suggesting the presence of other oils in any bottle of

9    Safeway's avocado oil" because it did not "plausibly connect" the testing "to the assertion that the

10   bottle purchased by Plaintiff, or any bottle sold during the class period, contained any oil other than

11   avocado oil." *Id.* at *1. The court also rejected Smith's allegation the avocado oil is "adulterated

12   with other oils" because "the allegation directly contradicts the UC Davis studies, which are

13   incorporated by reference into the FAC and 'call into question this very inference.'" *Id.* at *2.

14        Despite Plaintiffs having the benefit of this Court's decision and several others detailing the

15   rampant shortcomings with these avocado oil claims, Plaintiffs' SAC still fails to address them,

16   making clear they cannot. Like the labels in *Hawkins* and *McConnon*, Plaintiffs' allegations that

17   reasonable consumers read the Avocado Oil label to say "only avocado oil" is implausible out of

18   the gate, as the label makes "no assertion" that it is "'100%' avocado oil." *Hawkins*, 766 F. Supp.

19   3d at 1043; *see McConnon*, 2024 WL 3941340, at *3. Nor does the label promise the Avocado Oil

20   complies with the Codex's changing and only recently-finalized standard (which the FDA has not

21   adopted). Plaintiffs thus cannot plausibly allege the label is false or misleading.

22        Further, the SAC still fails to provide plausible or particularized facts to show how the

23   Avocado Oil is not "only avocado oil" under either Rule 8(a) or 9(b) (as detailed *infra*). As before,

24   Plaintiffs fail to allege how testing two or three bottles against the Codex purity standard can

25   plausibly show the Avocado Oil contains any other oil—and their cited studies makes clear it does

26   not. *Smith*, 2025 WL 2778327, at *2 (finding the US Davis studies preclude such "inference"). The

27   SAC adds generic allegations about fatty acids, a few details of their testing, and a short "expert"

28   declaration that—just as the FAC did—states two samples' fatty acid profiles do not "conform" or

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No. 3:24-cv-06834-JD

DAVIS WRIGHT TREMAINE LLP

have "subtle variations" from the Codex standards, and then jumps to the unexplained and implausible conclusion that the avocado oil contains "other oils." Dkt. 38-1 ¶¶ 2, 18–19, p.5. And the SAC and its new declaration *still* lack key requisite facts: ***what is in the avocado oil that is not avocado oil, in what amount, and how did it get there***? *Hawkins*, 766 F. Supp. 3d at 1044 (dismissing for failure to plead "whether or how any … 'purity' was compromised during the manufacturing or processing process" and "specific facts as to any other oils or ingredients allegedly present in the Avocado Oil."). Plaintiffs still fail to remedy these fatal defects.

### 3.    Plaintiffs Still Fail to Allege *How* or *Why* the Label is False.

Even setting aside these prior orders, Plaintiffs' allegations remain conclusory and insufficient. As detailed below, the SAC (a) still does not provide a plausible foundation for their claims; (b) fails to provide sufficient notice; and (c) forecloses materiality.

### a.    The "Testing" Allegations Still Fail Plausibility Standards.

Plaintiffs' revised testing allegations still fail to provide a plausible basis for their conclusion the Avocado Oil is adulterated. Plaintiffs still do not claim they tested the products purchased, and their new allegations, via a purported expert declaration, that two samples' fatty acid profiles' "show subtle variation from" to the only recently finalized Codex "fingerprint" for pure avocado oil[3] (standards the FDA has not formally evaluated or adopted, and the Avocado Oil never promised to meet) still does not plausibly establish any bottle of Avocado Oil actually contains anything other than avocado oil, let alone some "other" non-avocado "oil."

