Jacob M. Harper (SBN 259463)
Heather F. Canner (SBN 292837)
Joseph Elie-Meyers (SBN 325183)
DAVIS WRIGHT TREMAINE LLP
350 S. Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Facsimile: (213) 633-6899
Email: jacobharper@dwt.com
heathercanner@dwt.com
josepheliemeyers@dwt.com

Caleah N. Whitten (*pro hac vice pending*)
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone: (206) 622-3150
Facsimile: (206) 757-7700
Email: caleahwhitten@dwt.com

Attorneys for Defendant
TRADER JOE'S COMPANY

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN SMITH and CLAIR AWAD, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRADER JOE'S COMPANY,<br><br>Defendant. | Case No. 3:24-cv-06834-JD<br><br>Assigned to the Honorable James Donato<br><br>**DEFENDANT TRADER JOE'S COMPANY'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date: December 4, 2025<br>Time: 10:00 a.m.<br>Location: Courtroom 11, 19th Floor<br><br>Action Filed: September 27, 2024 |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. THE COURT SHOULD DISMISS THE SAC WITH PREJUDICE ................................... 2

    A. Plaintiffs' Claims Fail the Reasonable Consumer Test. ............................................ 2

        1. This Court's Order and Others Still Militate in Favor of Dismissal. ............ 2

        2. Plaintiffs Still Fail to Allege *How* or *Why* the Label is False. ....................... 4

            a. The "Testing" Allegations Still Fail Plausibility Standards. .............. 4

            b. The Allegations Fail to Provide Sufficient Notice. ........................... 8

            c. The Allegations Preclude a Showing of Materiality. ........................ 9

    B. Plaintiffs' Claims Fail for Additional, Claim-Specific Reasons. ............................. 10

        1. Plaintiffs' Implied Warranty Claim Fails. .................................................... 10

        2. Plaintiffs' Misrepresentation Claim Fails for Lack of Fraudulent Intent. ............................................................................................................ 10

        3. Request for Punitive Damages Should Be Dismissed. ................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andrews v. Proctor & Gamble Co.*,
 2019 WL 6520045 (C.D. Cal. 2019) ................................................................................ 5, 6, 7

*Bounthon v. Proctor & Gamble Co.*,
 2024 WL 4495501 (N.D. Cal. 2024) ................................................................................ 5, 6, 7

*Dawar v. Sovena USA, Inc.*,
 2025 WL 2495915 (N.D. Ill. 2025) .......................................................................................... 9

*Engalla v. Permanente Med. Grp., Inc.*,
 15 Cal. 4th 951 (1997) .............................................................................................................. 9

*Evancho v. Fisher*,
 423 F.3d 347 (3d Cir. 2005) ..................................................................................................... 5

*Figy v. Frito-Lay N. Am., Inc.*,
 67 F. Supp. 3d 1075 (N.D. Cal. 2014) ..................................................................................... 9

*Golikov v. Walmart Inc.*,
 2025 WL 648532 (C.D. Cal. 2025) ................................................................................. passim

*Gudgel v. Clorox Co.*,
 514 F. Supp. 3d 1177 (N.D. Cal. 2021) ................................................................................... 3

*Hauck v. Advanced Micro Devices, Inc.*,
 2018 WL 5729234 (N.D. Cal. 2018) ...................................................................................... 10

*Hawkins v. Walmart, Inc.*,
 766 F. Supp. 3d 1036 (E.D. Cal. 2025) ........................................................................... 2, 3, 9

*In re Aluminum Warehousing Antitrust Litig.*,
 95 F. Supp. 3d 419 (S.D.N.Y. 2015) ........................................................................................ 5

*Kwikset Corp. v. Superior Ct.*,
 51 Cal. 4th 310 (2011) .............................................................................................................. 9

*Lazo v. Bank of Am., N.A.*,
 2012 WL 1831577 (N.D. Cal. 2012) ...................................................................................... 10

*Marshall v. Procter & Gamble Co.*,
 2025 WL 2662863 (N.D. Cal. 2025) ........................................................................................ 6

*Martin v. Onnit Labs Inc.*,
 2023 WL 8190712 (C.D. Cal. 2023) ........................................................................................ 6

*Martinez v. Metabolife Int'l, Inc.*,
    113 Cal. App. 4th 181 (2003) .................................................................................... 10

