**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (State Bar No. 295032)
Brittany S. Scott (State Bar No. 327132)
28 Geary Street, Ste. 650, #1507
San Francisco, CA 94108
Telephone: (415) 839-7000
Facsimile: (888) 410-0415
Email: yeremey@skclassactions.com
         brittany@skclassactions.com

*Attorneys for Plaintiffs*
*[Additional Counsel on Signature Page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLAIRE AWAD and KEVIN SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRADER JOE'S COMPANY,<br><br>Defendants. | Case No. 3:24-cv-06834-JD<br><br>**JOINT CASE MANAGEMENT STATEMENT PURSUANT TO CIVIL LOCAL RULE 16-9** |

JOINT CASE MANAGEMENT STATEMENT

Plaintiffs Claire Awad and Kevin Smith ("Plaintiffs") and Defendant Trader Joe's Company ("Defendant" or "Trader Joe's") (together with Plaintiffs, the "Parties") respectfully submit this Joint Case Management Statement in response to the Court's December 4, 2025 order. ECF 49.

**I.    JURISDICTION AND SERVICE**

**A.    Plaintiffs:** Plaintiffs allege that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d) because the proposed Classes consist of 100 or more members; the amount in controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists. The Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Plaintiffs served Defendant on October 3, 2024. ECF 12.

Plaintiffs' allegations support class treatment pursuant to Fed. R. Civ. P. 23(b)(2) insofar as Plaintiffs seek injunctive relief regarding the labeling of Defendant's at-issue Avocado Oil product ("Products") that is applicable to the class as a whole. Plaintiffs' allegations support class treatment pursuant to Fed. R. Civ. P. 23(b)(3) insofar as the allegations pose common questions of fact and law. Specifically, common questions regarding the lawfulness of Defendant's labeling the Products as "Avocado Oil"; whether the products are adulterated; whether the requirements for a class action are met; the measure of restitution and damages and scope of injunctive relief; and whether a nationwide class action is permissible under Ninth Circuit and California choice-of-law principles will tend to impact the class as a whole.

**B.    Defendant:** Defendant agrees the Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2), based on the claims as alleged by Plaintiffs. Defendant denies that Plaintiffs or any putative class member are entitled to the relief sought and that the allegations support class treatment under Fed. R. Civ. P. 23(b)(2) or (3).

**II.    FACTS**

**A.    Plaintiffs:**

This class action challenges Defendants' labeling and marketing of the Products as "Avocado Oil." ECF 38.

Specifically, Plaintiffs allege that Defendants labeled, formulated, and marketed the Products as "Avocado Oil." *Id.* at ¶¶ 1- 2. However, the Products are not only avocado oil and are

instead adulterated with other, cheaper oils. *Id.* at ¶ 4. Plaintiffs, reasonably relying on Defendant's "Avocado Oil" representation, believed that the Product contained only avocado oil. *Id.* at ¶¶ 9-14. If Plaintiffs and consumers knew that that Products were not just avocado oil and were adulterated with other, cheaper oils, they would not have purchased them, or would have paid significantly less for them. *Id*. Thus, Plaintiffs and consumers paid an unlawful premium for the Products and suffered an injury as a result.

**B.    Defendant:** In the Second Amended Class Action Complaint (SAC), Plaintiffs allege that the label for Trader Joe's "Avocado Oil—All-Purpose High Heat Cooking Oil" (the Avocado Oil) is misleading because the Avocado Oil purportedly contains some other unidentified oil.

Defendant denies the allegations, and denies that Plaintiffs are entitled to any relief, including certification of any class. Defendant stands behind its Avocado Oil and believes it to be authentic and not adulterated.

### III.    LEGAL ISSUES

**A.    Plaintiffs:** Plaintiffs contend that the key issues include the lawfulness of Defendant's labeling the Products as "Avocado Oil", whether the requirements for a class action are met, measure of restitution and damages and scope of injunctive relief, and whether a nationwide class action is permissible under Ninth Circuit and California choice-of-law principles.

Plaintiffs plead the following claims on behalf of themselves and all others similarly situated, or the applicable subclass(es): California's False Advertising Law (Count I), California's Unfair Competition Law (Count II), California's Consumer Legal Remedies Act (Count III), Breach of Express Warranty (Count IV), Breach of Implied Warranty (Count V), Intentional Misrepresentation (Count VI), New York's Consumer Protection Act (Count VII), and New York's False Advertising Law (Count VIII). ECF 38, *generally*. Plaintiffs, on behalf of themselves and all others similarly situated, seek restitution, damages, declaratory and injunctive relief, and all other remedies this Court deems proper. *Id.* at ¶¶ 5, 15.

