

NEW YORK          CALIFORNIA          GEORGIA          PENNSYLVANIA

Lisa T. Omoto
lomoto@faruqilaw.com

March 31, 2026

**VIA ECF**

The Honorable James Donato
United States District Judge
Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

> **Re:**    *Awad et al. v. Trader Joe's Company*, Case No. 3:24-cv-06834-JD

Dear Judge Donato:

We represent Plaintiffs Clair Awad and Kevin Smith ("Plaintiffs") in the above-captioned action. Plaintiffs respectfully submit this letter brief pursuant to the Court's Standing Order on Discovery Disputes (the "Discovery Order"). On January 20, 2026, Plaintiffs served their First Set of Interrogatories ("ROGSs") and Requests for Production ("RFPs") on Defendant Trader Joe's Company ("Trader Joe's" or "Defendant")). On March 13, 2026, after being granted an extension, Defendant served objections that contained neither substantive answers nor a commitment to produce a single document. Counsel for Plaintiffs sent a meet-and-confer email to defense counsel on March 20, 2026, requesting a conference pursuant to the Discovery Order. Rather than providing availability for a productive meet and confer, Defense counsel has entirely refused to provide any substantive responses or documents. Instead, Defendant is asserting that any discovery disputes are premature because a protective order and scheduling order have not been entered in this case. Defendant is thus refusing to produce discovery while opportunistically abusing the lack of an entered schedule or protective order to its favor, prejudicing Plaintiffs' case by hamstringing their ability to bolster it through discovery, and violating the letter and spirit of the Federal Rules by refusing to participate cooperatively in discovery.

Plaintiffs respectfully request a discovery conference, entry of the proposed scheduling order and protective order, and an order compelling Trader Joe's' cooperative participation in discovery.

**BACKGROUND**

This is a consumer protection class action alleging that Trader Joe's marketed and sold its Avocado Oil—All-Purpose High Heat Cooking Oil (the "Avocado Oil") under false and misleading "Avocado Oil" labeling, when in fact the product was adulterated with other oils. Plaintiffs' discovery goes to the core of the case: the product's formulation, any testing done by or for Trader Joe's, the decision to label the product as it did, and sales and pricing data necessary to support class certification and damages. Across 65 requests, Trader Joe's provided nothing except pages of recycled objections.

**DISPUTE NO. 1: TRADER JOE'S HAS PRODUCED NOTHING AND COMMITTED TO NOTHING**

Every response to each ROG or RFP—without exception—follows the same pattern: (1) incorporate all general objections by reference; (2) pile on specific objections; and (3) stop. There is no

"*Subject to and without waiving the foregoing objections, Trader Joe's will produce . . .*" language anywhere in either set of responses. This is not a narrow dispute about the scope of particular requests. It is a complete refusal to participate in discovery.

Courts in this District have repeatedly held that objections-only responses that do not specify what, if anything, will be produced are improper and subject to an order compelling full responses. *See, e.g., Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015). Trader Joe's has not offered even a partial response to any of Plaintiffs' Requests or Interrogatories. Further, Trader Joe's has not informed Plaintiffs as to whether it is withholding documents on the basis of these objections.

### DISPUTE NO. 2: TRADER JOE'S MAY NOT CONDITION COOPERATION ON ENTRY OF A PROTECTIVE ORDER

On March 27, counsel for Trader Joe's stated that their client "is not prepared to produce documents or provide substantive responses until an appropriate protective order is entered." This is not the law. There is no basis for a party to unilaterally withhold all production and all substantive responses pending entry of a formal protective order. No scheduling order or protective order has been entered, but that does not excuse a complete discovery standstill.

### DISPUTE NO. 3: TRADER JOE'S IMPROPERLY REWROTE PLAINTIFFS' DEFINED TERMS

Defendant unilaterally redefined three of Plaintiffs' key defined terms in ways that gut the requests:

- **"AVOCADO OIL REPRESENTATION."** Plaintiffs' definition captured the front-label "Avocado Oil" statement *and* any substantially similar terms—directly relevant to whether Trader Joe's uses analogous representations on other products or in other contexts. Trader Joe's stripped the "substantially similar terms" language entirely, insulating itself from requests that cut to the heart of its labeling practices.
- **"YOU/YOUR."** Trader Joe's refused to include its agents, contractors, and others acting on its behalf. This is significant: the supplier(s) who actually formulated and tested the oil are the most likely custodians of the core liability documents. Critically, Defense counsel also represents the third-party supplier, and has refused to produce documents in response to a subpoena, claiming that "Plaintiffs have made no showing that Trader Joe's is unwilling or unable to produce these requested documents." Counsel's creation of this Catch-22 is further evidence of counsel's gamesmanship.
- **"CLASS PERIOD."** Plaintiffs defined the Class Period to run through the present because the product continues to be sold and the deceptive labeling may persist. Trader Joe's capped the period at September 27, 2024 (the filing date), cutting off all post-suit information about the product's current formulation and labeling.

