**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (State Bar No. 295032)
Brittany S. Scott (State Bar No. 327132)
28 Geary Street, Ste. 650, #1507
San Francisco, CA 94108
Telephone: (415) 839-7000
Facsimile: (888) 410-0415
Email: yeremey@skclassactions.com
        brittany@skclassactions.com

*Attorneys for Plaintiffs*
*[Additional Counsel on Signature Page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLAIRE AWAD and KEVIN SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRADER JOE'S COMPANY,<br><br>Defendants. | Case No. 3:24-cv-06834-JD<br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT TRADER JOE'S COMPANY** |

PROPOUNDING PARTY:   Plaintiffs Claire Awad and Kevin Smith

RESPONDING PARTY:   Defendant Trader Joe's Company

SET NO.   One (1)

---

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs Claire Awad and Kevin Smith ("Plaintiffs") hereby request that Defendant Trader Joe's Company ("Defendant" or "Trader Joe's") answer the following Requests for Production of Documents within thirty (30) days from receipt of service.

**INSTRUCTIONS**

1.      If any objection is made to any of the following discovery requests, Defendant shall make any such objection and state the relevant legal basis for such objection, and whether any responsive materials are being withheld on the basis of that objection.  If any objection is made based upon privilege as to any response, Defendant shall state the legal basis for the privilege Defendant is invoking and provide a detailed log to support the invocation of such privilege.

2.      Each and every discovery request herein is deemed continuing in nature pursuant to the Federal Rules of Civil Procedure and Defendant is obligated to amend and provide any updated information that renders the responses to one or more of these discovery requests incomplete or inaccurate and serve those amended response upon the undersigned Plaintiffs' counsel.

3.      Plaintiffs request that the documents requested be produced at:

**SMITH KRIVOSHEY, PC**
**28 Geary Street, Ste. 650, #1507**
**San Francisco, CA 94108**

Or, upon agreement of Plaintiffs' counsel, at such offices of the Defendant as may be the location of any documents requested, during normal business hours, and with the least possible disruption to the ordinary course of Defendant's duties and responsibilities.  Alternatively, the documents may be produced by electronic mail to counsel of record.

4.      Plaintiffs further request that the production be permitted by Defendant immediately after Defendant's response to these requests has been filed, and that Plaintiffs' attorneys may be permitted to remove from Defendant's custody such documents as they may desire to copy, on the understanding that Plaintiffs' attorneys will be responsible for such

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

documents so long as they are in their possession, that copying will be done at Plaintiffs' expense, and that the documents will be promptly returned after copying has been completed.

5.    If any of the documents are maintained in electronic format, please produce them in a common format, one that is easily readable and searchable, such as PDF files containing searchable text subject to an Optical Character Recognition ("OCR") process, or TIFF images with corresponding searchable, OCR'd text in a TXT file.

6.    These discovery requests are intended to cover all documents in Defendant's possession or subject to their custody and control, regardless of location.  If there are no such documents, please so state.  If there are such documents, please list and mark appended documents responsive to each request.  Federal Rules of Civil Procedure, Rule 34(b).

7.    All documents must be assigned a Bates/control number that shall always: (1) be unique across the entire document product, (2) maintain a constant length (zero/0-padded) across the entire production, (3) contain no special characters or embedded spaces, and (4) be sequential within a given document.  If a Bates number or set of Bates numbers is skipped in a production, the producing party will disclose the Bates numbers or ranges in a cover letter accompanying the production.

### DEFINITIONS

The following definitions apply to each of the Requests set forth herein and are deemed to be incorporated in each of said requests:

1.    "DOCUMENTS" means any kind of written, recorded or graphic matter, however, produced or reproduced, whether physical or ESI, including but not limited to, correspondence, communications, charts, e-mails, text messages, instant messages, reports, memoranda, notes, written analyses, work papers, diaries, calendars, canceled checks, purchase orders, billing statements, receipts or other writings, including copies of the foregoing, within YOUR knowledge, possession, custody, or control, or subject to YOUR control.

2.    "PRODUCT" or "PRODUCTS" means and refers to the products that are the subject of this action, including but not limited to Trader Joe's brand Avocado Oil.

3.    "AVOCADO OIL REPRESENTATION" means and refers to the following

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

statement: "AVOCADO OIL" and any substantially similar terms used on the LABELS and/or packaging of the PRODUCTS.

