Jacob M. Harper (SBN 259463)
Heather F. Canner (SBN 292837)
Joseph Elie-Meyers (SBN 325183)
**DAVIS WRIGHT TREMAINE LLP**
350 S. Grand Avenue, 27th Floor
Los Angeles, California 90071
Tel.:    (213) 633-6800
Email:    jacobharper@dwt.com
          heathercanner@dwt.com
          josepheliemeyers@dwt.com

Caleah N. Whitten (*pro hac vice pending*)
**DAVIS WRIGHT TREMAINE LLP**
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Tel.:    (206) 622-3150
Email:    caleahwhitten@dwt.com

Attorneys for Defendant
TRADER JOE'S COMPANY

# IN THE UNITED STATES DISTRICT COURT

# THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAIR AWAD and KEVIN SMITH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRADER JOE'S COMPANY,<br><br>Defendant. | Case No. 3:24-cv-06834-JD<br><br>**DEFENDANT TRADER JOE'S COMPANY'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE**<br><br>Assigned to the Honorable James Donato<br><br>Action Filed:  Sept. 27, 2024 |

PROPOUNDING PARTY:    Plaintiffs Clair Awad and Kevin Smith

RESPONDING PARTY:    Defendant Trader Joe's Company

SET NUMBER:    One (1)

TRADER JOE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE
Case No. 3:24-cv-06834-JD

Defendant Trader Joe's Company ("Trader Joe's") responds to Plaintiff Clair Awad and Kevin Smith's ("Plaintiffs") First Set of Requests for Production (the "Requests") as follows:

## PRELIMINARY STATEMENT

The responses set forth below represent Trader Joe's present knowledge based on discovery, investigation, and case preparation to date. Trader Joe's has made reasonable efforts to locate responsive documents and the contents hereof are based on the information obtained from these efforts. Trader Joe's investigation into this matter is, and will continue to be, ongoing. Trader Joe's may locate additional responsive documents at a later date, and may assert appropriate objections to the use of the documents identified herein. Trader Joe's, therefore, expressly reserves the right to rely on additional responsive documents, whether located in the course of its continuing investigation or in the course of discovery, at all future hearings and at trial, and the right to object on appropriate grounds to the use of any documents produced in response to these Requests. The production of any given document pursuant to the Requests is not an admission or acknowledgment by Trader Joe's that such document is relevant to any claim or defense in this action; is without prejudice to Trader Joe's right to contend at trial or in any other or subsequent proceeding in this action or otherwise that such document is inadmissible, irrelevant, immaterial, or not the proper basis for discovery; and is without prejudice to or waiver of any objection to any future use of such document which Trader Joe's may be advised to make.

## GENERAL OBJECTIONS

1.     Trader Joe's objects to the Instructions, Definitions, and Requests to the extent they seek to impose obligations greater than or different from those imposed by the Federal Rules of Civil Procedure ("Rules"). In responding to the Requests, Trader Joe's undertakes only to comply with such Rules.

2.     Trader Joe's objects to the extent the documents or information sought were generated or created after the anticipation of litigation or the commencement of this legal action, which documents Trader Joe's objects to listing on a privilege log, including because it is unduly burdensome and invades privileged communications with outside counsel made for purposes of

2

TRADER JOE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE
Case No. 3:24-cv-06834-JD

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

litigation.

3.      Trader Joe's objects to the Requests, and to each and every item contained therein, to the extent that they attempt or purport to require disclosure of privileged or confidential communications between attorney and client, disclosure of documents or information protected by the attorney work-product doctrine, or disclosure of documents involved in any other applicable privilege.  If, due to the volume of a document involved or any other reason, a production by Trader Joe's includes any document that is otherwise privileged or protected from discovery, the production of such document is inadvertent and unintentional, and Trader Joe's does not intend thereby to waive said privilege or protection.

4.      Trader Joe's objects to the Requests, and to each and every item contained therein, to the extent that they seek confidential or proprietary trade secret and/or competitively sensitive information or information that may be protected by a right of privacy.  Trader Joe's expressly reserves the right to produce non-privileged responsive documents containing such information only pursuant to a protective order appropriately limiting the control, use and disposition of the documents.

5.      Trader Joe's objects to the Requests to the extent they seek the production of information subject to confidentiality agreements between Trader Joe's and any entity or person.

6.      Trader Joe's objects to the Requests to the extent they seek information and documents that are readily available to Plaintiffs in the public domain; already in Plaintiffs' possession, custody, or control; only within the possession, custody, or control of a third party; and/or are not within Trader Joe's possession, custody, or control.

7.      Trader Joe's objects to the Requests to the extent they seek the production of documents that are not reasonably accessible as defined by Federal Rule of Civil Procedure 26(b)(2)(B).