Courts have dismissed such testing-based claims of "adulteration" when a plaintiff claimed (as here) tests suggested certain products were adulterated. *See Meyer v. Colavita, Inc.*, 2011 WL 13216980, at *5 (S.D. Fla. 2011) (dismissing similar claims based on "speculation and unwarranted extrapolation from" flawed UC Davis olive oil study); *Smith*, 2025 WL 2778327, at *2 (rejecting UC Davis and laboratory testing allegations); *McConnon*, 2024 WL 3941340, at *3 n.3 (dismissing where "Plaintiff fails to explain the significance [of test results]"); *Hawkins*, 766 F. Supp. 3d at

---

[3] Plaintiffs' allegations show the standard has changed since the October 2020 and 2023 UC Davis studies, and was not adopted at the time of their testing. SAC at 9 nn. 14–16, citing https://tinyurl.com/4b6jdznw (outlining recommended changes to standard, for example, to account for "a range of values that includes avocado oils from different parts of the world"); Dkt. 38-1 ¶ 17.

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No. 3:24-cv-06834-JD

DAVIS WRIGHT TREMAINE LLP

1043–44 (dismissing where plaintiff "vaguely alleges that third-party laboratory testing confirmed that the oil was not 'pure'"); *see also Aloudi v. Intramedic Rsch. Grp.*, 729 F. App'x 514, 516 (9th Cir. 2017) (affirming dismissal where study insufficient to "state a sufficiently plausible or specific claim of actual falsity"); *Lowe v. Edgewell Pers. Care Co.*, 711 F. Supp. 3d 1097, 1105 (N.D. Cal. 2024) (dismissing where testing allegations failed to support plausible claim that product contained PFAS); *Bounthon v. Proctor & Gamble Co.*, 2024 WL 4495501, at *7–9 (N.D. Cal. 2024) (same).[4]

   *Meyer* is instructive. In *Meyer*, plaintiffs alleged "extra virgin" olive oils they purchased in Florida were adulterated based solely on a UC Davis study. 2011 WL 13216980, at *5. The study used a "very limited sampling" of olive oil, which was not "statistically significant," and included "somewhat inconclusive" results. *Id.* The court held this insufficient, even "setting aside [the] flaws, and assuming their results as true," because the tests "at best" supported the inference that the tested oils "do not meet all of the standards promulgated by the IOC for extra virgin olive oil." *Id.* Because plaintiffs had not alleged "facts presenting a nexus" between the products purchased and those tested, the results did "little to support an inference that" plaintiffs "have been wronged or sold 'fake' olive oil." *Id.* The court dismissed, holding any extrapolation from the study to the products plaintiffs purchased was "unwarranted" and "speculat[ive]." *Id.* at *3, *5.

   Plaintiffs' "testing" allegations—the UC Davis studies and their laboratory testing of two samples—is even more flawed and tenuous than in *Meyer*, and exhibit multiple, critical flaws that preclude them from plausibly alleging the Avocado Oil was adulterated with other oil.

   **First**, Plaintiffs do not overcome the UC Davis studies' concession that multiple causes *other than adulteration* explain the fatty acid deviations among samples, precluding Plaintiffs' claims. Harper Decl. Exs. 2 & 3.[5] Their amendments, including the declaration, fail to address this fatal defect at all. Just a month ago, Judge Martínez-Olguín dismissed Smith's other avocado oil lawsuit for this reason, noting the same UC Davis study "explained its results could be due to

---

   [4] *Accord Martin v. Onnit Labs Inc.*, 2023 WL 8190712, at *5–7 (C.D. Cal. 2023) (dismissing where cited studies did not sufficiently support falsity); *Onaka v. Shiseido Ams. Corp.*, 2023 WL 2663877, at *5 (S.D.N.Y. 2023) (same, "Plaintiffs provide no facts" to "extrapolate that their isolated testing should apply broadly"); s*ee also Garland v. Kroger Co.*, 2025 WL 474914, at *7–9 (S.D. Cal. 2025) (same, testing allegations failed Rule 9(b)).
   [5] The UC Davis studies are incorporated into the FAC by reference. *See Martin v. Doctor's Best, Inc.*, 2023 WL 6370230, at *6 (C.D. Cal. 2023).