*McConnon v. Kroger Co.*,
    2024 WL 3941340 (C.D. Cal. 2024) ....................................................................... 2, 3

*Meyer v. Colavita USA Inc.*,
    2011 WL 13216980 (M.D. Fla. 2011) .......................................................................... 8

*Mocek v. Alfa Leisure, Inc.*,
    114 Cal. App. 4th 402 (2003) .................................................................................... 10

*Mollaei v. Otonomo Inc.*,
    651 F. Supp. 3d 1135 (N.D. Cal. 2023)) ..................................................................... 7

*Morris v. Mott's LLP*,
    2019 WL 948750 (C.D. Cal. 2019) ............................................................................ 10

*Myers-Taylor v. Ornua Foods N. Am., Inc.*,
    2019 WL 424703 (S.D. Cal. 2019) .............................................................................. 3

*Naimi v. Starbucks Corp.*,
    798 F. App'x 67 (9th Cir. 2019) ............................................................................... 4, 5

*Prescott v. Saraya USA, Inc.*,
    2025 WL 1361486 (S.D. Cal. 2025) ............................................................................ 9

*Saidian v. Krispy Kreme Doughnut Corp.*
    2017 WL 945083 (C.D. Cal. 2017) .............................................................................. 3

*Scheibe v. ProSupps USA, LLC*,
    141 F.4th 1094 (9th Cir. 2025) ........................................................................... 6, 7, 8

*Schuchardt v. President of the U.S.*,
    839 F.3d 336 (3d Cir. 2016) ........................................................................................ 5

*Smith v. Safeway, Inc.*,
    2025 WL 2778327 (N.D. Cal. 2025) ................................................................... *passim*

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011) ..................................................................................... 6

*Sutton v. Tapscott*,
    120 F.4th 1115 (2d Cir. 2024) ..................................................................................... 5

*Trammell v. Albertsons Cos., Inc.*,
    2024 WL 5480483 (S.D. Cal. 2024) ............................................................................ 9

*Viggiano v. Hansen Nat. Corp.*,
    944 F. Supp. 2d 877 (C.D. Cal. 2013) ......................................................................... 3

iii

*Weekly v. United States*,
    2023 WL 6796428 (E.D. Cal. 2023) ................................................................................ 6

*Weiss v. Trader Joe's Co.*,
    2018 WL 6340758 (C.D. Cal. 2018) ................................................................................ 3

*Wertmeyer v. Walmart, Inc.*,
    142 F.4th 491 (7th Cir. 2025) .......................................................................................... 5

**Statutes**

28 U.S.C. § 1927 ...................................................................................................................... 2

**Rules**

Fed. R. Civ. P. 8(a) .................................................................................................................. 4

Fed. R. Civ. P. 9(b) ........................................................................................................*passim*

# I. INTRODUCTION

Plaintiffs' Opposition fails to address the glaring holes in their SAC that precludes them from reaching the plausibility and Rule 9(b) thresholds—issues this Court ruled warranted dismissal of their FAC. In fact, Plaintiffs ignore the Court's dismissal Order entirely, and fail to explain how their amendments and new "expert" declaration, which repeat the same insufficient, conclusory statements as in their FAC, cure the prior defects (they do not). Now, as before, Plaintiffs point to test results that are—as Plaintiffs and their sources admit—a function of geographic source, corrosive environments, processing conditions, and more. Now, as before, Plaintiffs' leap to their preferred conclusion of "adulteration" is derived from pure speculation, not factual allegations. Their speculation cannot bridge the gap to a viable claim. Trader Joe's respectfully submits this Court should find, as a sister court in this District recently did, that such testing devoid of fact allegations does not lead to a reasonable inference of adulteration. *Smith v. Safeway, Inc.*, 2025 WL 2778327, at *1–2 (N.D. Cal. 2025).

And even if the Court credited Plaintiffs' speculation, they still fail to address the many other testing problems Trader Joe's raised in its prior motion to dismiss: improper use of Codex's changing "standard" not adopted in the U.S.; the non-representative sample size; their failure to link testing to Plaintiffs' purchased product, or to any representation on the label. Plaintiffs offer no valid basis to depart from the Court's prior dismissal Order, which applies with equal force to the same implausible theory Plaintiffs again assert. Dismissal is warranted, now with prejudice.