**B.    Defendant:** Defendants contend the legal issues will include, among others:

- Whether Plaintiffs can satisfy Federal Rule of Civil Procedure 23 to certify a class,

including whether they are adequate class representatives, whether their claims are typical of the class, whether individualized issues and the need for mini-trials prevent Plaintiffs from establishing commonality, predominance, and superiority, among other prerequisites;

- Whether Plaintiffs can prove any false or misleading material statement to support their claims;
- Whether Plaintiffs can establish their reliance on and injury resulting from any purported false or misleading statement, as opposed to a lawyer-generated purchase;
- Whether Plaintiffs can establish that Trader Joe's Avocado Oil contains any oil other than avocado oil;
- Whether any false or misleading statement is likely to mislead a significant portion of reasonable consumers;
- Whether Plaintiffs have suffered any harm as a result of the alleged misconduct; and
- Whether Plaintiffs can establish the remaining elements of their claims.

The Parties reserve the right to supplement and assert additional legal theories in this case if it proceeds and as additional information becomes available.

### IV.   MOTIONS

On August 13, 2025, the Court dismissed the First Amended Complaint with leave to amend. Plaintiffs filed their Second Amended Complaint on September 3, 2025. ECF No. 38. Defendant moved to dismiss the Second Amended Complaint on October 1, 2025. ECF No. 41. On December 4, 2025, the Court denied Defendant's Motion to Dismiss the Second Amended Complaint. ECF No. 49.

There are no pending motions. Plaintiffs anticipate filing a motion for class certification and may also file a motion for summary judgment. Defendant intends to oppose any motion for class certification or for summary judgment by Plaintiffs.

Defendant also anticipates filing early motions to exclude under FRE 702 and *Daubert*, as detailed in Section VIII *infra*. Plaintiffs intend to oppose any such motions. Defendant also

anticipates filing a motion for summary judgment, which Plaintiffs also intend to oppose.

## V.   AMENDMENT OF PLEADINGS

Plaintiffs amended their complaint as of right pursuant to Rule 15(a)(1)(B) on March 13, 2025. ECF No. 22. On August 13, 2025, the Court dismissed the First Amended Complaint with leave to amend. Plaintiffs filed their Second Amended Complaint on September 3, 2025. ECF No. 38. Thereafter, Plaintiffs filed Notices of Errata correcting Exhibit B to the Declaration of John W. Finley and correcting the Declaration, itself. ECF Nos. 44, 45.

Plaintiffs do not anticipate any further need to amend, but reserve the right to do so consistent with the deadline in the proposed schedule.

## VI.   EVIDENCE PRESERVATION

Each of the Parties assert that they have reviewed this District's Guidelines for the Discovery of Electronically Stored Information and have taken responsible and necessary steps to comply with their obligations to preserve evidence relevant to the issues reasonably evident in this action.

## VII.   DISCLOSURES

The Parties intend to serve their respective Rule 26(a)(1) initial disclosures on the date set forth in Section 15.

## VIII.   DISCOVERY

Neither of the Parties have served discovery. Plaintiffs intend to serve interrogatories and requests for production of documents in due course. The Parties further agree to cooperate and work in good faith toward reaching an agreement on a stipulation regarding the preservation and production of electronically stored information, as well as a protective order governing the discovery and use of confidential information. If agreement cannot be reached, the Parties will seek Court intervention.

**A.   Plaintiffs:** Plaintiffs intend to seek discovery regarding, among other things: (i) documents sufficient to show sales to wholesalers, distributors, and retail consumers for each SKU of the Products; (ii) documents sufficient to show, for each SKU of the Products, the number of units sold, revenue generated by such sales, and pricing; (iii) documents sufficient to show all

label/packaging exemplars and changes (and the date thereof), if any, for each SKU of the Products; (iv) documents concerning the "Avocado Oil" representation and claims; (v) communications with customers, regulatory agencies, industry groups, and consumer advocacy groups concerning complaints or comments regarding the Products; (vi) documents related to any policy, procedure, practices, or budgeting for the marketing strategy used to market, promote, and/or sell the Products; (vii) documents showing any testing of the Products; (viii) identifying information for consumer purchasers of the Products; and (ix) any marketing research related to the Products, the "Avocado Oil" representation and claim, and/or food oils, including consumer surveys, focus groups, competitor products, and/or market share. Plaintiff may also seek expert opinion on, among other things, the accuracy of the "Avocado Oil" representation and claims, consumer perception of the claim, and damages. Plaintiffs note that this list is preliminary in nature and may change as discovery commences.