A party responding to discovery may not unilaterally rewrite the opposing party's definitions to unreasonably narrow the scope of requests. *See, e.g.*, *L.A. Terminals, Inc. v. United Nat'l Ins. Co.*, 340 F.R.D. 390, 396 (C.D. Cal. 2022); *see also Clement v. Alegre*, 177 Cal.App.4th 1277, 1286 (2009) (holding that "using a definition narrower than that provided" is "game-playing" that "deliberately misconstrued the question."). Plaintiffs request an order from the Court compelling Trader Joe's to respond using Plaintiffs' definitions.

### DISPUTE NO. 4: PRE-CERTIFICATION DISCOVERY IS PROPER AND REQUIRED

For at least fifteen RFPs and multiple interrogatories, Trader Joe's objects that the request is

"premature" because no class has been certified. This objection is legally meritless. Rule 26(b)(1) authorizes discovery into "any nonprivileged matter that is relevant to any party's claim or defense." Class certification has no bearing on what is discoverable at this stage. The formulation of the Avocado Oil, the testing history, and sales data are squarely relevant to liability and damages regardless of whether a class has been certified.

## DISPUTE NO. 5: THE INTERROGATORY COUNT OBJECTION (ROG NOS. 6–15)

Beginning with Interrogatory No. 6, Trader Joe's claims Plaintiffs have exceeded the 25-interrogatory limit by inflating the subpart count of earlier interrogatories. This manufactured objection—deployed precisely where the interrogatories ask for the most important information (sales data, formulation, product substantiation, and key personnel)—should be rejected. Interrogatories with subparts that are "logically or factually subsumed within and necessarily related to the primary question" count as one interrogatory. *Trevino v. ACB American Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006) (internal quotation omitted). Plaintiffs' interrogatories ask for related details about a single subject (*e.g.*, the product's formulation or its sales transactions)—they are not discrete, unrelated inquiries. Plaintiffs have not exceeded 25 interrogatories under any reasonable counting methodology.

## DISPUTE NO. 6: THE BOILERPLATE PRIVILEGE OBJECTIONS AND LOG REFUSAL

Every response asserts attorney-client privilege, work-product protection, and joint-defense privilege—without identifying a single document withheld on any such basis. Rule 26(b)(5) requires a privilege log "describ[ing] the nature of the documents, communications, or tangible things not produced . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Trader Joe's' General Objection No. 2 purports to exempt all post-litigation documents from logging, claiming it is "unduly burdensome." No such categorical exemption exists. Plaintiffs are entitled to a privilege log.

More fundamentally, the boilerplate privilege assertions permeate responses to requests that cannot plausibly implicate privilege. RFP No. 9 seeks the product's formulation; RFP No. 26 seeks sales data. These are business records, not privileged communications. Plaintiffs request the Court overrule these blanket assertions and order Trader Joe's to identify any specific documents withheld on privilege grounds.

## RELIEF REQUESTED

Plaintiffs respectfully request that the Court schedule a discovery conference and, thereafter, order:

- Trader Joe's to serve complete, substantive responses to all 50 RFPs and 15 Interrogatories within 14 days, applying Plaintiffs' defined terms without unilateral modification;
- Trader Joe's to begin a rolling production of responsive documents immediately, without further conditioning on entry of a protective order; and
- Trader Joe's to serve a compliant privilege log within 21 days.

Respectfully submitted,

*/s/ Lisa T. Omoto*
Lisa T. Omoto
FARUQI & FARUQI, LLP
1901 Avenue of the Stars, Suite 10600
Los Angeles, CA 90067

Brittany S. Scott
Yeremey O. Krivoshey
SMITH KRIVOSHEY, P.C.
28 Geary St., Suite 650
San Francisco, CA 94108

Neal J. Deckant
BURSOR & FISHER, P.A.
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596

*Counsel for Plaintiffs Clair Awad and
Kevin Smith*