4.    "LABEL," "LABELS," or "LABELING" means and refers to the words, pictures, or other content displayed on or in, printed as part of, or affixed to any PRODUCT package that YOU shipped to a distributor, wholesaler, retailer, or any other entity in the supply chain, or sold directly to a consumer in the United States.

5.    "DEFENDANT," "TRADER JOE'S," "YOU," and "YOUR" means TRADER JOE'S COMPANY, and includes any and all of the following: present and former officers, directors, agents, partners, attorneys, paralegals, servants, employees, assignees, lessees, affiliates, or anyone acting on behalf of TRADER JOE'S COMPANY or on behalf of these named persons/entities, and any affiliate, subsidiary, parent or related corporation, partnership or entity, and anyone acting on behalf for or on behalf of such subsidiary, related corporation, parent, partnership or entity or natural person. including ANY person or entity acting on its behalf including ANY agents, employees, predecessor entities, parents, subsidiaries, or other representatives.

6.    "CLASS PERIOD" means and refers to September 27, 2020 to present.

7.    "CLASS" and/or "CLASSES" are defined according to the operative complaint in this action, which includes: (1) All natural persons who purchased at least one of the PRODUCTS in the United States within the applicable statute of limitations ("**Nationwide Class**"); (2) All natural persons who purchased at least one of the PRODUCTS in the State of California within the applicable statute of limitations period ("**California Subclass**"); and (3) All natural persons who purchased at least one of the PRODUCTS in the State of New York within the applicable statute of limitations period ("**New York Subclass**").    Excluded from the Classes are: (i) any DEFENDANT, its assigns, successors, and legal representatives; (ii) any entities in which any DEFENDANT has controlling interests; (iii) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; and (iv) any judicial officer presiding over this matter and person within the third degree of consanguinity to such judicial officer.

8.    "COMMUNICATIONS" means the original (or identical duplicate when the original is not available) of any transmission of information from one person or entity to another, including without limitation: text messages; phone calls/phone records; voicemails; voice memos; internal memoranda (paper and digital format); e-mails; social media posts (including Facebook, Twitter, Instagram, TikTok, Reddit, SnapChat, and potential others); instant messages, including those on Facebook/Meta Messenger, Instagram, WhatsApp, Twitter Direct Messaging, as well as messages sent directly or circulated to more than one person on an instant messaging platform such as Microsoft Teams, Slack, Discord, and others; letters; faxes; notes; and any record by any other means, electronic, physical, or otherwise.

## REQUESTS FOR PRODUCTION, SET ONE

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS, naming, discussing, describing, referencing, relating to, referring to, or otherwise consisting of the LABELING and packaging for the PRODUCTS sold in the U.S., California, and New York during the CLASS PERIOD, including any iterations of the LABELING and packaging of the PRODUCTS, regardless of whether the LABEL or packaging draft or iteration was proposed, rejected, not ultimately used, or approved, including but not necessarily limited to: any changes in the LABELING and packaging and reasons therefore; mock-ups, blueprints and schematics; substantiation of the AVOCADO OIL REPRESENTATION; budget; contracts; analysis of the LABELS and/or packaging's performance in generating consumer interest and sales; and related policies, procedures, practices, or guidelines.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS sufficient to show any individuals responsible for creating, approving, reviewing, or overseeing the LABELING and packaging for the PRODUCTS sold in the U.S., California, and New York during the CLASS PERIOD, and/or who made or approved any changes thereto, including names, positions, email addresses, and telephone numbers (including, but not necessarily limited to, any company biographical profile, job description, curriculum

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

## THE PRODUCT'S FORMULATION

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS sufficient to identify the formulation for the PRODUCTS sold in the U.S., California, and New York during the CLASS PERIOD, including the specific ingredients contained therein, each ingredient's respective quantity, amount, or percentage within the PRODUCT'S formulation, and each ingredient's purpose.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS regarding any and all proposed, rejected, and/or approved changes in the formulation of the PRODUCTS sold in the U.S., California, and New York (including any changes in any ingredients, their quantities or concentrations, and/or their purposes), including but not necessarily limited to DOCUMENTS and/or communications regarding the reasons for those changes.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS related to the decision and underlying reasons regarding what oils to use in the PRODUCTS, including the decision and reasons to use oils other than avocado oil.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS sufficient to show the costs to manufacture the PRODUCTS for sale in the U.S., California, and New York during the CLASS PERIOD, including, but not necessarily limited to, the costs incurred, projected, and/or considered for a product consisting solely of avocado oil and for a product with other oils besides avocado oil.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS sufficient to show the policies, procedures, terms and conditions, guidelines, and/or instructions (such as a contract including all amendments, attachments, exhibits, schedules, or DOCUMENTS incorporated by reference) governing a third-party's handling or participation in the research and development, formulation, and/or manufacture for the PRODUCTS sold in the U.S., California, and New York during the CLASS PERIOD.