8.      Trader Joe's objects to the Requests to the extent they purport to require immediate production of all responsive documents concurrent with this Response.  Trader Joe's will produce documents only pursuant to a protective order appropriately limiting the control, use and disposition of the documents, and on a rolling basis.

3

TRADER JOE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE
Case No. 3:24-cv-06834-JD

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

9.    Trader Joe's objects to the Requests to the extent that they are vague, ambiguous, or otherwise lacking in the reasonable particularity required by Fed. R. Civ. P. 34(b)(1)(A), including insofar as these Requests seek "all documents relating to" or "concerning" a general category or broad range of documents.  *See, e.g.*, *B&G Foods N.A., Inc. v. Embry*, 2024 WL 626962, at *1 (E.D. Cal. Feb. 14, 2024) (holding requests for production that sought all documents "relating to" certain subjects to be vague, ambiguous, and overbroad because it was unclear "what qualifies as a document relating to" a listed subject).

10.    Trader Joe's objects to the Requests as unduly burdensome and harassing to the extent they require responses on a unilaterally imposed schedule by Plaintiffs that fails to account for Trader Joe's unavailability, especially because the Court has yet to enter a scheduling order or protective order.  Trader Joe's will respond to these Requests as reasonably practicable given the constraints of jury service.

11.    Trader Joe's objects to each Request to the extent that it  seeks information or documents that are irrelevant to the claims or defenses in this action, beyond the scope of permissible discovery, or not reasonably calculated to lead to the discovery of admissible evidence.  *See* Fed. R. Civ. P. 26(b)(1).

12.    Trader Joe's objects to each Request to the extent that it assumes the admissibility, authenticity, truth, accuracy, or relevance of any document, or seeks an admission from Trader Joe's concerning such matters.  Trader Joe's makes no such admissions and does not intend to waive, and on the contrary intends to preserve in all matters, all rights and objections arising from these responses and objections and the provision of responsive information and documents.

13.    Trader Joe's objects to each Request to the extent that it subjects Trader Joe's to undue burden or expense, and to the extent that it is, in whole, or in part, vague, ambiguous, overbroad, oppressive, harassing, and subjects Trader Joe's to unwarranted annoyance, embarrassment, oppression, or burden and expense incommensurate with Plaintiffs' legitimate discovery needs.  *See* Fed. R. Civ. P. 26(c)(1).

14.    Trader Joe's objects to each Request that purports to impose burdens and/or

4

TRADER JOE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE
Case No. 3:24-cv-06834-JD

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

obligations on Trader Joe's that are inconsistent with, or not otherwise authorized by the Federal Rules of Civil Procedure 34, or any other applicable rule or case law.

15.    Trader Joe's objects to each Request that seeks unreasonably cumulative or duplicative information or documents, for which the burden, expense, and intrusiveness of the production outweigh the likelihood of further discovery of admissible evidence.

Specific objections to each Request are made on an individual basis in the responses below.  The General Objections are incorporated by reference into each of the responses set forth below.  The failure to mention one of the foregoing objections in any of the responses set forth below shall not be deemed a waiver of such objection or qualification.

## OBJECTIONS TO DEFINITIONS

1.    "DOCUMENTS."  Trader Joe's objects to this definition to the extent it imposes requirements beyond or inconsistent with those imposed by Federal Rule of Civil Procedure 34. Trader Joe's will construe this term in accordance with Rule 34.

2.    "PRODUCT" or "PRODUCTS."  Trader Joe's objects to this definition as vague and ambiguous, overbroad, lacking reasonable particularity, unduly burdensome, not proportional to the needs of the case and irrelevant to the extent it seeks to capture any products other than Trader Joe's Avocado Oil—All-Purpose High Heat Cooking Oil  (the "Avocado Oil"). Trader Joe's will construe these terms to refer only to the Avocado Oil.  Trader Joe's may also refer to this product as the "AVOCADO OIL" for clarity.

3.    "AVOCADO OIL REPRESENTATION."  Trader Joe's objects to this definition as vague and ambiguous, lacking reasonable particularity, overbroad, unduly burdensome, not proportional to the needs of the case and irrelevant to the extent that it seeks to capture "any substantially similar terms used on the LABELS and/or packaging of the PRODUCTS" without identifying any such "terms" and without limitation as to the subject matter of this action. Trader Joe's will construe the term "AVOCADO OIL REPRESENTATION" as referring to the only statement actually identified in the definition, and the statement that forms the basis of Plaintiffs' claims as alleged in the SAC: "Avocado Oil" on the front label.  Trader Joe's may also refer to this term as the "AVOCADO OIL STATEMENT" for clarity.