DAVIS WRIGHT TREMAINE LLP

DAVIS WRIGHT TREMAINE LLP

natural variance of the avocado fruits or processing conditions" rather than adulteration. *Smith*, 2025 WL 2778327, at *2. The court thus declined to "accept as true Plaintiff's allegation that Safeway's avocado oil is 'adulterated with other oils' in reliance on purported independent laboratory testing and a 2024 Washington Post article because the allegation directly contradicts the UC Davis studies, which … 'call into question this very inference.'" *Id.* at 2–3. Thus, Smith's allegations failed to "cross the line between possibility and plausibility." *Id.* (citation omitted).

Indeed, the studies explain that "how much natural variables such as cultivars, harvest time, and geographic origins may affect fatty acids in pure avocado oil is still not completely understood." Harper Decl. Ex. 3 at 3; Ex. 2 at 3, 6, 7. Thus, many explanations exist for variations in fatty acid levels—adulteration is only *one* of many possibilities. Courts, as in *Smith*, dismiss adulteration claims as implausible where the test could produce false-positives or only "might" show adulteration. *Bounthon*, 2024 WL 4495501, at *8 (such testing could not plausibly show product contained PFAS); *Andrews v. Proctor & Gamble Co.*, 2019 WL 6520045, at *3 (C.D. Cal. 2019) (study could not plausibly show product contained PFAS, where test screened for "fluorine," which only "indicates that PFASs *might* be present"). The claims fail for this reason alone.

**Second**, the UC Davis studies and Plaintiffs' testing still suffer from the same statistical flaws as the *Meyer* tests: UC Davis tested only one sample of Trader Joe's Avocado Oil (in 2020 or 2023), and Plaintiffs' laboratories tested only two (in 2024). Harper Decl. Ex. 1 at 1, Ex. 2 at 1, Ex. 3 at 2; Dkt. 38-1 ¶¶ 16–17. This does not produce a statistically significant result. *In re Avocado Oil Mktg. & Sales Prac. Litig.*, 766 F. Supp. 3d 1333, 1334 (J.P.M.L. 2025) (noting the UC Davis studies "produced widely varying results" across samples). And neither UC Davis study identifies Trader Joe's products as a subject, much less specific testing results—rather, the Washington Post article merely vaguely describes a test result that is impossible to assess. *Compare* SAC ¶ 63 & Harper Decl. Ex. 1, *with* Harper Decl. Exs. 2–3. The studies (and article)—and Plaintiffs' own declaration—acknowledge significant variation in test results even between lots of the same product, precluding extrapolation. Harper Decl. Ex. 1 at 8; Dkt. 38-1 ¶ 18 (noting the "importance of method consistency and sample origin" due to "variations"). Plaintiffs still allege no basis for extrapolation. They cannot "support their claims with speculation and unwarranted extrapolation"

from such limited and "somewhat inconclusive" findings. *Meyer*, 2011 WL 13216980, at *5; *Smith*, 2025 WL 2778327, at*1 (dismissing as FAC "fails to plausibly connect [testing] to the assertion that the bottle purchased by Plaintiff, or any other bottle"); *see Andrews*, 2019 WL 6520045, at *3 (claim implausible where based on conclusory allegations that "overstate the findings" of study).