*First*, the SAC still does not (and cannot) allege how Trader Joe's "Avocado Oil—All-Purpose High Heat Cooking Oil" plausibly contains any other oil, or how the label is rendered false by any purported failure to meet the recently finalized Codex purity standards for avocado oil. Plaintiffs fail to meaningfully address the four district court orders dismissing near-identical claims as implausible, including this Court's order. Instead they rely heavily on out-of-circuit authority to argue (incorrectly) the Court should blindly accept testing allegations without any plausibility analysis. Plaintiffs also fail to distinguish the many in-Circuit cases dismissing based on the very testing flaws their allegations and declaration exhibit. This includes the on-point case directly rejecting Plaintiffs' theory that a failure to conform to the Codex standard "equates to adulteration."

1

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No. 3:24-cv-06834-JD

*Smith*, 2025 WL 2778327, at *1. Further, Plaintiffs admit they *still* have not alleged what other oil they contend is in the Avocado Oil, in what amount, or how it got there, despite several opportunities to allege those basic, requisite facts. *Hawkins v. Walmart, Inc.*, 766 F. Supp. 3d 1036 (E.D. Cal. 2025) (dismissing similar claims on this basis).

***Second***, Plaintiffs' SAC fails to remedy the other, independent reasons warranting dismissal of their claims for breach of implied warranty; fraud; and punitive damages.

The Court should dismiss again, without leave to amend. *See* Dkt. 35.

## II.     THE COURT SHOULD DISMISS THE SAC WITH PREJUDICE

### A.     Plaintiffs' Claims Fail the Reasonable Consumer Test.

#### 1.     This Court's Order and Others Still Militate in Favor of Dismissal.

This Court's prior order along with the *Smith*, *Hawkins*, and *McConnon v. Kroger Co.*, 2024 WL 3941340 (C.D. Cal. 2024) orders dismissing near-identical avocado oil claims still justify dismissal here. Dkt. 41 (Mot.) at 6–8. Plaintiffs ignore this Court's Order and misconstrue the other cases while relying on the still-unpersuasive *Golikov v. Walmart Inc.*, 2025 WL 648532 (C.D. Cal. 2025)—raising the same unsuccessful arguments from their prior opposition brief.[1] None works.

To start, Plaintiffs fail to address the fatal deficiencies the Court already held warranted dismissal. They do not explain how the SAC or declaration remedies their "too vague" allegations, which cannot "plausibly state a claim or provide defendants with fair notice." Dkt. 35. They do not because they cannot, as their SAC and its declaration merely parrot the same deficient, conclusory allegations, which their handful of new allegations about Codex testing and unexplained testing results fail to cure. As they offer no basis to depart from the Court's prior Order, they concede the Court should adopt the same conclusion here too.

Next, Plaintiffs fail to meaningfully distinguish *McConnon*, *Hawkins*, or *Smith*'s three primary, applicable dismissal holdings. *Golikov*'s lone departure from these cases is not persuasive, as it diverges from and overlooks on-point in-Circuit authority, departs from *McConnon* and *Hawkins* without a reasoned basis, and does not address many of the pleading defects here.

---

[1] The *Golikov* court ultimately compelled the case to arbitration and sanctioned plaintiff's counsel under 28 U.S.C. § 1927 for statements of "false fact." No. 2:24-cv-08211 (C.D. Cal.), Dkt. 98.