Plaintiffs believe that Defendant's proposed schedule regarding expert disclosures and *Daubert* challenges is premature and that expert discovery and disclosures should proceed in the ordinary course as set forth in their proposal in Section XVII. Defendant's proposal does not promote efficiency or judicial economy. Indeed, early disclosures and Daubert briefing without the benefit of sufficient time to conduct fact discovery would necessitate multiple phases of Daubert briefing, before, during, and after class certification. Moreover, discovery pertaining to Defendant's Product formulation, testing, sales records, consumer surveys, retailer and customer records, and marketing and advertising is necessary before expert disclosures on the merits or class certification can be made. Defendant's suggestion that discovery should be bifurcated to permit Defendant to file *Daubert* or summary judgment motions *before* Defendant produces key evidence pertaining to falsity (e.g., documents showing Defendant's Product formulations and testing) is unreasonable and would significantly prejudice Plaintiffs. *Imran v. Vital Pharmaceuticals, Inc.*, 2019 WL 13207582, at *1 (N.D. Cal. Sept. 4, 2019) ("This Court generally does not favor bifurcated discovery in a putative class action.")

**B. Defendant:** Defendant contends that, in the interest of efficiency and early resolution, the Parties should exchange expert disclosures early in the schedule, and resolve challenges to

5
JOINT CASE MANAGEMENT STATEMENT

expert witness testimony under *Daubert* early, because they raise case-determinative issues. Courts have successfully imposed early expert report disclosure deadlines to resolve key issues in mislabeling class actions, resulting in early and economical resolution. *E.g.*, *Gwinn v. Laird Superfood, Inc.*, 2023 WL 5827634, at *3 (S.D.N.Y. Sept. 8, 2023) ("the parties … were ordered on January 5, 2023 [prior to the open of fact discovery], to engage in an early exchange of expert disclosures on the issue of metrology, which is the science of measurement," which plaintiffs needed "to show that the Laird Product labels are misleading"); *see also McConnon v. The Kroger Co.*, No. 2:24-cv-2601-SB-E (C.D. Cal. 2024), Dkt. 22 (minute order where Court ordered the parties, at the motion to dismiss stage, to disclose "each side's respective testing and/or other information obtained about the purity of" avocado oil); *McConnon v. The Kroger Co.*, 2024 WL 3941340, at *1–3 & nn.1–3 (C.D. Cal. June 2, 2024) (granting motion to dismiss after plaintiff disclosed expert testing cited in complaint).

Such scheduling is particularly fitting and beneficial to the Parties and Court here, as Plaintiffs rely on their purported expert John W. Finley's testimony to prove the falsity required for their claims—in other words, as expert testimony is required to make this showing, they rely on it as their only evidence to show the Avocado Oil is adulterated with other oils. Thus, resolving whether this evidence is admissible under FRE 702 and *Daubert* could be case determinative and help assist with early resolution of this action. *E.g.*, *Gwinn*, 2023 WL 5827634, at *3 (resolving motion to exclude expert witness under *Daubert* prior to fact discovery because "[w]ithout expert testimony, the plaintiff is not able to show that the Laird Product labels are misleading."). Indeed, the Court in its recent Minute Order (Dkt. 49) indicated that the arguments challenging Plaintiffs' adulteration evidence "were better suited for a summary judgment motion." While Defendant agrees that this action could be resolved at summary judgment, Defendant posits that the Parties and Court have a path to a more quick and efficient resolution of this action—early expert disclosures and *Daubert* motions. Defendant's proposed schedule incorporates a well-timed expert disclosure and deadline for *Daubert* motions to achieve this goal.

**Defendant's Response.** Defendant disputes Plaintiffs' contention that this proposed

schedule is an attempt to bifurcate discovery as the schedule allows expert and fact discovery to proceed at the same time. Further, Plaintiffs' assertion that "Defendant's Product formulation, testing, sales records, consumer surveys, retailer and customer records, and marketing and advertising is necessary" improperly places the burden on Defendant to prove Plaintiffs' claims and ignores that, if Plaintiffs' expert cannot establish adulteration, their claims necessarily fail.

As to categories of discovery generally, Defendant anticipates that discovery may be needed regarding Plaintiffs' purported purchases of the avocado oil product and purchasing habits, information about the source of Plaintiffs' accusations about avocado oil content, their adequacy as putative class representatives, Plaintiffs' counsel's adequacy as putative class counsel, Plaintiffs' testing and source materials, Plaintiffs' communications and coordination with claimed experts and testing laboratories, and any witnesses who provided percipient evidence in support of Plaintiffs' motions.

### IX.   CLASS ACTIONS

**A.   Plaintiffs:** Plaintiffs intend to move for class certification consistent with the proposed schedule included in Section 17 below. Plaintiffs' counsel have reviewed the Procedural Guidelines for Class Action Settlements.