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

**TESTING/FALSITY**

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS that substantiate the truth and accuracy of the AVOCADO OIL REPRESENTATION with respect to the PRODUCTS sold in the U.S., California, and New Yorkduring the CLASS PERIOD, including any supporting reliable and/or scientific evidence.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS identifying, naming, discussing, describing, referencing, relating to, or referring to any research, analysis, and/or testing of the PRODUCTS and/or its ingredients, to determine the content levels of each ingredient present in the PRODUCTS.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS sufficient to show the terms and conditions, instructions, or other guidance (such as a contract including all amendments, attachments, exhibits, schedules or DOCUMENTS incorporated by reference) governing a third-party's handling or participation in the research, analysis, and/or testing of the PRODUCTS and/or its ingredients.

**SALES AND RECORD KEEPING**

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS sufficient to show the sales data for the PRODUCTS sold in the U.S., California, and New York during the CLASS PERIOD, which shall be produced in a CSV (comma-separated values) file (such as excel) for the PRODUCTS and states the following information in separate columns, and chronologically organized rows, for each sale of the PRODUCT: (1) the PRODUCT name; (2) size; (3) avocado oil content; (4) unique product identifiers (such as a Universal Product Code or Stock Keeping Unit); (5) buyer name; (6) buyer contact information (address, telephone number, email); (7) buyer billing address; (8) buyer shipping address; (9) the date the unit was sold; (10) the number of units sold; (11) the dollar amount charged for each unit sold, including any related charges separately identified (such as taxes, shipping, or interest); (12) whether the sale was direct to consumer or intended for resale; and (13) the manufacturer suggested retail price for the unit sold.

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

**REQUEST FOR PRODUCTION NO. 45:**

If YOU contend that either CLASS is not sufficiently numerous to make joinder of all class members impracticable, produce all DOCUMENTS that support that position.

**REQUEST FOR PRODUCTION NO. 46:**

If YOU content that there are no questions of law or fact common to either CLASS, produce all DOCUMENTS that support that position.

**REQUEST FOR PRODUCTION NO. 47:**

If YOU contend that Plaintiffs' claims are not typical of either CLASS, produce all DOCUMENTS that support that position.

**REQUEST FOR PRODUCTION NO. 48:**

If YOU contend that any question of law or fact common to either CLASS do not predominate over any questions affecting individual members, produce all DOCUMENTS that support that position.

**REQUEST FOR PRODUCTION NO. 49:**

If YOU contend that a class action is not superior to other available methods to fairly and efficiently adjudicate the claims or defenses asserted in this lawsuit, produce all DOCUMENTS that support that position.

**REQUEST FOR PRODUCTION NO. 50:**

If YOU contend that YOU have not acted or refused to act on grounds that apply generally to either CLASS, so that injunctive relief or corresponding declaratory relief is not appropriate respecting either CLASS as a whole, produce all DOCUMENTS that support that position.

Dated:  January 20, 2026                **SMITH KRIVOSHEY, PC**.

By:   /s/ *Brittany S. Scott*
                Brittany S. Scott

Yeremey O. Krivoshey (State Bar No. 295032)
Brittany S. Scott (State Bar No. 327132)
28 Geary Street, Ste. 650, #1507
San Francisco, CA 94108
Telephone: (415) 839-7000

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (State Bar No. 295032)
Brittany S. Scott (State Bar No. 327132)
28 Geary Street, Ste. 650, #1507
San Francisco, CA 94108
Telephone: (415) 839-7000
Facsimile: (888) 410-0415
Email: yeremey@skclassactions.com
        brittany@skclassactions.com

*Attorneys for Plaintiffs*
*[Additional Counsel on Signature Page]*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAIRE AWAD and KEVIN SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRADER JOE'S COMPANY,<br><br>Defendants. | Case No. 3:24-cv-06834-JD<br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT TRADER JOE'S COMPANY** |

PROPOUNDING PARTY:    Plaintiffs Claire Awad and Kevin Smith

RESPONDING PARTY:    Defendant Trader Joe's Company

SET NO.    One (1)

PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Claire Awad and Kevin Smith ("Plaintiffs") hereby request that Defendant Trader Joe's Company ("Defendant" or "Trader Joe's") respond to the following Interrogatories within thirty (30) days from receipt of service.