5

TRADER JOE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE
Case No. 3:24-cv-06834-JD

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

4.      "LABEL," "LABELS," or "LABELING."  Trader Joe's objects to this definition as overbroad, unduly burdensome, lacking reasonable particularity, not proportional to the needs of the case and irrelevant to the extent that it seeks to capture any sort of packaging or labeling beyond the consumer-facing label challenged in this lawsuit.  Further, this definition incorporates the defined term "PRODUCT," which is objectionable for the reasons Trader Joe's stated above; Trader Joe's incorporates its objections to the term "PRODUCT" as well.  Trader Joe's will construe these terms as referring to the final customer-facing label on individual bottles of Trader Joe's Avocado Oil—All-Purpose High Heat Cooking Oil sold by Trader Joe's in Trader Joe's stores directly to customers.

5.      "DEFENDANT," "TRADER JOE'S," "YOU," "YOUR."  Trader Joe's objects to this definition as unduly burdensome because it captures unidentified others "acting on behalf of [Trader Joe's]," and including those that Trader Joe's does not control.  Trader Joe's further objects to this definition as overbroad, unduly burdensome, not proportional to the needs of the case and irrelevant to the extent it seeks to capture persons and entities that are not related to the issues and who are not named parties in this action.  Trader Joe's further objects to this definition as vague and ambiguous because it uses the undefined terms "acting on behalf of [Trader Joe's']."  Trader Joe's will respond on behalf of Trader Joe's Company alone and no other person or entity.

6.      "CLASS PERIOD."  Trader Joe's objects to this definition as overbroad, unduly burdensome, not proportional to the needs of the case and irrelevant to the extent it seeks to extend the "CLASS PERIOD" to present.  Trader Joe's will construe "CLASS PERIOD" to cover the period from September 27, 2020 to September 27, 2024, and may refer to this period as the "RELEVANT PERIOD."

7.      Trader Joe's also objects that many Requests are overbroad, unduly burdensome, lacking reasonable particularity, not proportional to the needs of the case and irrelevant as they impose no time limitation.  To the extent Trader Joe's agrees to provide any responsive records to any such request, it does so only for the RELEVANT PERIOD, as defined above.

6

TRADER JOE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE
Case No. 3:24-cv-06834-JD

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS, naming, discussing, describing, referencing, relating to, referring to, or otherwise consisting of the LABELING and packaging for the PRODUCTS sold in the U.S., California, and New York during the CLASS PERIOD, including any iterations of the LABELING and packaging of the PRODUCTS, regardless of whether the LABEL or packaging draft or iteration was proposed, rejected, not ultimately used, or approved, including but not necessarily limited to: any changes in the LABELING and packaging and reasons therefore; mock-ups, blueprints and schematics; substantiation of the AVOCADO OIL REPRESENTATION; budget; contracts; analysis of the LABELS and/or packaging's performance in generating consumer interest and sales; and related policies, procedures, practices, or guidelines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Trader Joe's incorporates herein by reference the Preliminary Statement, General Objections, and Objections to Definitions.

Trader Joe's further objects that this Request seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.  Trader Joe's further objects to this Request on the basis that it is oppressive and harassing to the extent it seeks highly sensitive information and other confidential information.  Trader Joe's further objects to this Request because it seeks trade secrets, confidential business information, or proprietary information. Trader Joe's further objects to this Request to the extent it seeks information outside of Trader Joe's possession, custody, or control, not reasonably accessible to Trader Joe's, or within the possession, custody, or control of third parties.  Trader Joe's further objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case and calling for records that are not relevant to any claim or defense, including because it seeks "[a]ll DOCUMENTS" relating to "the LABELING and packaging for the PRODUCTS sold in the U.S., California, and New York during the CLASS PERIOD" without sufficient limitations as to the subject matter of

7

TRADER JOE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE
Case No. 3:24-cv-06834-JD