**Third**, even if the Court credits the UC Davis studies and Plaintiffs' declaration, the tests still, at most, only ***possibly*** indicate adulteration, but do not ***plausibly*** allege the Avocado Oil contains other oils. Plaintiffs, through their new declaration, merely allege the test results do not "conform" to the Codex's changing purity standard. Harper Decl. Ex. 3 at 1, 3; SAC ¶ 48; Dkt. 38-1 ¶ 2. As the studies acknowledge, this testing *does not* show adulteration, because "due to the lack of standards, one cannot easily make … claims" about whether differing oil profiles are "a result of economic adulteration." Harper Decl. Ex. 2 at 6; *see In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1052 n.1 (9th Cir. 2023) ("When a general conclusion in a complaint contradicts specific facts retold in a document … incorporated by reference in the complaint, … those specific facts are controlling."). Indeed, Plaintiffs allege the Codex standards are designed to test for "a 100% authentic and or pure avocado oil," not to test for the presence of another oil. SAC ¶ 40. Plaintiffs allege no plausible facts to support their leap from possible adulteration (which could be due to corrosive environment, passage of time, byproduct of processing, etc.) to the inclusion of a different oil. Plaintiffs suggest purity standards exists for other oils, Dkt. 38-1 ¶ 12 & Ex. D, yet apparently used none of those to determine what "other" non-avocado oil is in the product. *Meyer* held that variances from even *well-established*, adopted olive oil standards were inadequate, as they "paint[ed]" only "a very incomplete picture" that did not support plaintiffs' claims. 2011 WL 13216980 at *5. Plaintiffs likewise do not allege plausible facts to show how the testing results support their theory. *Id.*; *Lowe*, 711 F. Supp. 3d at 1104 ("testing allegations" "insufficient to state a plausible claim" where "cursory, providing no specificity as to the results reached or any other findings that would support Plaintiff's interpretation of those results").

**Fourth**, Plaintiffs fail to allege how three samples' purported failure to "conform" to Codex standards, which, as noted *supra*, are designed to gauge purity or authenticity and not to confirm the presence of other oils, renders any part of the label false. Nothing on the label promises "pure"

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No. 3:24-cv-06834-JD

avocado oil, or that the avocado oil will conform to changing Codex standards. *See Hawkins*, 766 F. Supp. 3d at 1043. Plaintiffs' testing simply fails to "match" any alleged misrepresentations, and cannot plausibly establish deception. *See Martin*, 2023 WL 8190712, at *5 (dismissing mislabeling claims; "The significance of Plaintiff's scientific studies 'depends upon a comparison of the match between the representations at issue and the evidence that allegedly debunks them.").

**Fifth**, Plaintiffs still allege no "nexus or connection" between the Avocado Oil they purchased in 2024 in California and New York and the samples tested, which may differ in area of purchase, corrosive environments, and origin, among other factors. *See Meyer*, 2011 WL 13216980, at *5. As in *Meyer*, the UC Davis studies here note that samples were purchased "throughout the US and Canada," and the SAC still does not allege when or where any testing samples where purchased. Harper Decl. Ex. 3 at 1; SAC ¶¶ 46–56. The UC Davis studies acknowledge "significant differences" between lots of the same product, further attenuating the link between bottles tested and bottles purchased. Harper Decl. Ex. 1 at 8.

Plaintiffs thus still fail to allege plausibly the Avocado Oil contains any other oil.

### b.    The Allegations Fail to Provide Sufficient Notice.

This Court already held, "Plaintiffs' main allegations about why Trader Joe's avocado oil representation is false and deceptive are too vague to plausibly state a claim or provide defendants with fair notice of the allegations they will be called upon to answer." Dkt. 35.

Plaintiffs' amendments fail to cure this fatal defect, because the SAC still does not identify *how* and *why* the Avocado Oil label is false. Plaintiffs offer no specific facts as to what other oil is allegedly present in the Avocado Oil, in what amount, how they reach that conclusion, or how it got there. Nor do they allege *how* any purported adulteration renders the label false when it merely states it is "Avocado Oil—All-Purpose High Heat Cooking Oil." They contend the label is false based on a failure to conform to Codex standards, but nothing on the label promises the Avocado Oil complies with inapplicable, changing standards of fatty acid levels as determined by Codex (which had not even been finalized when Plaintiffs made their purchase). In short, Plaintiffs still present ***no plausible or particularized theory of falsity.*** These basic factual allegations are critical. Without them, Trader Joe's is left guessing at Plaintiffs' theory of deception and falsity: How is the

DAVIS WRIGHT TREMAINE LLP

product not avocado oil? Do they merely contend the product does not conform to the Codex's irrelevant standard for pure avocado oil? What do they contend is in it besides avocado oil, if anything? How much? How did it get there? Is it merely a trace amount? Is it nothing at all?