DAVIS WRIGHT TREMAINE LLP

First, Plaintiffs fail to distinguish the holdings that an "avocado oil" label does not represent "pure" or "100%" avocado oil. Mot. 6–7 (citing *Hawkins*, 766 F. Supp. 3d at 1043 (label contains no assertion "the avocado oil is 'pure' or '100%' avocado oil"); *McConnon*, 2024 WL 3941340, at *3 ("Plaintiff imports the term 'pure'—which is nowhere to be found on the bottle"); *Myers-Taylor v. Ornua Foods N. Am., Inc.*, 2019 WL 424703, at *4 (S.D. Cal. 2019)). This analysis comports with Ninth Circuit authority dismissing claims that try to read a non-existent statement into a label. *E.g.*, *Weiss v. Trader Joe's Co.*, 2018 WL 6340758, at *5 (C.D. Cal. 2018), *aff'd*, 838 F. App'x 302 (9th Cir. 2021) (a "reasonable consumer would not 'assume things about a product other than what the statement actually says'") (cleaned up); *Gudgel v. Clorox Co.*, 514 F. Supp. 3d 1177, 1186 (N.D. Cal. 2021) (rejecting mislabeling claim where challenged "phrase does not appear on the product's label"). By contrast, *Golikov*, in concluding the "avocado oil" label implied it was "only avocado oil," did not engage with *any* authority, and strained to distinguish *McConnon* and *Hawkins* by stating that unlike in those cases, Golikov's "only avocado oil" theory does "not rely on any implied terms." 2025 WL 648532, at *3 & n.1. But that is no distinction, as *Hawkins* also recognized that "avocado oil" cannot be read to mean "only avocado oil," as that would be reading a non-existent "'100%' avocado oil" statement into the label.[2] *Hawkins*, 766 F. Supp. 3d at 1043.

Second, *Smith*, *McConnon*, and *Hawkins* also confirm that Plaintiffs' allegations that a few Avocado Oil bottles had "subtle variations" from the Codex standard cannot plausibly establish that they contained another oil. *See McConnon*, 2024 WL 3941340, at *3 & n. 3; *Hawkins*, 766 F. Supp. 3d at 1043–44; *Smith*, 2025 WL 2778327, at *1. *Smith* in particular rejected Plaintiff Smith's claim that the Codex standards could plausibly show adulteration, because such inference "directly contradicts" the UC Davis studies also cited here. 2025 WL 2778327, at *1–2. Without sufficient factual allegations to support Plaintiffs' conclusion that a departure from the Codex standards means the Avocado Oil contains other oils, and in light of the UC Davis studies' explanation that such conclusion cannot be reached, the SAC is "devoid of the factual content necessary to cross

---

[2] *Saidian v. Krispy Kreme Doughnut Corp.* does not support Plaintiffs' theory; it holds that a label naming an ingredient merely suggests the product contains some of that ingredient, not that it is 100% that ingredient. 2017 WL 945083, at *3 (C.D. Cal. 2017). Plaintiffs' other cited case supports dismissal. *Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 892 (C.D. Cal. 2013) (no deception where "product's front label is accurate and consistent with the statement of ingredients").

'the line between possibility and plausibility." *Id.* To distinguish *Smith*, which involved the same "adopted" Codex standard, Plaintiffs assert, without explanation, that the SAC here is more "comprehensive" and applies the "adopted" Codex standard. Dkt. 42 (Opp.) at 3–4. They identify no allegations in the "comprehensive" SAC that actually fix this problem; rather, the SAC merely repeats the same conclusory statements as in their FAC and *Smith*, which their "expert" declaration's unsupported conclusion that the product contains some unknown "oil or oils" fails to remedy. *Golikov* does not help. *Golikov* departed from the great weight of Ninth Circuit authority (including the authority it cites) in failing to examine the testing allegations under Rule 8(a) and 9(b), and only addressed two of the five testing allegation defects raised here, while ignoring on-point authority demonstrating these flaws warrant dismissal. 2025 WL 648532, at *3–4; Mot. 9 & n.4. Indeed, in the *Naimi v. Starbucks Corp.*, 798 F. App'x 67, 69 (9th Cir. 2019) decision *Golikov* relied on in declining to examine testing allegations, the Ninth Circuit actually closely examined the detailed testing allegations there to conclude the testing was sufficient to state the claim, as discussed further *infra*. 2025 WL 648532, at *3. These cases still militate dismissal.

### 2. Plaintiffs Still Fail to Allege *How* or *Why* the Label is False.

The SAC fails because (a) the testing allegations do not plausibly establish falsity, (b) its vague allegations fail under Rule 9(b), and (c) it forecloses materiality. Mot. 8–14.

#### a. The "Testing" Allegations Still Fail Plausibility Standards.

Trader Joe's explained Plaintiffs' testing allegations fail to establish plausible claims, for many independent reasons. Mot. 8–12. Plaintiffs first argue the Court need not evaluate the plausibility of the testing allegations at this stage, which is false. Opp. 6–7. Plaintiffs then attempt, but fail, to address the five fatal flaws with their testing precluding plausibility. *Id.* at 8–9.