**B. Defendant:** Defendant will oppose class certification and believes that no class is certifiable under Rule 23. Defendant's counsel has reviewed the Procedural Guidelines for Class Action Settlements.

### X.   RELATED CASES

**A.   Plaintiffs:**   On October 28, 2024, Plaintiffs moved for coordination or consolidation before the Judicial Panel on Multidistrict Litigation ("JPML"). ECF No. 14. The Parties stipulated to a stay of proceedings in this matter pending the resolution of the JPML motion for coordination or consolidation, which the Court granted on November 26, 2024. ECF Nos. 15, 16. The JPML denied the motion for coordination or consolidation on February 6, 2025. ECF No. 19.

Given the denial of the JPML motion for coordination or consolidation, Plaintiffs are not aware of any other related cases as defined by L.R. 3-12 ("Definition of Related Cases. An action

is related to another when: (1) The actions concern substantially the same parties, property, transaction, or event; (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.").

**B.**     **Defendant:** Plaintiff Smith has filed a class action with similar claims against a different company based on its avocado oil product, which is currently pending in this district before Judge Martínez-Olguín under case no. 24-cv-07918-AMO. Aside from this and the cases Plaintiffs mentioned above, Defendant is not aware of any other related cases.

**XI.     RELIEF**

**A.**     **Plaintiffs:** Plaintiffs seeks all available damages (including but not limited to compensatory damages, consequential damages, and punitive damages), injunctive relief, restitution/disgorgement, pre/post-judgment interest, attorneys' fees, and costs and expenses.

**B.**     **Defendant:** Defendant denies that Plaintiffs or any putative class member have suffered any damages or are entitled to any relief.

**XII.    SETTLEMENT AND ADR**

The Parties have not discussed settlement.

**XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The Parties do not consent to a Magistrate Judge presiding over this case. Plaintiffs filed their declination to proceed before a Magistrate Judge on September 30, 2024. ECF No. 6. Thereafter, the case was reassigned to this Court. ECF Nos. 6, 8.

**XIV.    OTHER REFERENCES**

Plaintiffs have previously moved for coordination or consolidation before the JPML, which was denied. At this time, the Parties do not believe that this case is suitable for reference to binding arbitration or a special master.

**XV.     NARROWING OF ISSUES**

The Parties are presently unaware of any stipulations or agreements that could narrow the issues at this time.

**XVI.    EXPEDITED TRIAL PROCEDURE**

The Parties do not believe this case is suitable for the Expedited Trial Procedure of General

Order 64, Attachment A.

## XVII. SCHEDULING

Plaintiffs' proposed schedule largely corresponds with the timing of schedules typically entered before this Court in putative class actions. *See e.g. Doe v. Joyous PBC*, Case No. 3:24-cv-02357-JD, ECF No. 25; *Freedline v. O Organics LLC et al.*, Case No. 3:19-cv-01945-JD, ECF No. 38. Plaintiffs' position regarding Defendant's proposed schedule is set forth above in Section VIII.A. For Defendant's proposed schedule, it refers to its explanation in Section VIII.B *supra*.

| Event | Plaintiffs' Proposed Date | Defendant's Proposed Date |
|---|---|---|
| Deadline to serve Rule 26(a)(1) Initial Disclosures | **January 9, 2026** [21 days after the December 19, 2025 Rule 26(f) Submission] | 14 days after entry of scheduling order |
| Deadline to file Motion to Amend the Pleadings and/or Join New Parties | **January 20, 2026** [Approx. 30 days following December 19, 2025 Rule 26(f) Submission] | 30 days after entry of scheduling order |
| Close of Fact Discovery | **July 17, 2026** [Approx. 7 months after the December 19, 2025 Rule 26(f) Submission] | **November 13, 2026** |
| Initial Expert Reports | **July 31, 2026** [Approx. 14 days after close of fact discovery] | **March 13, 2026** |
| Rebuttal Expert Reports | | **April 13, 2026** |
| Close of Expert Discovery | **September 18, 2026** | **May 13, 2026** |