**INSTRUCTIONS**

1.    If YOU object to any of the interrogatories herein on privilege grounds, state the privilege claimed and describe the facts giving rise to the privilege claim in sufficient detail so that the Court can adjudicate the validity of the claim.

2.    The term "IDENTIFY," when used with respect to a natural person, means state the name, current and former titles during the CLASS PERIOD, current telephone number, and current home or business address of the person(s).  If current information is not available, please provide the last available information regarding the person(s).

3.    To "IDENTIFY" a document means:

    a.    To refer to the document's identification or exhibit number if the document has been previously produced or used in discovery or to attach a true copy of the document to the interrogatory answers and to state the document's title and date, or if unknown, the approximate date of creation;

    b.    To identify each person who signed or participated in the preparation of the document;

    c.    To summarize the subject matter of the document;

    d.    To provide the present location of the document and the identity of the custodian of the original and each copy thereof; and

    e.    If the document no longer exists, to give the date on which it was destroyed, the identity of the person who destroyed it, and the person under whose authority it was destroyed.

4.    To "IDENTIFY" a circumstance, occurrence or event means to describe it in detail, including date, time, surrounding circumstances, PERSONS involved OR present, reasons, effects, results, where AND how it occurred, AND what occurred.

1

PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT

5.     In answering the following interrogatories, YOU are required to provide ALL information that is available to YOU and/or within YOUR control, including information in the possession of YOUR attorneys, investigators, employees, agents, representatives, and guardians or any other person acting on YOUR behalf, and not merely information from YOUR own personal knowledge.

6.     If YOU cannot answer any interrogatory in full, answer to the extent YOU are able to do so, state the reason for YOUR inability to answer further, and state the knowledge or information available to YOU concerning the unanswered portion.

7.     If YOU object to any of the interrogatories, YOU must state the grounds for any objection(s). If YOU object to only part of an interrogatory, YOU must state the objection and the grounds for any objection(s) and respond to the remainder of the interrogatory.

8.     Each answer should be preceded by a reiteration of the full interrogatory to which it responds.

9.     For each interrogatory, IDENTIFY ALL persons who provided information or otherwise assisted in preparing YOUR response.

## DEFINITIONS

1.     "PRODUCT" or "PRODUCTS" means and refers to the products that are the subject of this action, including but not limited to Trader Joe's brand Avocado Oil.

2.     "AVOCADO OIL REPRESENTATION" means and refers to the following statement: "AVOCADO OIL" and any substantially similar terms used on the LABELS and/or packaging of the PRODUCTS.

3.     "LABEL," "LABELS," or "LABELING" means and refers to the words, pictures, or other content displayed on or in, printed as part of, or affixed to any PRODUCT package that TRADER JOE'S shipped to a distributor, wholesaler, retailer, or any other entity in the supply chain, or sold directly to a consumer, in the United States.

4.     "DEFENDANT," "TRADER JOE'S," "YOU," and "YOUR" means TRADER JOE'S COMPANY, and includes any and all of the following: present and former officers, directors, agents, partners, attorneys, paralegals, servants, employees, assignees, lessees, affiliates,

PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT

or anyone acting on behalf of TRADER JOE'S COMPANY or on behalf of these named persons/entities, and any affiliate, subsidiary, parent or related corporation, partnership or entity, and anyone acting on behalf for or on behalf of such subsidiary, related corporation, parent, partnership or entity or natural person. including ANY person or entity acting on its behalf including ANY agents, employees, predecessor entities, parents, subsidiaries, or other representatives.

5.    "CLASS PERIOD" means and refers to September 27, 2020 to present.

6.    "CLASS" and/or "CLASSES" are defined according to the operative complaint in this action, which includes: (1) All natural persons who purchased at least one of the PRODUCTS in the United States within the applicable statute of limitations ("**Nationwide Class**"); (2) All natural persons who purchased at least one of the PRODUCTS in the State of California within the applicable statute of limitations period ("**California Subclass**"); (3) All natural persons who purchased at least one of the PRODUCTS in the State of New York within the applicable statute of limitations period ("**New York Subclass**").    Excluded from the Classes are: (i) any DEFENDANT, its assigns, successors, and legal representatives; (ii) any entities in which any DEFENDANT has controlling interests; (iii) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; and (iv) any judicial officer presiding over this matter and person within the third degree of consanguinity to such judicial officer.