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

this case, time period, or any reasonable scope or relevance limitations.  Trader Joe's further objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, irrelevant, and vague and ambiguous to the extent (1) "PRODUCTS" includes products other than Trader Joe's Avocado Oil—All-Purpose High Heat Cooking Oil (the Avocado Oil); (2) "LABELING" and "LABELS" include labels other than the individual bottle label of the Avocado Oil; (3) "CLASS PERIOD" includes any time period other than September 27, 2020 to September 27, 2024; and (4) "AVOCADO OIL REPRESENTATION" includes any statement other than the "Avocado Oil" statement on the front label of the Avocado Oil that forms the basis of Plaintiffs' claims.  Trader Joe's further objects to this Request as vague and ambiguous, including as to the undefined terms and phrases "iteration," "mock-ups, blueprints, and schematics," "substantiation," "budget," "contracts," "analysis," "consumer interest and sales," and "procedures, practices, or guidelines," which are vague in the context of this Request.  Fed. R. Civ. P. 34(b)(1)(A).  Trader Joe's further objects to this Request as duplicative of Request Nos. 2, 14, 16, and 18-22.  Trader Joe's objects that this request is vague, lacks particularity, is overbroad and unintelligible, because it contains an apparently undefined and unbounded universe of records that somehow pertain to the Avocado Oil and other unidentified products, along with a laundry list of non-exhaustive examples that only further muddle the request. The request is thus unintelligible and presents no reasonable parameters by which Trader Joe's could conceivably respond.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS sufficient to show any individuals responsible for creating, approving, reviewing, or overseeing the LABELING and packaging for the PRODUCTS sold in the U.S., California, and New York during the CLASS PERIOD, and/or who made or approved any changes thereto, including names, positions, email addresses, and telephone numbers (including, but not necessarily limited to, any company biographical profile, job description, curriculum vitae, resume, and/or description of the individual's background, training, education, licensure, certification, and/or professional experience).

TRADER JOE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE
Case No. 3:24-cv-06834-JD

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

will set forth its arguments in opposition and evidence in support on or before that date. Discovery is ongoing, and Trader Joe's reserves the right to amend and supplement any discovery responses throughout the course of discovery.

DATED: March 13, 2026                    DAVIS WRIGHT TREMAINE LLP


By: */s/ Jacob M. Harper*
    Jacob M. Harper

    Attorneys for Defendant
    TRADER JOE'S COMPANY

TRADER JOE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE
Case No. 3:24-cv-06834-JD

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the state of Washington that I caused the document to which this certificate is attached to be delivered via email per counsels' written consent, and via U.S. mail as indicated as follows:

| | |
|---|---|
| Brittany S. Scott<br>Yeremey O. Krivoshey<br>Smith Krivoshey, P.C.<br>28 Geary St, Ste. 650, #1507<br>San Francisco, CA  94108<br>Email:  brittany@skclassactions.com<br>        yeremey@skclassactions.com | ☐ Messenger<br>☒  U.S. Mail, postage prepaid<br>☐ Federal Express<br>☐ Facsimile<br>☒ Email<br>☐ ECF |
| Joel D. Smith<br>Smith Krivoshey, P.C.<br>8667 Boylston St, 5th Floor, Ste, 1520<br>Boston, MA 02116<br>Email: joel@skclassactions.com | ☐ Messenger<br>☒  U.S. Mail, postage prepaid<br>☐ Federal Express<br>☐ Facsimile<br>☒ Email<br>☐ ECF |
| Neal J. Deckant<br>Bursor & Fisher, PA<br>1990 North California Blvd., 9th Floor<br>Walnut Creek, CA 94596<br>Email:  ndeckant@bursor.com | ☐ Messenger<br>☒  U.S. Mail, postage prepaid<br>☐ Federal Express<br>☐ Facsimile<br>☒ Email<br>☐ ECF |
| Lisa T. Omoto<br>Faruqi & Faruqi, LLP<br>1901 Ave. of the Stars, Suite 10600<br>Los Angeles, CA 90067<br>Email: lomoto@faruqilaw.com | ☐ Messenger<br>☒  U.S. Mail, postage prepaid<br>☐ Federal Express<br>☐ Facsimile<br>☒ Email<br>☐ ECF |

Declared under penalty of perjury under the laws of the state of Washington dated at Seattle, Washington, this 13th day of March, 2026.

*s/Lesley Smith*
Lesley Smith

70

TRADER JOE'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE
Case No. 3:24-cv-06834-JD

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Jacob M. Harper (SBN 259463)
Heather F. Canner (SBN 292837)
Joseph Elie-Meyers (SBN 325183)
**DAVIS WRIGHT TREMAINE LLP**
350 S. Grand Avenue, 27th Floor
Los Angeles, California 90071
Tel.:    (213) 633-6800
Email:    jacobharper@dwt.com
            heathercanner@dwt.com
            josepheliemeyers@dwt.com

Caleah N. Whitten (*pro hac vice pending*)
**DAVIS WRIGHT TREMAINE LLP**
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Tel.:    (206) 622-3150
Email:    caleahwhitten@dwt.com

Attorneys for Defendant
TRADER JOE'S COMPANY

## IN THE UNITED STATES DISTRICT COURT

## THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAIR AWAD and KEVIN SMITH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRADER JOE'S COMPANY,<br><br>Defendant. | Case No. 3:24-cv-06834-JD<br><br>**DEFENDANT TRADER JOE'S COMPANY'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**<br><br>Assigned to the Honorable James Donato<br><br>Action Filed:  Sept. 27, 2024 |

PROPOUNDING PARTY:    Plaintiffs Clair Awad and Kevin Smith

RESPONDING PARTY:    Defendant Trader Joe's Company

SET NUMBER:            One (1)

1

TRADER JOE'S RESPONSES AND OBJECTIONS
TO INTERROGATORIES, SET ONE
Case No. 3:24-cv-06834-JD

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Defendant Trader Joe's Company ("Trader Joe's") responds to Plaintiff Clair Awad and Kevin Smith's ("Plaintiffs") First Set of Interrogatories (the "Interrogatories") as follows:

**PRELIMINARY STATEMENT**

These responses are based upon Trader Joe's initial investigation to date. Trader Joe's has not yet completed its investigation into the facts relating to this action and its analysis of such facts, both of which are continuing. As Trader Joe's investigation and analysis progress, additional witnesses, facts, and evidence may be discovered and legal contentions developed which are not set forth in these responses and which may have been responsive to one or more Interrogatories.

In addition, the relevance, connection, or consequences of facts and evidence which are presently known may not be fully understood or appreciated until discovery is completed. Accordingly, such facts and evidence may, in good faith, not be included in these responses. Trader Joe's reserves the right to use at trial and in any other proceedings in this action any such additional witnesses, facts, and evidence that may have been omitted from these responses for one of the foregoing reasons or otherwise and, without obligating itself to do so, to supplement these responses in the future as may be appropriate.

The response to any particular Interrogatory is not an admission or acknowledgment by Trader Joe's that such response is relevant to any claim or defense in this action; is without prejudice to the right of Trader Joe's to contend at trial or in any other or subsequent proceeding in this action or otherwise that such response is inadmissible, irrelevant, or immaterial; and is without prejudice to or waiver of any objection to any future use of such response which Trader Joe's may be advised to make.

**GENERAL OBJECTIONS**

1. Trader Joe's objects to the Instructions, Definitions, and Interrogatories to the extent they seek to impose obligations that are different from those imposed by the Federal Rules of Civil Procedure ("Rules"). In responding to the Interrogatories, Trader Joe's undertakes only to comply with such Rules.

2. Trader Joe's generally objects to the Interrogatories to the extent they purport to

2

TRADER JOE'S RESPONSES AND OBJECTIONS
TO INTERROGATORIES, SET ONE
Case No. 3:24-cv-06834-JD

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

require a statement of literally "all documents," "all facts," and/or any other exhausting listing in connection with certain subject matters, rather than the principal facts or persons or general factual contentions, on the grounds that they are not proportional to the needs of the case, unduly burdensome and oppressive, of little or no benefit to Plaintiffs, premature, and propounded for purposes of harassment.  Trader Joe's further specifically reserves the right to use and to rely upon facts contained in documents that have been or will be produced in this case, and the testimony of witnesses in this case, without being limited by its responses to these Interrogatories.

3.      Trader Joe's objects to the Interrogatories, and to each and every item contained therein, to the extent that they attempt or purport to require disclosure of privileged or confidential communications between attorney and client, disclosure of documents or information protected by the attorney work product doctrine, or disclosure of documents involved in any other applicable privilege or immunity.

4.      Trader Joe's objects to the Interrogatories, and to each and every item contained therein, to the extent they seek confidential or proprietary trade secret and/or competitively sensitive information or information that may be protected by the right to privacy.  Trader Joe's expressly reserves the right to produce non-privileged responsive information only pursuant to a protective order appropriately limiting the control, use, and disposition of this information.

5.      Trader Joe's objects to the Interrogatories to the extent they seek the production of information subject to confidentiality agreements between Trader Joe's and any entity or person.

6.      Trader Joe's objects to the Interrogatories to the extent they seek information that is readily available to Plaintiffs in the public domain; already in Plaintiffs' possession, custody, or control; only within the possession, custody, or control of a third party; and/or are not within Trader Joe's possession, custody, or control.

7.      Trader Joe's objects to the Interrogatories to the extent they seek the production of information that is not reasonably accessible as defined by Federal Rule of Civil Procedure 26(b)(2)(B).

3

TRADER JOE'S RESPONSES AND OBJECTIONS
TO INTERROGATORIES, SET ONE
Case No. 3:24-cv-06834-JD

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

8.    Trader Joe's further objects that the Interrogatories are so broad as to require inquiry into more than one individual, and the current timing of the response deadline does not allow for verification without substantial undue burden.  Trader Joe's will accordingly supplement with an appropriate verification(s) once the scope of the request has been finalized and a mutually-agreeable protective order has been entered.

9.    Trader Joe's objects to the Interrogatories to the extent they purport to require the immediate disclosure of all responsive information concurrent with this Response.  Trader Joe's is willing to meet and confer with Plaintiffs about the timing of responding to the Interrogatories.

10.    Trader Joe's objects to the Interrogatories to the extent they purport to require the production of any documents concurrent with this Response.  Trader Joe's will produce documents only as provided in its responses to requests for production, pursuant to a protective order appropriately limiting the control, use and disposition of the documents, and on a rolling basis.

11.    Trader Joe's objects to the Interrogatories as unduly burdensome and harassing to the extent they require responses on a unilaterally imposed schedule by Plaintiffs that fails to account for Trader Joe's unavailability, especially because the Court has yet to enter a scheduling order or protective order.  Trader Joe's will respond to these Interrogatories as reasonably practicable.

12.    Trader Joe's objects to the Interrogatories to the extent they seek information that is irrelevant to the claims or defenses in this action, beyond the scope of permissible discovery, or not reasonably calculated to lead to the discovery of admissible evidence.  *See* Fed. R. Civ. P. 26(b)(1).

13.    Trader Joe's objects to the Interrogatories to the extent  they assume the admissibility, authenticity, truth, accuracy, or relevance of any fact or document, or seeks an admission from Trader Joe's concerning such matters.  Trader Joe's makes no such admissions and does not intend to waive, and on the contrary intends to preserve in all matters, all rights and objections arising from these responses and objections and the provision of responsive information.

4

TRADER JOE'S RESPONSES AND OBJECTIONS
TO INTERROGATORIES, SET ONE
Case No. 3:24-cv-06834-JD

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

14.    Trader Joe's objects to the Interrogatories to the extent that they subject Trader Joe's to undue burden or expense, and to the extent that they are, in whole, or in part, vague, ambiguous, overbroad, oppressive, harassing, and subject Trader Joe's to unwarranted annoyance, embarrassment, oppression, or burden and expense incommensurate with Plaintiffs' legitimate discovery needs. *See* Fed. R. Civ. P. 26(c)(1).

15.    Trader Joe's objects to the Interrogatories to the extent that they purport to impose burdens and/or obligations on Trader Joe's that are inconsistent with, or not otherwise authorized by the Federal Rule of Civil Procedure 33, or any other applicable rule or case law.

16.    Trader Joe's objects to the Interrogatories to the extent that they seek unreasonably cumulative or duplicative information or documents, for which the burden, expense, and intrusiveness of the production outweigh the likelihood of further discovery of admissible evidence.

Specific objections to each Interrogatory are made on an individual basis in the responses below.  These General Objections are incorporated by reference into each of the responses set forth below.  The failure to mention one of the foregoing objections or qualifications in any of the responses set forth below shall not be deemed waiver of such objection or qualification.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.    "PRODUCT" or "PRODUCTS."  Trader Joe's objects to this definition as vague and ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case and irrelevant to the extent it seeks to capture any products other than Trader Joe's Avocado Oil— All-Purpose High Heat Cooking Oil (the "Avocado Oil").  Trader Joe's will construe these terms to refer only to the Avocado Oil.  Trader Joe's may also refer to this product as the "AVOCADO OIL" for clarity.

2.    "AVOCADO OIL REPRESENTATION."  Trader Joe's objects to this definition as vague and ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case and irrelevant to the extent that it seeks to capture "any substantially similar terms used on the LABELS and/or packaging of the PRODUCTS" without identifying any such "terms," and because it lacks sufficient limitation as to the subject matter of this action.  Trader Joe's will

TRADER JOE'S RESPONSES AND OBJECTIONS
TO INTERROGATORIES, SET ONE
Case No. 3:24-cv-06834-JD

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

construe the term "AVOCADO OIL REPRESENTATION" as referring to the only statement actually identified in the definition, and the statement that forms the basis of Plaintiffs' claims as alleged in the SAC: "Avocado Oil" on the front label. Trader Joe's may also refer to this term as the "AVOCADO OIL STATEMENT" for clarity.

3. "LABEL," "LABELS," or "LABELING." Trader Joe's objects to this definition as overbroad, unduly burdensome, not proportional to the needs of the case and irrelevant to the extent that it seeks to capture any sort of packaging or labeling beyond the consumer-facing label challenged in this lawsuit. Further, this definition incorporates the defined term "PRODUCT," which is objectionable for the reasons Trader Joe's stated above; Trader Joe's incorporates its objections to the term "PRODUCT" as well. Trader Joe's will construe these terms as referring to the final customer-facing label on individual bottles of Trader Joe's Avocado Oil—All-Purpose High Heat Cooking Oil sold by Trader Joe's in Trader Joe's stores directly to customers.

4. "DEFENDANT," "TRADER JOE'S," "YOU," "YOUR." Trader Joe's objects to this definition as unduly burdensome because it captures unidentified others "acting on behalf of [Trader Joe's]," and including those that Trader Joe's does not control. Trader Joe's further objects to this definition as overbroad, unduly burdensome, not proportional to the needs of the case and irrelevant to the extent it seeks to capture persons and entities that are not related to the issues and which are not named parties in this action. Trader Joe's further objects to this definition as vague and ambiguous because it uses the undefined terms "acting on behalf of [Trader Joe's]." Trader Joe's will respond on behalf of Trader Joe's Company alone and no other person or entity.

5. "CLASS PERIOD." Trader Joe's objects to this definition as overbroad, unduly burdensome, not proportional to the needs of the case and irrelevant to the extent it seeks to extend the "CLASS PERIOD" to present. Trader Joe's will construe "CLASS PERIOD" to cover the period from September 27, 2020 to September 27, 2024, and may refer to this period as the "RELEVANT PERIOD."

6. Trader Joe's objects to Plaintiffs' instructions to the extent that they impose obligations on Trader Joe's that go beyond the requirements of the Federal and Local Rules, or

6

TRADER JOE'S RESPONSES AND OBJECTIONS
TO INTERROGATORIES, SET ONE
Case No. 3:24-cv-06834-JD

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

any stipulated order or ESI protocol that has been or will be entered in this action.  To the extent Trader Joe's produces any documents in response to the Interrogatories, Trader Joe's will do so in accordance with and only after a protective order is entered in this action.

7.    Trader Joe's also objects that many Interrogatories are overbroad, unduly burdensome, lacking reasonable particularity, not proportional to the needs of the case and irrelevant as they impose no time limitation.  To the extent Trader Joe's agrees to answer any Interrogatory, it does so only for the RELEVANT PERIOD, as defined above.

**RESPONSES AND OBJECTIONS TO INTERROGATORIES, SET ONE**

**INTERROGATORY NO. 1:**

Identify each PRODUCT manufactured, marketed, and/or sold by YOU in the U.S., California, and New York during the CLASS PERIOD that included the AVOCADO OIL REPRESENTATION on the oils' front-facing LABEL and/or packaging, by identifying: (1) the oil (with sufficient information to reliably identify it, including its name, size, the content amount of any oil present, and form (such as spray, oil)); (2) all corresponding unique product identifiers for said oil (such as an internal control number, Universal Product Code, or Stock Keeping Unit); and (3) the dates said oil was so sold.

**RESPONSE TO INTERROGATORY NO. 1:**

Trader Joe's incorporates herein by reference the Preliminary Statement, General Objections, and Objections to Definitions.

Trader Joe's further objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.  Trader Joe's further objects to this Interrogatory on the basis that is oppressive and harassing to the extent it seeks highly sensitive information and other confidential information.  Trader Joe's further objects to this Interrogatory because it seeks trade secrets, confidential business information, or proprietary information.  Trader Joe's further objects to this Interrogatory to the extent it seeks information outside of Trader Joe's possession, custody, or control, not reasonably accessible to Trader Joe's, or within the possession, custody, or control of third parties.  Trader

7

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Joe's further objects to this Interrogatory to the extent that it is duplicative of Plaintiffs' requests for documents on the same issue.

Trader Joe's further objects to this Interrogatory as overbroad, unduly burdensome, not proportional to the needs of the case, irrelevant, and vague and ambiguous to the extent (1) "PRODUCT" includes products other than the Trader Joe's Avocado Oil—All-Purpose High Heat Cooking Oil (the "Avocado Oil"); (2) "LABEL" includes labels other than the individual bottle label of the Avocado Oil; (3) "CLASS PERIOD" includes any time period other than September 27, 2020 to September 27, 2024; and (4) "AVOCADO OIL REPRESENTATION" includes any statement other than the "Avocado Oil" statement on the front-label of the Avocado Oil that forms the basis of Plaintiffs' claims.  Trader Joe's further objects to this Interrogatory as compound, as it contains at least three discrete subparts within a single interrogatory and for an unspecified number of products, which can each be answered without addressing the other subparts.  For example, it asks Trader Joe's to identify "the oil" by name, size, and form, as well as the "content amount of any oil present," and "the dates said oil was so sold," which are distinct questions.  Trader Joe's further objects to this Interrogatory as vague and ambiguous as to the terms "oil(s)," "content amount" "reliably identify it," and "internal control number," which are undefined and vague in the context of this Interrogatory.

**INTERROGATORY NO. 2:**

For each product identified in response to Interrogatory No. 1, identify each LABELING and packaging iteration and the time period it was in use by identifying: (1) the PRODUCT (by sufficient information to reliably identify it, including its name, size, the content amount of any oil present, and form (such as spray, oil)); (2) all corresponding unique product identifiers (such as an internal control number, Universal Product Code, or Stock Keeping Unit); (3) the dates said iteration was in use; and (4) the bates number of each corresponding LABEL or packaging exemplar for said PRODUCT.

**RESPONSE TO INTERROGATORY NO. 2:**

Trader Joe's incorporates herein by reference the Preliminary Statement, General Objections, and Objections to Definitions.

8

TRADER JOE'S RESPONSES AND OBJECTIONS
TO INTERROGATORIES, SET ONE
Case No. 3:24-cv-06834-JD

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

including because it seeks detailed descriptions of Trader Joe's systems for generating, organizing, maintaining, and storing records across numerous business functions, which has no bearing on the claims or defenses here and which Plaintiffs have no right to obtain, nor does Trader Joe's have any obligation to produce.  Trader Joe's further objects to this Interrogatory as overbroad, unduly burdensome, not proportional to the needs of the case, irrelevant, and vague and ambiguous to the extent (1) "PRODUCTS" includes products other than the Avocado Oil; (2) "CLASS PERIOD" includes any time period other than September 27, 2020 to September 27, 2024; and (3) "LABELS" includes any label other than the individual bottle label of the Avocado Oil.  Trader Joe's objects to this Interrogatory as vague and ambiguous because it uses the undefined terms "system(s)," "maintaining records," "generating," "organizing," "storing," "applicable to," "business operations," "substantiation," "targeted consumer demographics," "digital analytics," and "buyer identification," which are vague and expansive in the context of this Interrogatory. Fed. R. Civ. P. 34(b)(1)(A).  Trader Joe's further objects to this Interrogatory as compound, as it contains at least fourteen discrete subparts covering distinct business operations and categories of records, each of which could be answered independently without addressing the others. Plaintiffs have exceeded the 25 interrogatories allotted under Federal Rule of Civil Procedure 33, and Trader Joe's has no obligation to respond. Fed. R. Civ. P. 33(a)(1).

DATED: March 13, 2026                          DAVIS WRIGHT TREMAINE LLP


By: /s/ Jacob M. Harper
     Jacob M. Harper

     Attorneys for Defendant
     TRADER JOE'S COMPANY

29

TRADER JOE'S RESPONSES AND OBJECTIONS
TO INTERROGATORIES, SET ONE
Case No. 3:24-cv-06834-JD

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury under the laws of the state of Washington that I caused the document to which this certificate is attached to be delivered via email per counsels' written consent, and via U.S. mail as indicated as follows:

| Brittany S. Scott<br>Yeremey O. Krivoshey<br>Smith Krivoshey, P.C.<br>28 Geary St, Ste. 650, #1507<br>San Francisco, CA 94108<br>Email: brittany@skclassactions.com<br>    yeremey@skclassactions.com | ☐ Messenger<br>☒ U.S. Mail, postage prepaid<br>☐ Federal Express<br>☐ Facsimile<br>☒ Email<br>☐ ECF |
| --- | --- |
| Joel D. Smith<br>Smith Krivoshey, P.C.<br>8667 Boylston St, 5th Floor, Ste, 1520<br>Boston, MA 02116<br>Email: joel@skclassactions.com | ☐ Messenger<br>☒ U.S. Mail, postage prepaid<br>☐ Federal Express<br>☐ Facsimile<br>☒ Email<br>☐ ECF |
| Neal J. Deckant<br>Bursor & Fisher, PA<br>1990 North California Blvd., 9th Floor<br>Walnut Creek, CA 94596<br>Email: ndeckant@bursor.com | ☐ Messenger<br>☒ U.S. Mail, postage prepaid<br>☐ Federal Express<br>☐ Facsimile<br>☒ Email<br>☐ ECF |
| Lisa T. Omoto<br>Faruqi & Faruqi, LLP<br>1901 Ave. of the Stars, Suite 10600<br>Los Angeles, CA 90067<br>Email: lomoto@faruqilaw.com | ☐ Messenger<br>☒ U.S. Mail, postage prepaid<br>☐ Federal Express<br>☐ Facsimile<br>☒ Email<br>☐ ECF |

Declared under penalty of perjury under the laws of the state of Washington dated at Seattle, Washington, this 13th day of March, 2026.

_s/Lesley Smith_____
Lesley Smith

30

TRADER JOE'S RESPONSES AND OBJECTIONS
TO INTERROGATORIES, SET ONE
Case No. 3:24-cv-06834-JD

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899