This Court is not alone in dismissing claims lacking such key facts. *Supra* Section III.A.2. And courts in the Ninth Circuit routinely reject such unsupported conclusions that a product lacks a quality or ingredient. In *Figy v. Frito-Lay North America, Inc.*, the court dismissed claims challenging "All Natural" labels as misleading, because plaintiffs failed to allege "how or why the offending ingredients are unnatural." 67 F. Supp. 3d 1075, 1090 (N.D. Cal. 2014). The court explained "[i]t is insufficient under Rule 9(b) to simply assert … an ingredient is unnatural. Rather, Plaintiffs must plead … facts explaining what these ingredients are and how they are unnatural." *Id.*; *see also Svensrud v. Frito-Lay N. Am., Inc.*, 2020 WL 8575056, at *4 (C.D. Cal. 2020) (claims not "plausible" because "allegations are devoid of any facts suggesting the basis for [plaintiff's] claim that the Product contains artificial cheddar"); *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1090–92 (N.D. Cal. 2017) (dismissing claim based on excessive "added sugar" where plaintiff "inadequately alleged the amount of added sugar"); *see also Cleveland*, 647 F. Supp. 3d at 775–76 (dismissing as implausible reduced-calorie claims premised on "0g Sugars" statement).

Similarly, here, Plaintiffs needed to amend with facts identifying what components in the Avocado Oil were not "only avocado oil" and why, or how any purported adulteration rendered the label false. As they still fail to do so, and the Court should dismiss with prejudice.

### c.    The Allegations Preclude a Showing of Materiality.

Because Plaintiffs' SAC still fails to identify what renders the product not "only avocado oil," they cannot allege materiality. *Brod v. Sioux Honey Ass'n Coop.*, 927 F. Supp. 2d 811, 831 (N.D. Cal. 2013) (dismissing where complaint "provides no indication that the presence or absence of pollen plays a substantial part in the reasonable consumer's decision to purchase honey") (cleaned up); *Bounthon*, 2024 WL 4495501, at *9 (dismissing claim where plaintiffs "failed to plausibly allege PFAS are present in the Products at a harmful level"). Indeed, Plaintiffs still do not explain what consumers expected, how the Avocado Oil differed from that expectation, or how the difference is material, leaving fatal gaps in their pleadings. *See Myers-Taylor v. Ornua Foods N.*

DAVIS WRIGHT TREMAINE LLP

*Am., Inc.*, 2019 WL 424703, at *5 (S.D. Cal. 2019) (plaintiff failed to satisfy Rule 9(b) with no "objective or plausible definition for" challenged label term); *Tran v. Sioux Honey Ass'n Coop.*, 471 F. Supp. 3d 1019, 1022, 1026–28 (C.D. Cal. 2020) (granting summary judgment on claim that labels "indicated that 'the products only contained honey'" because plaintiff provided no evidence that consumers would not expect "trace amounts" of other ingredients). Plaintiffs' bare assertion that "testing revealed that the [Avocado Oil is] not only avocado oil" cannot substitute for the requisite plausible and particularized facts. SAC ¶ 56; *Iqbal*, 556 U.S. at 680–81 (courts disregard "bare assertions" or conclusions of law). Their bare assertions "stops short of the line between possibility and plausibility" and fail to satisfy either Rule 8(a) or Rule 9(b), requiring dismissal. *See id.* at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility'"); Dkt. 35.

### B.    Plaintiffs' Claims Fail for Additional, Claim-Specific Reasons.

#### 1.    Plaintiffs' Implied Warranty Claim Fails.

Plaintiffs' amendments also fail to address Trader Joe's prior arguments for dismissal of the implied warranty claim. The implied warranty of merchantability makes certain guarantees, including that goods "are fit for the ordinary purposes for which such goods are used." *Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402, 406 (2003). "[T]he implied warranty of merchantability … provides for a minimum level of quality." *Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.*, 992 F. Supp. 2d 962, 979 (C.D. Cal. 2014). Thus, a plaintiff "must show that the product 'did not possess even the most basic degree of fitness for ordinary use.'" *Id.* (quoting *Mocek*, 114 Cal. App. 4th at 406); *Beasley v. Tootsie Roll Indus., Inc.*, 85 Cal. App. 5th 901, 709 (2022) ("to breach the implied warranty, a product must lack 'even the most basic degree of fitness for ordinary use'").

Plaintiffs fail to allege the required breach, because they do not allege the Avocado Oil lacks "even the most basic degree of fitness for ordinary use." *Mocek*, 114 Cal. App. 4th at 406. Indeed, they still admit that they would have purchased the "adulterated avocado oil" at a lower price. SAC ¶¶ 10, 13. This still warrants dismissal. *See Hawkins*, 766 F. Supp. 3d at 1044.

#### 2.    Plaintiffs' Misrepresentation Claim Fails for Lack of Fraudulent Intent.

Plaintiffs' intentional misrepresentation claim fails for the additional reason that they still

DAVIS WRIGHT TREMAINE LLP

fails to allege the requisite fraudulent intent. Under both California and New York law, this claim requires pleading, among other elements, both "knowledge of falsity" and "intent to induce reliance[.]" *Nazemi v. Specialized Loan Serv'g, LLC*, 637 F. Supp. 3d 856, 861 (C.D. Cal. 2022); *IKB Int'l S.A. v. Bank of Am. Corp.*, 584 F. App'x 26, 27 (2d Cir. 2014) (same). A plaintiff must allege "specific facts to suggest" a defendant has the requisite "scienter." *Lazo v. Bank of Am., N.A.*, 2012 WL 1831577, at *9 (N.D. Cal. 2012); *see IKB Int'l*, 584 F. App'x at 27 (same). Where a plaintiff alleges only "conclusory" allegations of knowledge—i.e., defendant "knowingly made a false" representation—the court should dismiss. *Lazo*, 2012 WL 1831577, at *9; *O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 676 (2d Cir. 1991) (affirming dismissal of fraud claim).

Plaintiffs made no effort to amend their conclusory allegations. They allege only Trader Joe's "knew that the [avocado oil statement] was misleading, … as evidenced by Trader Joe's intentionally and conspicuously placing it on the packaging." SAC ¶ 121. Such conclusory and circular allegations are insufficient. *E.g.*, *Lazo*, 2012 WL 1831577, at *9. And Plaintiffs' allegation that Trader Joe's "knows, knew, or should have known" the label is "false and misleading," SAC ¶ 78, undermines the knowledge requirement, as it suggests Trader Joe's had knowledge only *after* Plaintiffs' purchase, not when the alleged representation was made. The claim fails on this basis.

### 3.    Plaintiffs' Request for Punitive Damages Should Be Dismissed.

Plaintiffs' amendments also still fail to allege sufficient facts supporting their request for punitive damages. Where plaintiffs allege only the conclusory statement that a defendant's conduct was "willful and malicious[,]" punitive damages are insufficiently pleaded. *Rausch v. Flatout, Inc.*, 660 F. Supp. 3d 855, 863 (N.D. Cal. 2023). "A request for punitive damages against a corporation must include allegations relating to the corporation's officers, directors, or managing agents. … [A] company simply cannot commit willful and malicious conduct—only an individual can." *Harper Cosntr. Co. v. Nat'l Union Fire Ins. Co.*, 2020 WL 1820124, at *7 (S.D. Cal. 2020) (granting judgment on the pleadings). Plaintiffs still allege no facts supporting their request for punitive damages, *see* SAC at 24, so the Court should dismiss this claim.

For the reasons above, Plaintiffs' Second Amended Complaint remains fatally deficient and Trader Joe's respectfully requests the Court dismiss it with prejudice. *See* Dkt. 35.

DAVIS WRIGHT TREMAINE LLP

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No. 3:24-cv-06834-JD

DATED October 1, 2025

DAVIS WRIGHT TREMAINE LLP

By: */s/ Jacob M. Harper*
      Jacob M. Harper

Attorneys for Defendant
TRADER JOE'S COMPANY

DAVIS WRIGHT TREMAINE LLP

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No. 3:24-cv-06834-JD