##### (1) Plaintiffs Must Plausibly Allege Their Testing Allegations.

Recognizing their testing allegations still fall short, Plaintiffs repeat the same incorrect, failed argument from their prior opposition: their testing allegation flaws are a "merits-based" deficiency not resolved at the pleadings. Opp. 6–7. Trader Joe's cited ample authority where courts dismissed based on the same testing allegation flaws. Mot. 8–12. Plaintiffs only engage with a few of these cases, fail to distinguish them, and cite no cases that eliminate this pleadings threshold.

For starters, Plaintiffs rely heavily on out-of-circuit cases to argue this Court should accept their unsupported and conclusory allegations as true, without evaluating the plausibility of their testing allegations. Opp. 6. That is not the law, and Plaintiffs' out-of-circuit cases are inapposite.[3]

Indeed, Plaintiffs' own cited Ninth Circuit case demonstrates courts *do* examine the sufficiency of testing at the pleadings to determine whether a claim is plausible. In *Naimi* (cited at Opp. 5), the Ninth Circuit, when evaluating whether a beverage contained the promised amount of caffeine, analyzed in detail the plaintiff's alleged "laboratory testing" of the beverage's caffeine content to determine if the plaintiff "plausibly" alleged falsity—including the "20 samples" tested, the specific results, plaintiff's explanation for why the testing method was appropriate, and the alleged "independent[] statistical analysis" showing the difference in caffeine content was "statistically significant." 798 F. App'x at 69. The Ninth Circuit did not accept conclusory assertions that testing of a few samples, showing "subtle" deviations from uncertain and changing standards, somehow shows untested bottles contain another oil without any explanation, as Plaintiffs ask the Court to do here. Rather, the Ninth Circuit closely examined the testing allegations to determine whether they plausibly supported falsity. District courts follow suit. Mot. 8–12 (citing, *e.g.*, *Bounthon v. Proctor & Gamble Co.*, 2024 WL 4495501, at *8 (N.D. Cal. 2024); *Andrews v. Proctor & Gamble Co.*, 2019 WL 6520045, at *3 (C.D. Cal. 2019)). Thus, *Golikov*'s apparent holding that a plaintiff need not allege facts to plausibly link a purchased product to testing, for which it cited *Naimi*, is inconsistent with this Circuit's authority requiring such allegations. 2025 WL 648532, at *3 (cited at Opp. 5). Plaintiffs fail this plausibility threshold.

### (2) Plaintiffs' Allegations Fall Short.

Next, Trader Joe's established five independent flaws in Plaintiffs' testing allegations, each of which shows why the allegations cannot plausibly support their claims. Mot. 9–12. Plaintiffs'

---

[3] *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005) (affirming dismissal; "While we appreciate that the discovery process is designed to enable a plaintiff … to undercover evidence that may support the allegations set forth in a complaint, a court is not required to assume that a plaintiff can prove facts not alleged."); *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (privacy-related claims); *Sutton v. Tapscott*, 120 F.4th 1115, 1123 (2d Cir. 2024) (sexual assault claims); *In re Aluminum Warehousing Antitrust Litig.*, 95 F. Supp. 3d 419, 437 (S.D.N.Y. 2015) (antitrust claims). If the Court is inclined to look out of circuit, *Wertmeyer v. Walmart, Inc.*, 142 F.4th 491, 502–03 (7th Cir. 2025), aligns with the Ninth Circuit's approach.

Opposition fails to demonstrate otherwise, relying on the same implausible allegations of adulteration and arguments the Court rejected in its prior Order.

*First*, Plaintiffs do not establish how the samples' purported failure to "conform" to the Codex purity standards renders any portion of the label false. Mot. 11–12. Plaintiffs do not address and thus concede this argument. *Weekly v. United States*, 2023 WL 6796428, at *5 (E.D. Cal. 2023) ("failure to respond to a defendant's argument … in a dispositive motion constitutes waiver"). Plaintiffs merely reiterate their conclusory assertion that the samples' slight deviation from Codex standards somehow "indicates that the Product contains oils other than avocado oil." Opp. 6. But it does not, and Plaintiffs fail to "match" their testing to any label representations as necessary to plausibly allege deception. *See Martin v. Onnit Labs Inc.*, 2023 WL 8190712, at *5 (C.D. Cal. 2023) (dismissing; "The significance of Plaintiff's scientific studies 'depends upon a comparison of the match between the representations at issue and the evidence that allegedly debunks them.'").

*Second*, as explained in the Motion, the deviations in fatty acid levels Plaintiffs cite derive from myriad other possible factors, not adulteration; absent actual non-speculative factual allegations, Plaintiffs may not rely on these deviations alone to reach a conclusion of adulteration (Mot. 9–10; Dkt. 41-1 Ex. 3 at 3, Ex. 2 at 3, 6, 7)—the exact conclusion reached by the *Smith* court when it found no reasonable inference of adulteration in the same circumstances (2025 WL 2778327, at *2). *See also Marshall v. Procter & Gamble Co.*, 2025 WL 2662863, at *5 (N.D. Cal. 2025) (testing allegations implausible because they "are contradicted by materials Plaintiffs incorporated into the Complaint") (appeal docketed). Nothing in Plaintiffs' SAC, including the declaration, addresses this implausibility problem, and Plaintiffs' two arguments in response fail.

- As to their first response, Plaintiffs agree that Trader Joe's authority confirms that testing based on uncertain standards cannot support a plausible claim. Opp. 8 (discussing *Bounthon*, 2024 WL 4495501, at *8; *Andrews*, 2019 WL 6520045, at *3). Plaintiffs nevertheless argue an alternative explanation is immaterial unless it renders the plaintiff's theory implausible. Opp. 5–7 (citing *Scheibe v. ProSupps USA, LLC*, 141 F.4th 1094 (9th Cir. 2025); *Golikov*, 2025 WL 648532). But that rule applies only where the plaintiff's theory is plausible to begin with. Opp. 5 (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (addressing circumstance where "there

6

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No. 3:24-cv-06834-JD

are two alternative explanations … both of which are plausible")). Here it is not, as the *Smith* court and this Court already ruled. Further, *Scheibe* is inapposite; there, the plaintiff applied uncontradicted FDA-required testing standards; the only "alternative explanation" was "speculation" the testing results were incorrect. 141 F.4th at 1001. *Scheibe* has no application to Plaintiffs' contradicted testing standards here. *See*, *e.g.*, *Bounthon*, 2024 WL 4495501, at *8; *Andrews*, 2019 WL 6520045, at *3.

- As to the second, Plaintiffs next vaguely argue for the first time, without support, that the finalized Codex standard somehow eliminates one alternative cause of deviations—geographic variations. Opp. 7 (citing SAC ¶ 39 n.15). The SAC contains no such allegation, so the Court should disregard it. *Mollaei v. Otonomo Inc.*, 651 F. Supp. 3d 1135, 1143 (N.D. Cal. 2023), *aff'd*, 2025 WL 1163727 (9th Cir. 2025). In any case, the SAC and declaration contradict it, as the finalized Codex standard advises of the need to consider, in addition to its fatty acid ranges, "geographical" and "climatic variations" (the declaration acknowledges these variations but does nothing to address them). Dkt. 38-5 at 4 § 3.1; Dkt. 38-1 ¶ 18 ("importance of … sample origin").

***Third***, Plaintiffs' new declaration, like the SAC, simply alleges that the tests results do not "conform" to (i.e., have "subtle variations" from) the only-recently finalized purity standard—which has not been adopted in the U.S. At most, the tests can only *possibly* indicate adulteration, but do not *plausibly* allege the Avocado Oil contains other oils. Dkt. 38-1, *see* Mot. 11. Plaintiffs fail to address this additional, fatal defect. They concede the standards are intended to "define a 100% authentic and or pure avocado oil," not to confirm the presence of other oil. SAC ¶ 40; *see* Opp. 6 ("fingerprint" standard for "authentic" avocado oil). Plaintiffs do not dispute that their "expert" could have, but did not, use the standards for other "cheaper" oils to test whether they are present in the samples. Mot. 11. Their admitted failure to identify any other oil in the Avocado Oil (Opp. 6) further renders the claim implausible, especially because the UC Davis studies recognized variations could be explained by "natural variance of the avocado fruits or processing conditions," *inter alia*, rather than adulteration. *Smith*, 2025 WL 2778327, at *2.

***Fourth***, Plaintiffs allege no plausible basis to extrapolate testing for a few samples to any other bottle of Avocado Oil, particularly as the UC Davis studies confirm results may vary even for

7
REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No. 3:24-cv-06834-JD

a single product. Mot. 10–11. Plaintiffs again cite *Scheibe*, 141 F.4th at 1101, which fails to fix this fatal flaw. Opp. 8. As noted *supra*, in *Scheibe*, the plaintiff used FDA-required testing standards to show its claims challenging the product's 0 calories and 0 carbohydrates statements were not preempted. 141 F.4th at 1098–1100. The court held a single sample was enough under the circumstances because it "contained several times more carbohydrates and calories than the FDA allows to be listed as zero on the label," and even if other samples "contained far fewer carbohydrates and calories" that would still exceed the zero representation. *Id.* at 1100–01. *Scheibe* did not involve, as here, allegations that testing results vary across products, or results that only "subtl[y]" deviate from standards the FDA has not even adopted, which confirm a single sample is an implausible basis. Dkt. 38-1 ¶ 18. Plaintiffs also argue *Meyer v. Colavita USA Inc.*, 2011 WL 13216980 (M.D. Fla. 2011) (cited Mot. 10–11) is distinguishable because half of the two-part test for extra virgin olive oil was subjective, but that is beside the point. Opp. 8. *Meyer*'s holding still applies: "speculation and unwarranted extrapolation from the UC Davis Study's findings," based on "very small" "sample sizes" and "somewhat inconclusive" results "paints a very incomplete" picture that falls short of plausibly alleging the extra virgin olive oil is not extra virgin olive oil. 2011 WL 13216980, at *5 ("unwarranted deductions of fact and conclusory allegations" not saved by "hope that discovery will … validate the foundation for their claims.").

*Fifth*, Plaintiffs allege no nexus between the testing relied on and their purchased bottles, and the UC Davis studies preclude such a showing. Mot. 12 (citing *Meyer*, 2011 WL 13216980, at *1–3). Plaintiffs falsely claim *Scheibe* "addressed this issue head-on," Opp. 9, but it did not, and *Scheibe* is inapposite, as discussed *supra*. Plaintiffs fail to rectify this deficiency.

### b.    The Allegations Fail to Provide Sufficient Notice.

Plaintiffs do not remedy the notice issue the Court already found mandates dismissal under Rule 9(b). Dkt. 35; Mot. 12–13. Plaintiffs fail to address the Court's prior ruling, and instead concede they fail to disclose many of the requisite details, contending such basic facts are not required. Opp. 6, 9–11. They are wrong.

Trader Joe's cited authority makes clear Plaintiffs must allege what precisely is in the Avocado Oil that makes it not avocado oil, why, and the other circumstances of the alleged fraud—

8
REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No. 3:24-cv-06834-JD

which they failed to do. Mot. 12–13. Facing this reality, Plaintiffs argue "[n]othing in the law requires" Plaintiffs to "specifically allege what other non-avocado oils are present." Opp. 8. But the *Hawkins* court did just that in holding plaintiff failed to provide notice where it alleged "no specific facts as to any other oils or ingredients allegedly present in the Avocado Oil" and "no allegations as to whether or how [it] was compromised during the manufacturing or processing processes." 766 F. Supp. 3d at 1043–44; *accord, e.g.*, *Figy v. Frito-Lay N. Am., Inc.*, 67 F. Supp. 3d 1075, 1089–90 (N.D. Cal. 2014) (dismissing claims where plaintiff failed to allege which specific product ingredients rendered "All Natural" label false and why). *Golikov* is not persuasive on this point, as it merely stated "Defendant provides no authority" that those details are necessary, but overlooked ample authority dismissing where such facts are lacking. Mot. 12 (citing, *e.g.*, *Figy*, 67 F. Supp. 3d at 1090). Plaintiffs' other cited cases, which are inapposite and out-of-circuit, change nothing. Opp. 10–11.[4] Plaintiffs also claim they pled "how" by alleging the Avocado Oil did not "conform" to Codex standards (Opp. 3, 10), which merely reiterates the very allegations Trader Joe's explained were insufficient, while failing to address Trader Joe's arguments. Mot. 11–12.

### c.     The Allegations Preclude a Showing of Materiality.

Plaintiffs' SAC still fails to allege materiality, an independent basis for dismissal. Mot. 13–14. Plaintiffs invoke the unpersuasive *Golikov* decision and an irrelevant state court opinion (and another citing it) evaluating materiality evidence under a "summary judgment-like" standard. Opp. 11–12 (citing *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 977 (1997); *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 332 (2011)). *Golikov* undermines Plaintiffs' claim that materiality should not be decided on a motion to dismiss, because the court addressed the argument. 2025 WL 648532, at *4. And on that point *Golikov* is at odds with Ninth Circuit authority showing Plaintiffs must identify "how, and to what extent the Product was adulterated." *Id.*; *supra* at 9. These details

---

[4] *Trammell v. Albertsons Cos., Inc.*, 2024 WL 5480483, at *6 (S.D. Cal. 2024) (finding allegations that "testing revealed the D isomer was present in Product [plaintiff] purchased" sufficient to state "Naturally Flavored" label was false because the isomer does not occur naturally); *Prescott v. Saraya USA, Inc.*, 2025 WL 1361486, at *4 (S.D. Cal. 2025) (testing data "derived from FDA-prescribed methodology" showing carbs and calories sufficient to plead that "'zero net carbs' and 'zero calorie' labels are false"); *Dawar v. Sovena USA, Inc.*, 2025 WL 2495915, at *2 (N.D. Ill. 2025) (testing sufficient to show avocado oil "was not 100% pure as labelled"; noting particularized details required "vary on the facts of a given case").

are required to allege plausible materiality (Mot. 13–14).

### B. Plaintiffs' Claims Fail for Additional, Claim-Specific Reasons.

#### 1. Plaintiffs' Implied Warranty Claim Fails.

Plaintiffs' implied warranty claim also fails because they do not (and cannot) allege the Avocado Oil was not fit for ordinary use. Mot. 14. Plaintiffs concede they fail to so allege, instead arguing the implied warranty statute allows a claim where "goods do not conform to the promises" on the label. Opp. 13 (quoting *Martinez v. Metabolife Int'l, Inc.*, 113 Cal. App. 4th 181, 189 (2003)). Notwithstanding the statute's other provisions, even Plaintiffs' caselaw recognizes that implied warranty is meant to set a bare minimum for products: that they "are not fit for the ordinary purposes for which the goods are used." *Martinez*, 113 Cal. App. 4th at 189; *see also Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402, 406 (2003). Federal courts dismiss on this basis. *E.g.*, *Hauck v. Advanced Micro Devices, Inc.*, 2018 WL 5729234, at *8 (N.D. Cal. 2018) (citing *Mocek*). Plaintiffs' other cited case is inapposite, as the defendant did not make this argument. Opp. 13 (citing *Morris v. Mott's LLP*, 2019 WL 948750, *5–6 (C.D. Cal. 2019)). Even under Plaintiffs' theory, they fail to allege the breach of any "promise[] or affirmation[] of fact," as explained *supra*.

#### 2. Plaintiffs' Misrepresentation Claim Fails for Lack of Fraudulent Intent.

Plaintiffs still fail to allege the requisite intent for their fraud claim. Mot. 14–15. Plaintiffs respond with the unremarkable principle that Rule 9(b) does not apply to a defendant's intent and point to irrelevant statements allegedly made on Trader Joe's website. Opp. 13–14. As Trader Joe's cited cases establish (which Plaintiffs do not address), Plaintiffs' conclusory and circular allegations are insufficient. Mot. 15. With no "specific facts to suggest" Trader Joe's had fraudulent intent, their claim fails. *See Lazo v. Bank of Am., N.A.*, 2012 WL 1831577, at *9 (N.D. Cal. 2012).

#### 3. Request for Punitive Damages Should Be Dismissed.

Plaintiffs also fail to state the facts required for their punitive damages. Mot. 15. They contend courts cannot dismiss claims for punitive damages but ignore and fail to distinguish Trader Joe's cases where courts do just that when, as here, the allegations are insufficient to support such a request. *Id.* (citing cases). Plaintiffs again point to irrelevant and non-specific statements allegedly made on Trader Joe's website, Opp. 15, that still fail to meet the pleading standard.

| | |
|---|---|
| DATED: November 14, 2025 | DAVIS WRIGHT TREMAINE LLP |
| | By: */s/ Jacob M. Harper*<br>    Jacob M. Harper |
| | Attorneys for Defendant<br>TRADER JOE'S COMPANY |