9
JOINT CASE MANAGEMENT STATEMENT

| Event | Plaintiffs' Proposed Date | Defendant's Proposed Date |
|---|---|---|
| | [Approx. 9 months after the December 19, 2025 Rule 26(f) Submission] | |
| Deadline to File *Daubert* Motions | | **May 20, 2026** |
| Hearing on *Daubert* Motions | | **June 25, 2026** |
| Deadline to file Plaintiffs' Motion for Class Certification | **October 2, 2026** [Approx. 14 days after close of expert discovery] | **January 29, 2027** |
| Deadline to file Defendant's Opposition to Class Certification | **November 6, 2026** [35 days after filing motion] | **February 12, 2027** |
| Deadline to file Plaintiffs' Reply in Support of Class Certification | **December 11, 2026** [Approx. 35 days after opposition] | **March 5, 2027** |
| Hearing on Class Certification Motion | **January 7, 2027, 11:00 AM** [27 days after filing reply] | **March 18, 2027, 11:00 AM** |
| Last day to file Dispositive Motions | March 3, 2027 [Approx. 3 months before pre-trial conference] | **February 11, 2027** |
| Pre-Trial Conference | June 3, 2027 at 1:30 p.m. [Approx. 18 days before trial] | **May 27, 2027, 1:30 PM** |
| Trial | June 21, 2027 | **June 15, 2027** |

| Event | Plaintiffs' Proposed Date | Defendant's Proposed Date |
|---|---|---|
| | [Approx. 18 months following December 19, 2025 Rule 26(f) Submission] | |

### XVIII. TRIAL

Plaintiffs demand a jury trial and estimates approximately seven to ten days for trial. Defendant preliminarily estimates four court days of trial time.

### XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiffs are not aware of any non-party interested entities or persons, other than putative class members. Defendant filed its certification of interested entities or persons pursuant to L.R. 3-15 on February 27, 2025. Dkt. 21.

### XX. PROFESSIONAL CONDUCT

Counsel for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### XXI. OTHER

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated:  December 19, 2025          **SMITH KRIVOSHEY, PC**.

By:     /s/ *Brittany S. Scott*
          Brittany S. Scott

Yeremey O. Krivoshey (State Bar No. 295032)
Brittany S. Scott (State Bar No. 327132)
28 Geary Street, Ste. 650, #1507
San Francisco, CA 94108
Telephone: (415) 839-7000
Facsimile: (888) 410-0415
Email: yeremey@skclassactions.com
        brittany@skclassactions.com

**SMITH KRIVOSHEY, PC**.
Joel D. Smith (State Bar No. 244902)

| | |
|---|---|
| 1 | 8667 Boylston Street, 5th Floor, Ste. 1520 |
| 2 | Boston, MA 02116<br>Telephone: (415) 839-7000 |
|  | Facsimile: (888) 410-0415 |
| 3 | Email: yeremey@skclassactions.com |
| 4 | brittany@skclassactions.com |
| 5 | **BURSOR & FISHER, P.A.**<br>Neal J. Deckant |
| 6 | 1990 North California Blvd., 9th Floor<br>Walnut Creek, CA 94596 |
| 7 | Telephone: (925) 300-4455<br>Facsimile: (925) 407-2700 |
| 8 | E-mail: ndeckant@bursor.com |
| 9 | **FARUQI & FARUQI, LLP**<br>Lisa T. Omoto (SBN: 303830) |
| 10 | 1901 Avenue of the Stars, Suite 10600<br>Los Angeles, CA 90067 |
| 11 | Telephone: (424) 256-2884<br>E-mail: lomoto@faruqilaw.com |
| 12 | *Attorneys for Plaintiffs* |
| 13 | Dated: December 19, 2025    **DAVIS WRIGHT TREMAINE LLP** |
| 14 | By:    /s/ *Jacob M. Harper* |
| 15 | |
| 16 | Jacob M. Harper (SBN 259463)<br>Heather F. Canner (SBN 292837) |
| 17 | Joseph Elie-Meyers (SBN 325183)<br>350 S. Grand Avenue, 27th Floor |
| 18 | Los Angeles, California 90071 |
| 19 | Telephone: (213) 633-6800<br>Facsimile: (213) 633-6899 |
| 20 | Email: jacobharper@dwt.com<br>heathercanner@dwt.com |
| 21 | josepheliemeyers@dwt.com |
| 22 | **DAVIS WRIGHT TREMAINE LLP** |
| 23 | Caleah N. Whitten (*pro hac vice*)<br>920 Fifth Avenue, Suite 3300 |
| 24 | Seattle, Washington 98104-1610<br>Telephone: (206) 622-3150 |
| 25 | Facsimile: (206) 757-7700 |
| 26 | Email: caleahwhitten@dwt.com |
| 27 | *Attorneys for Defendant*<br>*Trader Joe's Company* |
| 28 | |

**SIGNATURE ATTESTATION**

I, Brittany S. Scott, hereby attest that counsel for Defendant Trader Joe's Company has concurred with this filing.

Dated:  December 19, 2025

By:   /s/ *Brittany S. Scott*
       Brittany S. Scott