## INTERROGATORIES, SET ONE

### INTERROGATORY NO. 1:

Identify each PRODUCT manufactured, marketed, and/or sold by YOU in the U.S., California, and New York during the CLASS PERIOD that included the AVOCADO OIL REPRESENTATION on the oils' front-facing LABEL and/or packaging, by identifying: (1) the oil (with sufficient information to reliably identify it, including its name, size, the content amount of any oil present, and form (such as spray, oil)); (2) all corresponding unique product identifiers for said oil (such as an internal control number, Universal Product Code, or Stock Keeping Unit); and (3) the dates said oil was so sold.

**INTERROGATORY NO. 2:**

For each product identified in response to Interrogatory No. 1, identify each LABELING and packaging iteration and the time period it was in use by identifying: (1) the PRODUCT (by sufficient information to reliably identify it, including its name, size, the content amount of any oil present, and form (such as spray, oil)); (2) all corresponding unique product identifiers (such as an internal control number, Universal Product Code, or Stock Keeping Unit); (3) the dates said iteration was in use; and (4) the bates number of each corresponding LABEL or packaging exemplar for said PRODUCT.

**INTERROGATORY NO. 3:**

Describe in detail every change (whether made, planned to be made, or considered but not ultimately pursued or made) to the LABELING and packaging of the PRODUCTS, between the time YOU first sold the PRODUCTS until present, including but not limited to, the inclusion, modification, and/or elimination of the AVOCADO OIL REPRESENTATION (whether used individually or in connection with other words), by identifying (1) the PRODUCT (by sufficient information to reliably identify it, including its name, size, the content amount of any oil present, and form (such as spray, oil)); (2) the corresponding unique product identifiers (such as an internal control number, Universal Product Code, or Stock Keeping Unit) for said PRODUCT before and after the change; (3) the corresponding bates numbers for the PRODUCT's LABEL/packaging exemplars before and after the change; (4) the date of the change; (5) what changed and the reasons for the change with specificity; and (6) each person who directly participated in approving, authorizing, or ratifying the change and/or who was responsible for overseeing the change (including their name, employer, job title, job description, and last known contact information).

**INTERROGATORY NO. 4:**

Identify (by stating the name, address, phone number, email address, last known address, employer, job title, job description, and dates of employment) each individual involved in the LABELING and/or packaging of any PRODUCTS sold in the U.S., California, and New York during the CLASS PERIOD, including, but not limited to, those: (1) who directly participated in

PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT

with respect to the following business operations: (1) marketing, including LABELS, and packaging schematics, substantiation for advertising claims, legal compliance or compliance with marketing laws, budgeting and media spend, targeted consumer demographics, comparative or competitor product research, advertisement performance and digital analytics, and marketing research (such as consumer surveys and focus groups); (2) research and development, including formulations, and testing; (3) manufacturing and production costs; (4) customer relations management (including managing customer, complaints, or reports regarding the integrity of the oil); (5) inventory, stock, and warehousing management; and (6) sales (including units sold, revenues, pricing, and buyer identification).

Dated:  January 20, 2026                    **SMITH KRIVOSHEY, PC**.

By: _____/s/ *Brittany S. Scott*_____
           Brittany S. Scott

Yeremey O. Krivoshey (State Bar No. 295032)
Brittany S. Scott (State Bar No. 327132)
28 Geary Street, Ste. 650, #1507
San Francisco, CA 94108
Telephone: (415) 839-7000
Facsimile: (888) 410-0415
Email: yeremey@skclassactions.com
          brittany@skclassactions.com

**SMITH KRIVOSHEY, PC**.
Joel D. Smith (State Bar No. 244902)
8667 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Telephone: (415) 839-7000
Facsimile: (888) 410-0415
Email: yeremey@skclassactions.com
          brittany@skclassactions.com

**BURSOR & FISHER, P.A.**
Neal J. Deckant
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ndeckant@bursor.com

**FARUQI & FARUQI, LLP**
Lisa T. Omoto (SBN: 303830)
1901 Avenue of the Stars, Suite 10600
Los Angeles, CA 90067
Telephone: (424) 256-2884

PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT

E-mail: lomoto@faruqilaw.com

*Attorneys for Plaintiffs*

PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT